UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GRACE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | Case No. 15-2234 (RJL)<br><br>JURY TRIAL DEMANDED |

## ANSWER

Defendants the District of Columbia and Cathy Lanier (collectively, the District) answer the Complaint. The District asserts that anything not specifically admitted is denied, and answers the Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

In response to the enumerated paragraphs in the Complaint, the District responds as follows:

1. The District admits that the quoted language in the first sentence constitutes a portion of a statement made by MPD Chief Lanier during an interview broadcast on 60 Minutes on or about November 22, 2015. With respect to the allegations in the second, third and fourth sentences, the District refers the Court to D.C. Code §§ 7-2509.11, 22-4506 and 24 DCMR § 2333 for the true and correct contents of those

statutory and regulatory provisions. The District otherwise denies the allegations in this paragraph.

## PARTIES

2. The District lacks sufficient information to admit or deny the allegations in this paragraph.

3. The District lacks sufficient information to admit or deny the allegations in this paragraph.

4. The District admits the factual allegations in this paragraph.

5. The allegations in the first sentence are Plaintiffs' characterizations of their claims to which no response is required. The District admits the allegations in the second sentence that Cathy Lanier is the Chief of the Metropolitan Police Department and refers the Court to the cited statutory provisions for their true and correct contents. The District denies the remaining allegations in this paragraph.

## JURISDICTION

6. The District acknowledges the statutes cited by Plaintiff but denies that there is subject matter jurisdiction. To the extent that this paragraph contains factual allegations, they are denied.

7. The District acknowledges the statutes cited by Plaintiff but denies that there is subject matter jurisdiction. To the extent that this paragraph contains factual allegations, they are denied.

8. The District acknowledges the statutes cited by Plaintiff but the District does not admit that venue is appropriate. To the extent that this paragraph contains factual allegations, they are denied.

## BACKGROUND

9. The District denies the factual allegations in this paragraph, except to admit only that, following this Court's decision in *Palmer v. District of Columbia*, 59 F. Supp. 3d 173 (D.D.C. 2014), the D.C. Council enacted comprehensive legislation to permit the issuance of concealed-carry licenses to individuals meeting certain qualifications.

10. The District refers the Court to the cited statutory provisions for their true and correct contents, and denies the remaining allegations in this paragraph.

11. The District refers the Court to the cited statutory provisions for their true and correct contents, and denies the remaining allegations in this paragraph.

12. The District refers the Court to the cited statutory provisions for their true and correct contents, and denies the remaining allegations in this paragraph.

13. The District refers the Court to the cited regulatory provisions for their true and correct contents, and denies the remaining allegations in this paragraph.

14. The District refers the Court to the referenced application form and attachments for their true and correct contents, and denies the remaining allegations in this paragraph.

15. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations in this paragraph.

## STATEMENT OF FACTS

16. The District lacks sufficient information to admit or deny the allegations in this paragraph.

17. The District admits the allegations in the first sentence, but otherwise lacks sufficient information to admit or deny the allegations in this paragraph.

18. The District lacks sufficient information to admit or deny the allegations in this paragraph.

19. The District denies that its firearms laws and regulations are "unconstitutional," and otherwise lacks sufficient information to admit or deny the allegations in this paragraph.

20. The District admits the factual allegations in this paragraph.

21. The District admits the factual allegations in this paragraph.

22. The District refers the Court to the denial letter provided to Plaintiff Grace for its true and correct contents, and denies the remaining allegations in the first sentence of this paragraph. The District admits the factual allegations in the second sentence of this paragraph.

23. The District lacks sufficient information to admit or deny the allegations in this paragraph.

## COUNT ONE

## (U.S. Const. amend. II, 42 U.S.C. § 1983)

24. To the extent Plaintiff incorporates the allegations set forth in the preceding paragraphs, the District repeats its responses to each paragraph.

25. The District lacks sufficient information to admit or deny the allegations in this paragraph.

26. The District admits the factual allegations in this paragraph.

27. The District lacks sufficient information to admit or deny the allegations in this paragraph.

28. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations in this paragraph.

29. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The allegations in the one unnumbered and seven (7) numbered paragraphs which appear directly following the heading "PRAYER FOR RELIEF" are Plaintiffs' prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with prejudice with Plaintiffs taking nothing by way of damages, fees, or costs against the District.

### Third Defense

The District acted at all times in conformity with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### Fourth Defense

At all times relevant to the Complaint, the District, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### Fifth Defense

Neither attorney's fees nor costs are recoverable against the District.

### Sixth Defense

Plaintiffs may not have standing to proceed on all of their claims.

### Seventh Defense

The District, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward Plaintiffs in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Eighth Defense

Plaintiffs may have failed to exhaust their administrative remedies and failed to comply with other mandatory filing requirements.

### Ninth Defense

Plaintiffs' claim may be barred by the applicable statute of limitations.

### Tenth Defense

Plaintiffs are not entitled to any equitable relief because of their own actions or inactions.

### Eleventh Defense

The District reserves the right to amend this Answer and to raise any additional defenses that the evidence in discovery may reveal.

### Set Off

The District is entitled to a set off for any funds paid to Plaintiffs from public sources.

### Jury Demand

The District of Columbia demands a trial by jury.

Dated: January 12, 2015.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Acting Deputy Attorney General
Public Interest Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, Equity Section

*/s/ Andrew J. Saindon*
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
andy.saindon@dc.gov

/s/ *Chad A. Naso*
CHAD A. NASO [1001694]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-7854
Facsimile: (202) 741-8951
chad.naso@dc.gov

Counsel for the District of Columbia