94                              LAWS OF NEW MEXICO.

Challenges.        SEC. 9.  That in the trial of all causes under the provisions
                of this act, each party shall have the right to challenge per-
                emptorily three jurors and no more.

Panel how          SEC. 10.  When, from any cause whatever, the panel shall
completed.       not be completed, or the jurors are not present, it shall be the
                duty of the sheriff, by order of the court, to complete said
                panel by summoning such members.

                   SEC. 11.  That all laws or parts of laws in conflict herewith
                are hereby repealed, and this act shall be in force from and
                after its passage.

                   [Translation.]

                        ─────

           *An Act prohibiting the carrying of Weapons, concealed or other-*
                              *wise.*

                   Be it enacted by the Legislative Assembly of the Territory
                of New Mexico:

Carrying wea-      SECTION 1.  That, from and after the passage of this act, it shall
pons prohibit-   be unlawful for any person to carry concealed weapons on their
ed.
                persons, of any class of pistols whatever, bowie knife (cuchillo
                de cinto), Arkansas toothpick, Spanish dagger, slung-shot, or
                any other deadly weapon, of whatever class or description they
                may be, no matter by what name they may be known or called,
                under the penalties and punishment which shall hereinafter be
                described.

First conviction    SEC. 2.  Be it further enacted: That if any person shall car-
fine.            ry about his person, either concealed or otherwise, any deadly
                weapon of the class and description mentioned in the preceding
                section, the person or persons who shall so offend, on conviction,
                which shall be by indictment in the district court, shall be
                fined in any sum not less than fifty dollars, nor more than one
                hundred dollars, at the discretion of the court trying the cause,
                on the first conviction under this act; and for the second con-
Second convic-   viction, the party convicted shall be imprisoned in the county
tion. imprison-  jail for a term of not less than three months, nor for more
ment.            than one year, also at the discretion of the court trying the
                cause.

son dispuestos ántes. En los condados de San Miguel, Rio Arriba, y Bernalillo, el primer lúnes de Marzo y Setiembre, y continuará una semana si los negocios no están dispuestos ántes. En los condados de Santa Ana, Socorro, y Doña Ana, el primer lúnes de Mayo, Setiembre y Noviembre, y continuará una semana si los negocios no están dispuestos ántes.

SEC. 9. Que en el juicio de todas las causas bajo las provisiones de este acto, cada una de las pártes tendrán derecho de desechar perentoriamente tres jurados y no mas.  *Recusas.*

SEC. 10. Cuando, por cualquiera causa que sea, un jurado no está completo, ó no están presentes, será el deber del alguacil mayor, por órden de la corte, de llenar dicho jurado citando tales miembros.  *Lista, como se completa.*

SEC. 11. Que todas las leyes, ó partes de leyes, en conflicto [con esto,] son por este abrogadas, y este acto tendrá efecto desde y despues de su pasaje.

Aprobado Febrero 2 de 1860.

———

### Un Acto prohibiendo el porte de Armas ocultas ó de otra manera.

Decrétese por la Asamblea Legislativa del Territorio de Nuevo Méjico:

SECCION 1ª. Que desde y despues del pasaje de este acto no será legal para que ninguna persona porte armas sobre sus personas, ninguna pistola de cualesquiera clase que sea, ni bowie knife (cuchillo de cinto) Arkansas toothpick, daga española, huracana, ó cualesquiera otra arma mortífera de cualesquiera clase ó descripcion que sea, no importa el nombre que tuviere con que fuere conocida ó llamada, bajo las penas y castigos que sean en este acto despues descritas.  *Porte de armas prohibido.*

SEC. 2. Decrétese ademas: Que si cualesquiera persona portare sobre su persona, ya sea oculta ó de otra manera, cualesquiera arma mortífera de la clase y descripcion mencionada en la seccion anterior, la persona ó personas que así ofendan, sobre conviccion, la cual será por querella legal en la corte de distrito, será multada en cualesquiera suma que no baje de cincuenta pesos, ni pase de cien pesos, á la discrecion de la corte  *Primera conviccion, multa.*

**Penalty for discharging or drawing weapons.**

SEC. 3. Be it further enacted: That if any person shall discharge or draw any deadly weapon, of the class or description set forth in the first section of this act, in any baile or fandango, or in any other public assembly whatever, the person who shall so offend, on conviction thereof, which shall be by indictment in the district court, shall be fined in any sum not less than one hundred dollars, nor more than three hundred, at the discretion of the court trying the cause, or imprisoned in the county jail for a term not less than three months nor more than one year.

**Penalty for cutting or wounding in assemblies.**

**In case of death, to be deemed murder**

SEC. 4. Be it further enacted: That if any person in any baile or fandango, or in any public assembly of whatever class or description it may be, shall fire off or discharge any firearm of the class mentioned in the first section of this act, or shall cut or wound any person with any description of deadly weapon mentioned in the first section of this act, in any baile or fandango, or in any other public assembly, and any death shall result from said cut or wound so given, the person who shall so wound or cut, on conviction, shall be considered guilty of murder in the first degree, and shall suffer the penalty of death in the said first degree.

**Duty of sheriffs and constables to arrest.**

**Sheriffs and constables to take oath.**

SEC. 5. Be it further enacted: That it shall be the duty of the sheriffs, their deputies, or constables, to arrest and take all persons who shall be found with deadly weapons of the class and description mentioned in the first section of this act, and present them to some justice of the peace, or other authority, to be examined; and it shall also be the duty of the judges of the district courts to cause, at the first term to be held in each county, the sheriffs and their deputies to take an oath that they will truly and faithfully comply with the provisions of this act, and that they will arrest at all times every person who shall violate any of the provisions of this act.

**Officers excused.**

**Travellers excused.**

SEC. 6. Be it further enacted: That none of the provisions of this act shall be applied to the sheriffs, their deputies, or constables, in the execution of any process of the courts, or to conductors of the mail, or to persons when actually on trips from one town to another in this Territory; *provided*, that nothing in this act shall be so construed as to permit the conductors of mails, or travellers, to carry any deadly weapons, as mentioned

que conozca la causa en la primera conviccion bajo esta ley ; y por la segunda conviccion, la parte convicta será encarcelada en la cárcel del condado por un término que no baje de tres meses ni pase de un año, tambien á la discrecion de la corte que conozca en la causa.

*Segunda conviccion, encarcelamiento.*

Sec. 3. Decrétese ademas : Que si cualesquiera persona disparare ó sacare cualquier arma mortífera, de la clase ó descripcion citada en la primera seccion de este acto, en cualesquiera baile ó fandango, ó en cualesquiera otra reunion pública, de la clase que sea, la persona que así ofenda, sobre conviccion de lo mismo, la causa será por querella legal en la corte de distrito, será multada en una suma que no baje de cien pesos, ni pase de trescientos, á la discrecion de la corte que conozca en la causa, ó será encarcelada en la cárcel del condado por un término que no baje de tres meses, ni pase de un año.

*Disparando armas, pena de.*

Sec. 4. Decrétese ademas : Que si cualesquiera persona en algun baile ó fandango, ó en otra concurrencia pública de la clase y descripcion que sea, disparare ó descargare alguna arma de fuego de la clase mencionada en la seccion primera de este acto, ó que cortare ó hiriere á alguna persona con cualesquiera descripcion de armas mortíferas mencionadas en la primera seccion de este acto, en algun baile ó fandango, ú otra concurrencia pública, y resultare alguna muerte de la tal herida ó cortada así dada, la persona que así hiriere ó cortare, sobre conviccion, será considerada culpada de muerte en el primer grado, y sufrirá la pena de muerte en dicho primer grado.

*Hiriendo en reuniones públicas, pena de.*

*Muerte en primer grado.*

Sec. 5. Decrétese ademas : Que será el deber de los alguaciles mayores, sus diputados, ó condestables, de arrestar y tomar toda persona que sea hallada con armas mortíferas, de la clase y descripcion mencionadas en la primera seccion de este acto, y presentar lasá algun juez de paz, ú otra autoridad, para su examinacion ; y tambien será el deber de los jueces de distrito de causar, en la primera corte que sea tenida en cada condado, que los alguaciles mayores y sus diputados presten juramento que ellos bien y fielmente cumplirán con las provisiones de este acto, y arrestarán en todo tiempo á todas las personas que violaren cualesquiera de las provisiones de este acto.

*Deberes de los alguaciles, y ofensores de dar fianzas.*

Sec. 6. Decrétese ademas : Que ninguno de los provisos de este acto serán aplicables al alguacil mayor, sus diputados, ó

*Viajeros, &a., esceptuados.*

7

in the first section of this act, on their persons, after they shall have arrived at the town or settlement.

**Judges to give this act in charge.**

SEC. 7. Be it further enacted: That it shall be the duty of the several judges of the district court to give this act specially in their charges to the grand juries at each term of the court; and further, it shall be the duty of the grand juries, at each term of the court, to make a special report whether there has been any violation of the provisions of this act in their counties since the last term of the court.

**Repealing clause.**

SEC. 8. That all laws or parts of laws in conflict with this act are hereby repealed, and this act shall be in force and take effect from and after its passage.

**To be published.**

SEC. 9. That the Secretary of the Territory of New Mexico be required to have this law published in the Santa Fé Gazette, as soon as possible, for six successive weeks, for the information of the people.

[Translation.]

----

### An Act regulating Mercantile Copartnerships.

Be it enacted by the Legislative Assembly of the Territory of New Mexico:

**Who may enter into.**

SECTION 1. That any two or more persons in this Territory may, and when they shall think proper, bind themselves mutually, for a certain time and under certain conditions, to do and follow at the same time various negotiations on their own common account and risk, or at that of each one of the partners respectively, as well in the losses as in the profits that may arise from said copartnership.

**Good faith to be observed.**

SEC. 2. The copartners or associates shall act in good faith, placing punctually in the concern the capital or services as stipulated, under the penalty of indemnifying the others for the damages which may arise.

**Articles what to contain and before whom made.**

SEC. 3. The contract of copartnership should be made before any court of record, or the clerk thereof, of the several counties by means of an indenture, authorized by any court of record or the clerk thereof, which shall contain the chris-

ny persons as they shall think fit, not exceeding seven, to make orders from time to time, such as may be suitable and beneficial for every town, village, hamlet, or neighbourhood, for preventing all harms by swine, in town, meadows, pastures and gardens, in any respect, and to impose penalties according to their best discretions.

### Chap. VIII.

# An Act appointing some new Commissioners of the Highways.

WHEREAS there was an act made in the year 1682, for the county of Monmouth, to enable Col. Lewis Morris, John Bound, and Joseph Parker, to lay out highways, passages, ferry's, and making bridges and such like; there being three of those persons disenabled for the true performance of the said services, *be it therefore enacted* by the Governor, Council and Deputies now met and assembled, and by the authority of the same, that John Frogmerton, John Slocame, and Nicholas Brown, in the stead and room of Col. Lewis Morris, John Bound, and Joseph Parker, be made capable and hereby invested with the same power to all intents and purposes in the said premises, as the aforesaid Col. Lewis Morris, John Bound, and Joseph Parker, were by the said acts.

### Chap. IX.

# An Act against wearing Swords, &c.

WHEREAS there hath been great complaint by the inhabitants of this Province, that several persons wearing swords, daggers, pistols, dirks, stilladoes, skeines, or any other unusual or unlawful weapons, by reason of which several persons in this Province, receive great abuses, and put in great fear and quarrels, and challenges made, to the great abuse of the inhabitants of this Province. *Be it therefore enacted* by the Governor, and Council, and Deputies now met in General Assembly, and by authority of the same, that no person or persons within this Province, presume to send any challenge in writing, by word of mouth,

19

or message, to any person to fight, upon pain of being imprisoned during the space of six months, without bail or mainprize, and forfeit ten pounds: and whosoever shall except of such challenge, and not discover the same to the Governor, or some publick officer of the peace, shall forfeit the sum of ten pounds: the one moiety of the said forfeiture to be paid unto the Treasurer for the time being, for the public use of the Province, and the other moiety to such person or persons as shall discover the same, and make proof thereof in any court of record within this Province, to be recovered by the usual action of debt, in any of the said courts. *And be it further enacted* by the authority aforesaid, that no person or persons after publication hereof, shall presume privately to wear any pocket pistol, skeines, stilladers, daggers or dirks, or other unusual or unlawful weapons within this Province, upon penalty for the first offence five pounds, and to be committed by any justice of the peace, his warrant before whom proof thereof shall be made, who is hereby authorized to enquire of and proceed in the same, and keep in custody till he hath paid the said five pounds, one half to the public treasury for the use of this Province, and the other half to the informer: And if such person shall again offend against this law, he shall be in like manner committed upon proof thereof before any justice of the peace to the common gaol, there to remain till the next sessions, and upon conviction thereof by verdict of twelve men, shall receive judgment to be in prison six month, and pay ten pounds for the use aforesaid. *And be it further enacted* by the authority aforesaid, that no planter shall ride or go armed with sword, pistol, or dagger, upon the penalty of five pounds, to be levied as aforesaid, excepting all officers, civil and military, and soldiers while in actual service, as also all strangers, travelling upon their lawful occasions thro' this Province, behaving themselves peaceably.

or when the amount or value thereof does not exceed twenty dollars, the same may be prosecuted for by complaint before a police court or a justice of the peace, who shall have jurisdiction thereof, concurrently with the court of common pleas and the municipal court.

*Benefit of clergy and petit treason abolished.*
*1784, 56 & 69.*

Sect. 15.   The plea of benefit of clergy, and the distinction between murder and petit treason, are abolished, and the last named offence shall be prosecuted and punished as murder.

---

# TITLE II.

## Of proceedings in criminal cases.

Chapter 134.   Of proceedings to prevent the commission of crimes.
Chapter 135.   Of the arrest and examination of offenders, commitment for trial, and taking bail.
Chapter 136.   Of indictments and proceedings before trial.
Chapter 137.   Of trials in criminal cases.
Chapter 138.   Of appeals, new trials, and exceptions, in criminal cases.
Chapter 139.   Of judgments in criminal cases, and the execution thereof.
Chapter 140.   Of coroners inquests.
Chapter 141.   Of the taxation, allowance and payment of costs in criminal prosecutions.
Chapter 142.   General provisions concerning proceedings in criminal cases.

---

## CHAPTER 134.

### OF PROCEEDINGS TO PREVENT THE COMMISSION OF CRIMES.

Section

1. Officers, authorized to keep the peace.
2. Complaint, how made.
3. Arrest.
4. Trial—Recognizance to keep the peace.
5. Party, when to be discharged.
6. Refusing to recognize, to be committed.
7. Complainant, when to pay costs.
8. Payment of costs in other cases.
9. Appeal allowed.
10. On appeal, witnesses to recognize.
11. Proceedings upon an appeal.
12. Recognizance, when to remain in force.

Section

13. Persons committed for not recognizing, how discharged.
14. Recognizances to be transmitted to the court.
15.      "      when to be required, on view of the court or magistrate.
16. Persons who go armed, may be required to find sureties for the peace, &c.
17. Court may remit part of penalty forfeited.
18. Surety may surrender his principal, who may recognize anew.

*Officers' authorized to keep the peace.*

Section 1.   The justices of the supreme judicial court, the justices of the court of common pleas, justices of police courts, in vaca-

tion as well as in open court, and also all justices of the peace, shall have power to cause all laws, made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, or for their good behavior, or both, in the manner provided in this chapter.

SECT. 2.  Whenever complaint shall be made to any such magistrate, that any person has threatened to commit an offence against the person or property of another, the magistrate shall examine the complainant, and any witnesses who may be produced, on oath, and reduce such complaint to writing, and cause the same to be subscribed by the complainant. *Complaint, how made.*

SECT. 3.  If, upon examination, it shall appear that there is just cause to fear that any such offence may be committed, the magistrate shall issue a warrant under his hand, reciting the substance of the complaint, and requiring the officer, to whom it may be directed, forthwith to apprehend the person complained of, and bring him before such magistrate, or some other magistrate or court having jurisdiction of the cause. *Arrest. 1794, 26, § 2.*

SECT. 4.  When the party complained of is brought before the magistrate, he shall be heard in his defence, and he may be required to enter into a recognizance, with sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of this Commonwealth, and especially towards the person requiring such security, for such term as the magistrate may order, not exceeding six months, but shall not be bound over to the next court, unless he is also charged with some other offence, for which he ought to be held to answer at such court. *Trial. Recognizance to keep the peace. 4 Mass. 497. 8 Mass. 73. 2 B. & A. 278. 1833, 63, §§ 1, & 2.*

SECT. 5.  Upon complying with the order of the magistrate, the party complained of shall be discharged. *Party, when to be discharged.*

SECT. 6.  If the person, so ordered to recognize, shall refuse or neglect to comply with such order, the magistrate shall commit him to the county jail, house of correction, or house of industry, during the period for which he was required to give security, or until he shall so recognize ; stating, in the warrant, the cause of commitment, with the sum and the time for which security was required. *Refusing to recognize, to be committed. 1833, 63, § 1*

SECT. 7.  If, upon examination, it shall not appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be forthwith discharged ; and if the magistrate shall deem the complaint unfounded, frivolous or malicious, he may order the complainant to pay the costs of prosecution, who shall thereupon be answerable to the magistrate and the officer for their fees, as for his own debt. *Complainant when to pay costs.*

SECT. 8.  When no order respecting the costs is made by the magistrate, they shall be allowed and paid, in the same manner as costs before justices in criminal prosecutions ; but in all cases, where a person is required to give security for the peace, or for his good behavior, the court or magistrate may further order that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed, until such costs are paid, or he is otherwise legally discharged. *Payment of costs in other cases. 1824, 128, § 2. 1834, 151, § 4.*

SECT. 9.  Any person aggrieved by the order of any justice of the peace, or of a police court, requiring him to recognize as afore- *Appeal allowed. 1833, 63, § 1.*

said, may, on giving the security required, appeal to the court of common pleas, next to be held in the same county, or, in the city of Boston, to the municipal court.

On appeal, witnesses to recognize.

Sect. 10.   The magistrate, from whose order an appeal is so taken, shall require such witnesses, as he may think necessary to support the complaint, to recognize for their appearance at the court to which the appeal is made.

Proceedings on appeal.

Sect. 11.   The court, before which such appeal is prosecuted, may affirm the order of the justice, or discharge the appellant, or may require the appellant to enter into a new recognizance, with sufficient sureties, in such sum, and for such time, as the court shall think proper, and may also make such order, in relation to the costs of prosecution, as may be deemed just and reasonable.

Recognizance, when to remain in force.

Sect. 12.   If any party appealing shall fail to prosecute his appeal, his recognizance shall remain in full force and effect, as to any breach of the condition, without an affirmation of the judgment or order of the magistrate, and shall also stand as a security for any costs, which shall be ordered, by the court appealed to, to be paid by the appellant.

Persons committed for not recognizing, how discharged.

Sect. 13.   Any person, committed for not finding sureties, or refusing to recognize, as required by the court or magistrate, may be discharged by any judge or justice of the peace, on giving such security as was required.

Recognizances to be transmitted to the court.

Sect. 14.   Every recognizance, taken pursuant to the foregoing provisions, shall be transmitted by the magistrate to the court of common pleas for the county, or, in the city of Boston, to the municipal court, on or before the first day of the next term, and shall be there filed of record by the clerk.

— when to be required on view of the court or magistrate.

Sect. 15.   Every person who shall, in the presence of any magistrate mentioned in the first section of this chapter, or before any court of record, make an affray, or threaten to kill or beat another, or to commit any violence or outrage against his person or property, and every person, who in the presence of such court or magistrate, shall contend with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace, or being of good behavior, for a term not exceeding three months, and in case of refusal, may be committed, as before directed.

Persons who go armed may be required to find sureties for the peace, &c. 1794, 26, § 2.

Sect. 16.   If any person shall go armed with a dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family or property, he may, on complaint of any person having reasonable cause to fear an injury, or breach of the peace, be required to find sureties for keeping the peace, for a term not exceeding six months, with the right of appealing as before provided.

Court may remit part of penalty. 7 Mass. 397. 1810, 80.

Sect. 17.   Whenever, upon a suit brought on any such recognizance, the penalty thereof shall be adjudged forfeited, the court may remit such portion of the penalty, on the petition of any defendant, as the circumstances of the case shall render just and reasonable.

Surety may surrender his

Sect. 18.   Any surety in a recognizance to keep the peace, or for good behavior, or both, shall have the same authority and right

to take and surrender his principal, as if he had been bail for him in *principal, who may recognize anew.*
a civil cause, and upon such surrender shall be discharged, and ex-
empt from all liability, for any act of the principal subsequent to such
surrender, which would be a breach of the condition of the recogniz-
ance ; and the person, so surrendered, may recognize anew, with suf-
ficient sureties, before any justice of the peace, for the residue of the
term, and thereupon shall be discharged.

# CHAPTER 135.

### OF THE ARREST AND EXAMINATION OF OFFENDERS, COMMITMENT FOR TRIAL, AND TAKING BAIL.

SECTION

1. Officers, empowered to act under this chapter.
2. Complaints, warrants, and summonses for witnesses.
3. In what counties warrants may be executed.
4. Prisoners, when to be brought before magistrate, on arrest, &c.
5. Magistrate, if he take bail, to return the recognizance to court, &c.
6. Officer, how to proceed if prisoner is not bailed
7, 8. Prisoner when to be carried to the county whence the warrant issued.
9. Magistrate may adjourn the examination, &c.
10. In case of default, magistrate to certify recognizance to C. C. Pleas.
1   Proceedings, when the party fails to recognize.
12, 13, 14. Manner of conducting the examination.

SECTION

15. Testimony may be reduced to writing.
16. Prisoner, when to be discharged.
17.   "    when to be bailed, or committed.
18. Witnesses to recognize.
19. Witnesses, when to recognize with sureties.
20. Recognizances of married women and minors.
21. Witnesses, refusing to recognize, to be committed.
22. Prisoners, by whom let to bail.
23. Examining magistrate may have associates.
24. Examinations and recognizances to be returned.
25. Commitments, when to be superseded, and recognizances discharged.
26. Orders therefor, how to be filed, and effect thereof.
27, 28, 29, 30. Proceedings on forfeited recognizances.

SECTION 1.  For the apprehension of persons charged with of- *Officers, empowered to act under this chap-*
fences, the justices of the supreme judicial court, justices of the court *ter.*
of common pleas, justices of any police court, in vacation as well as
in term time, and all justices of the peace, are authorized to issue pro-
cess, to carry into effect the provisions of this chapter.

SECT. 2.  Upon complaint, made to any such magistrate, that a *Complaints, warrants, and summonses for witnesses.*
criminal offence has been committed, he shall examine on oath the
complainant, and any witnesses produced by him, and shall reduce
the complaint to writing, and shall cause the same to be subscribed
by the complainant ; and if it shall appear that any such offence has
been committed, the court or justice shall issue a warrant, reciting the
substance of the accusation, and requiring the officer, to whom it shall
be directed, forthwith to take the person accused, and to bring him
before the said court or justice, or before some other court or magis-

the condition, without an affirmation of the judgment or order of the magistrate, and shall also stand as a security for any costs which shall be ordered by the court appealed to, to be paid by the appellant.

§ 13. Any person committed for not finding sureties, or refusing to recognize as required by the court or magistrate, may be discharged by any judge or justice of the peace on giving such security as was required. *Not recognizing, how discharged.*

§ 14. Every recognizance taken in pursuance of the foregoing provisions shall be transmitted by the magistrate to the district court for the county on or before the first day of the next term, and shall be there filed of record by the clerk. *Recognizances transmitted to court.*

§ 15. Any person who shall, in the presence of any magistrate mentioned in the first section of this statute, or before any court of record, make an affray, or threaten to kill or beat another, or to commit any violence or outrage against his person or property, and every person who, in the presence of such court or magistrate, shall contend, with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace and being of good behavior, for a term not exceeding six months, and in case of refusal may be committed as before directed. *When required on view of court, &c.*

§ 16. If any person shall go armed with a dirk, dagger, sword, pistol or pistols, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family, or property, he may, on complaint of any other person having reasonable cause to fear an injury or breach of the peace, be required to find sureties for keeping the peace for a term not exceeding six months, with the right of appealing as before provided. *Persons going armed to give security, &c.*

§ 17. Whenever, upon a suit brought on any such recognizance, the penalty thereof shall be adjudged forfeited, the court may remit such portion of the penalty on the petition of any defendant, as the circumstances of the case shall render just and reasonable. *Part of penalty remitted.*

§ 18. Any surety in a recognizance to keep the peace or for good behavior or both, shall have the same authority and right to take and surrender his principal as if he had been bail for him in a civil cause, and upon such surrender shall be discharged and exempt from all liability for any act of the principal subsequent to such surrender, which would be a breach of the condition of the recognizance; and the person so surrendered may recognize anew, with sufficient sureties, before any justice of the peace for the residue of the term, and thereupon shall be discharged. *Surety may surrender principal.*

# AN ACT making general provisions concerning crimes and punishments.

§ 1. That every person who shall be aiding in the commission of any offence, which shall be a felony either at common law or by any statute now made, or which shall be hereafter made, or who shall be accessory thereto before the fact, by counselling, hiring or otherwise procuring such felony to be committed, shall be punished in the same manner as is or shall be prescribed for the punishment of the principal felon. *Accessory to felony before the fact, how punished.*

refusing to recognize, as required by the court or magistrate, may **Chap. 169.** be discharged by any judge or justice of the peace, on giving such security, as was required.  *may be taken after commitment.*

Sect. 14. Every recognizance, taken pursuant to the foregoing provisions, shall be transmitted to the district court, on or before the first day of the next ensuing term, and shall there be filed by the clerk, as of record.  *Return of such recognizance.*

Sect. 15. Whoever, in the presence of any magistrate, mentioned in the second section of this chapter, or before any court of record, shall make any affray or threaten to kill or beat another, or commit any violence against his person or property, or shall contend, with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace, or being of the good behavior for a term, not exceeding three months, and, in case of refusal, may be committed to prison as before directed.  *When magistrate may require sureties, without a formal complaint, &c.*

Sect. 16. Any person, going armed with any dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without a reasonable cause to fear an assault on himself, or any of his family or property, may, on the complaint of any person having cause to fear an injury or breach of the peace, be required to find sureties for keeping the peace for a term, not exceeding one year, with the right of appeal as before provided.  *Persons going armed, without reasonable cause. 1821, 76, § 1.*

Sect. 17. In a suit, on such recognizance taken in a criminal case, if a forfeiture is found or confessed, the court, on petition, may remit the penalty, or such part of it as they may think proper, on such terms as they may think right.  *Power of court, to remit the penalty of a recognizance. 1821, 50, § 4.*

Sect. 18. Any surety in a recognizance may surrender the principal in the same manner, as if he had been his bail in a civil cause, and, on such surrender, shall be discharged from all liability for any act of the principal after such surrender, which would be a breach of the recognizance; and, upon such surrender, the principal may recognize anew with sufficient surety or sureties for the residue of the term, before any justice of the peace, and shall thereupon be discharged.  *Sureties on recognizances may surrender their principals as in case of bail in civil actions.*

# CHAPTER 170.

### OF THE POWER AND PROCEEDINGS OF JUSTICES OF THE PEACE IN CRIMINAL CASES.

Sect. 1. Justices may require aid, on view, without a warrant.
2. Their jurisdiction.
3. When a justice shall issue his warrant.
4. Examination, on trial, of the party accused.
5. Of commitment or binding over to a higher court.
Sect. 6. Duty of justices, as to arrests, and examinations into treasons, felonies, &c.
7. Trial and sentence within their jurisdiction.
8. Respondent may appeal; but required to recognize.
9. To carry up copies of the case.

PREVENTION OF CRIME.

TITLE XXXI.
CHAPTER 162.

# TITLE XXXI.

### Of Proceedings in Criminal Cases.

Chapter 162. Of Proceedings to prevent the Commission of Crime.
Chapter 163. Of the Arrest and Examination of Offenders, commitment for Trial and taking Bail.
Chapter 164. Of Indictments and Proceedings before Trial.
Chapter 165. Of Trials in Criminal Cases.
Chapter 166. Of new Trials and Exceptions in Criminal Cases.
Chapter 167. Of Coroners' Inquests.
Chapter 168. Of Judgments in Criminal Cases and the Execution thereof.
Chapter 169. Of Fees of Officers and Ministers of Justice in Criminal Cases.
Chapter 170. Miscellaneous Provisions concerning Proceedings in Criminal Cases.

## CHAPTER 162.

#### OF PROCEEDINGS TO PREVENT THE COMMISSION OF CRIME.

Officers author-
ized to keep the
peace.

SECTION 1. The justices of the supreme court, judges of county courts, circuit court commissioners, all mayors and recorders of cities, and all justices of the peace, shall have power to cause all laws made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, in the manner provided in this chapter.

Complaint, how
made.

SEC. 2. Whenever complaint shall be made in writing and on oath, to any such magistrate, that any person has threatened to commit any offence against the person or property of another, it shall be the duty of such magistrate to examine such complainant, and any witnesses who may be produced, on oath, to reduce such examination to writing, and to cause the same to be subscribed by the parties so examined.

Arrest.

SEC. 3. If it shall appear from such examination, that there is just reason to fear the commission of any such offence, such magistrate shall issue a warrant under his hand, directed to the sheriff or any constable of the county, reciting the substance of the complaint, and commanding him forthwith to apprehend the person so complained of, and bring him before such magistrate.

Trial, recogni-
zance.
4 Mass., 497.
8 do., 73.
2 B. & A., 278.

SEC. 4. When the party complained of is brought before the magistrate, he shall be heard in his defence, and he may be required to enter into a recognizance with sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of

PREVENTION OF CRIME.                    691

this state, and especially towards the person requiring such security, for such term as the magistrate may order, not exceeding one year, but shall not be bound over to the next court, unless he is also charged with some other offence, for which he ought by law to be held to answer at such court.

SEC. 5. Upon complying with the order of the magistrate, the party complained of shall be discharged. *Party, when discharged.*

SEC. 6. If the person so ordered to recognize, shall refuse or neglect to comply with such order, the magistrate shall commit him to the county jail, during the period for which he was required to give security, or until he shall so recognize; stating in the warrant the cause of commitment, with the sum and the time for which such security was required. *Refusing to recognize, to be committed.*

SEC. 7. If, upon examination, it shall not appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be forthwith discharged; and if the magistrate shall deem the complaint unfounded, frivolous or malicious, he shall order the complainant to pay the costs of the prosecution, who shall thereupon be answerable to the magistrate and the officer *(officers)* for their fees, as for his own debt. *Complainant, when to pay costs.*

SEC. 8. When no order respecting the costs is made by the magistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions; but in all cases where a person is required to give security to keep the peace, the court or magistrate may further order that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed, until such costs are paid, or he is otherwise legally discharged. *Payment of cost in other cases.*

SEC. 9. Any person aggrieved by the order of any justice of the peace, requiring him to recognize as aforesaid, may, on giving the recognizance to keep the peace required by such order, appeal to the circuit court for the same county. *Appeal allowed.*

SEC. 10. The justice from whose order an appeal is taken, shall require such witnesses as he may think necessary to support the complaint, to recognize for their appearance at the court to which the appeal is made. *Witnesses to recognize.*

SEC. 11. The court before which such appeal is prosecuted, may affirm the order of the justice, or discharge the appellant, or may require the appellant to enter into a new recognizance, with sufficient sureties, in such sum, and for such time, not exceeding one year, as the court shall think proper, and may also make such order in relation to the costs of prosecution, as may be deemed just. *Court may affirm order of justice, or discharge appellant, &c.*

SEC. 12. If any party appealing shall fail to prosecute his appeal, his recognizance shall remain in full force and effect, as to any breach of the condition, without an affirmation of the judgment or order of the justice, and shall also stand as a security for any costs which shall be ordered by the court appealed to, to be paid by the appellant. *Recognizance, when to remain in force.*

SEC. 13. Any person committed for not finding sureties, or refusing to recognize, as required by the court or magistrate, may be discharged by any judge, circuit court commissioner or justice of the peace, on giving such security as was required. *Person committed how discharged.*

SEC. 14. Every recognizance, taken pursuant to the foregoing provisions, shall be transmitted by the magistrate to the clerk of the circuit court for the county, within twenty days after the taking thereof, and on or before the next term of such court, and shall be filed by such clerk. *Recognizance to be transmitted to clerk of court.*

692                              ARREST &c. OF OFFENDERS.

TITLE XXXI.
CHAPTER 163.

Breach of peace
in presence of
magistrate, &c.

Sec. 15. Every person who shall, in the presence of any magistrate mentioned in the first section of this chapter, or before any court of record, make an affray, or threaten to kill or beat another, or to commit any violence or outrage against his person or property, and every person who, in the presence of such court or magistrate, shall contend with hot and angry words, to the disturbance of the peace, may be ordered, without process or any other proof, to recognize for keeping the peace, for a term not exceeding six months, and in case of refusal, may be committed as before directed.

Person going
armed to find su-
reties for the
peace.

Sec. 16. If any person shall go armed with a dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family or property, he may, on complaint of any person having reasonable cause to fear an injury or breach of the peace, be required to find sureties for keeping the peace, for a term not exceeding six months, with the right of appealing as before provided.

Court may remit
part of penalty.
7 Mass., 397.

Sec. 17. Whenever upon a suit brought on any recognizance entered into in pursuance of this chapter, the penalty thereof shall be adjudged forfeited, the court may remit such portion of the penalty, on the petition of any defendant, as the circumstances of the case shall render just and reasonable.

Surety may sur-
render his prin-
cipal, effect of
surrender.

Sec. 18. Any surety in a recognizance to keep the peace, shall have the same authority and right to take and surrender his principal as in other criminal cases, and upon such surrender shall be discharged and exempt from all liability for any act of the principal subsequent to such surrender, which would be a breach of the condition of the recognizance ; and the person so surrendered may recognize anew, with sufficient sureties, before any justice of the peace or circuit court commissioner for the residue of the term, and shall thereupon be discharged.

---

## CHAPTER 163.

### OF THE ARREST AND EXAMINATION OF OFFENDERS, COMMITMENT FOR TRIAL AND TAKING BAIL.

What officers
may issue pro-
cess for the arrest
of offenders, &c.

Section 1. For the apprehension of persons charged with offences, excepting such offences as are cognizable by justices of the peace, the justices of the supreme court, judges of the county courts, circuit court commissioners, mayors and recorders of cities, and all justices of the peace, shall have power to issue process and to carry into effect the provisions of this chapter.

Complainant, &c.
to be examined.

Sec. 2. Whenever complaint shall be made to any such magistrate, that a criminal offence, not cognizable by a justice of the peace, has been committed, he shall examine on oath the complainant, and any witnesses who may be produced by him.

Proceedings if it
appear that an
offence has been
committed.

Sec. 3. If it shall appear from such examination, that any criminal offence, not cognizable by a justice of the peace, has been committed, the magistrate shall issue a warrant, directed to the sheriff or any constable of the county, reciting the substance of the accusation, and

# TITLE III.

### OF PROCEEDINGS IN CRIMINAL CASES.

CHAP. 14. Of proceedings to prevent the commission of crimes.
15. Of arrest and commitment.
16. Of coroners' inquests.
17. Of bail in criminal cases.
18. Of examining courts.
19. Of grand juries.
20. Of indictments, presentments and informations, and process thereon.
21. Of trial and its incidents.
22. Of exceptions, writs of error and execution of judgment.
23. Of taxation and allowance of costs.
24. Of contempts of court.
25. Of general provisions concerning proceedings in criminal cases.
26. Of criminal proceedings against slaves, free negroes and mulattoes.

## CHAP. XIV.

### OF PROCEEDINGS TO PREVENT THE COMMISSION OF CRIMES.

SECTION
1. Officers authorized to keep the peace.
2. Complaint, how made.
3. Arrest.
4. Trial. Recognizance to keep the peace.
5. Party, when discharged.
6. Refusing to recognize, to be committed.
7. Complainant when to pay costs.
8. Payment of costs in other cases.
9. Appeal allowed.
10. On appeal, witnesses to recognize.
11. Proceedings on appeal.

SECTION
12. Recognizance, when to remain in force.
13. Persons committed for not recognizing, how discharged.
14. Recognizances to be transmitted to court.
15. Recognizances, when to be required on view of the court or magistrate.
16. Persons who go armed may be required to find sureties of the peace, &c.
17. Persons not of good fame to give surety for good behaviour.

1. The judges of the supreme court of appeals, the judges of the general court throughout the commonwealth, all justices of the peace and commissioners in chancery within their respective jurisdictions, shall have power to cause all laws made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, or for their good behaviour, or both, in the manner hereinafter provided. *Officers authorized to keep the peace. Power to require security for behaviour.*

2. Whenever complaint shall be made to any such magistrate that there is good cause for fear that any person intends to commit an offence against the person or property of another, the magistrate shall examine the complainant and any witnesses who may be produced on oath, and reduce such complaint to writing, and cause the same to be subscribed by the complainant. *Complaint how made.*

3. If upon examination, it shall appear that there is just cause to fear that any such offence may be committed, the magistrate shall issue a warrant under his hand, reciting the substance of the complaint, and requiring the officer to whom it may be directed, forthwith to apprehend the person complained of, and bring him before such magistrate, or some other magistrate having jurisdiction of the cause. *Arrest.*

**Trial.**

**Recognizance to keep peace.**

4. When the party complained of is brought before the magistrate, he shall be heard in his defence, and he may be required to enter into a recognizance, with sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of this commonwealth, and especially towards the person making the complaint, for such term as the magistrate may order, not exceeding twelve months, but shall not be bound over to the next court, unless he is also charged with some other offence, for which he ought to be held to answer at such court.

**Party when discharged.**

5. Upon complying with the order of the magistrate, the party complained of shall be discharged.

**Refusing to recognize, to be committed.**

6. If the person so ordered to recognize shall refuse or neglect to comply with such order, the magistrate shall commit him to the jail during the period for which he was required to give security, or until he shall so recognize, stating in the warrant the cause of commitment, with the sum and the time for which security was required.

**Defendant when discharged.**

**Complainant when to pay costs.**

7. If upon examination it shall not appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be forthwith discharged; and if the magistrate shall deem the complaint unfounded, frivolous or malicious, he may order the complainant to pay the costs of the prosecution, and thereupon award execution against him for the same.

**Payment of costs in other cases.**

8. When no order respecting the costs is made by the magistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions; but in all cases where a person is required to give security for the peace, or for his good behaviour, the court or magistrate may further order that the costs of prosecution, or any part thereof, shall be paid by such person, who shall stand committed until such costs are paid, or he is otherwise legally discharged.

**Appeal against order to recognize allowed.**

9. Any person aggrieved by the order of any justice of the peace requiring him to recognize as aforesaid, may, on giving the security required, appeal to the county or corporation court next to be holden for the said county or corporation.

**On appeal, witnesses to recognize.**

10. The magistrate from whose order an appeal is taken, shall require such witnesses as he may think necessary to support the complaint, to recognize for their appearance at the court to which the appeal is made.

**Proceedings on appeal.**

11. The court before which such appeal is prosecuted, may affirm the order of the justice, or discharge the appellant, or may require him to enter into a new recognizance, with sufficient sureties, in such sum, and for such time, as the court shall think proper; and

**Costs.**

may also make such order in relation to the costs of prosecution as may be deemed just and reasonable.

**Recognizance to be valid unless appeal prosecuted.**

12. If any party appealing shall fail to prosecute his appeal, his recognizance shall remain in full force and effect, as to any breach of the condition, without any affirmation of the order of the magistrate, and shall also stand as a security for any costs which shall be ordered by the court appealed to, to be paid by the appellant.

**Persons committed for not recognizing, how discharged.**

13. Any person committed for not finding securities, or refusing to recognize as required by the court or magistrate, may be discharged by any judge or justice of the peace on giving such security as was required, or by the county court, on such terms as the court may deem reasonable.

**Recognizances returned to court.**

14. Every recognizance taken pursuant to the foregoing provisions, shall be transmitted by the magistrate to the court of the county on or before the first day of the next term thereof, and shall be there filed of record by the clerk.

15. Every person who shall, in the presence of any magistrate, mentioned in the first section of this act, or before any court of record, make an affray, or threaten to kill or beat another, or to commit any violence or outrage against his person or property, and every person who, in the presence of such court or magistrate, shall contend with hot and angry words, to the disturbance of the peace, may be ordered without process or any other proof, to recognize for keeping the peace, or being of good behaviour, for a term not exceeding six months, and in case of refusal may be committed as before directed. <span style="float:right">Recognizances required for offences in presence of magistrate or court.</span>

16. If any person shall go armed with any offensive or dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family or property, he may be required to find sureties for keeping the peace for a term not exceeding twelve months, with the right of appealing as before provided. <span style="float:right">Persons armed, required to find sureties.<br>Appeal allowed.</span>

17. Such persons as are not of good fame may be required to give sufficient surety of their good behaviour for such term, not exceeding twelve months, as the magistrate requiring it may order. <span style="float:right">Persons not of good fame to give surety.</span>

---

## CHAP. XV.

### OF ARREST AND COMMITMENT.

SECTION
1. Officers empowered to act.
2. Complaints, warrants and summonses.
3. Offence committed in another county.
4. In what county warrant may be executed.
5. Prisoner, when to be brought before magistrate on arrest.
6. Magistrate, if he take bail, to return recognizance, &c.
7. Officer, how to proceed if prisoner not bailed.
8. Prisoner, when to be carried to county whence warrant issued.
9. Same subject.
10. Magistrate may adjourn examination.
11. In case of default, recognizance to be certified.
12. Proceedings when party fails to recognize.
13.
14. } Manner of conducting examination.
15.
16. Testimony to be reduced to writing.

SECTION
17. When prisoner to be discharged.
18. When to be bailed or committed.
19. If party entitled to examination, &c.
20. If not so entitled, and triable on indictment, &c.
21. If party charged be free negro, &c.
22. Duty of magistrate, &c.
23. Witnesses to recognize.
24. Witnesses, when to recognize with sureties.
25. Recognizances of minors, &c.
26. Witnesses refusing to recognize.
27. Magistrate may associate others.
28. Prisoner by whom let to bail.
29. Recognizances, &c. to be returned.
30. Commitments, &c. when to be discharged.
31. Orders therefor, how to be filed &c.
32.
33. } Proceedings on forfeited recognizances.
34.
35.
36. Right of surety to surrender principal.
37. To whom to be surrendered.
38. When to the court.

1. For the apprehension of persons charged with offences, the judges of the general court, and all justices of the peace in vacation as well as in term time, are authorized to issue process to carry into effect the provisions of this act. <span style="float:right">Process to arrest for offences, by whom issued.</span>

2. Upon complaint made to any such magistrate that a criminal offence has been committed, he shall examine on oath the complainant and any witnesses produced by him, and shall reduce the complaint to writing, and cause the same to be subscribed by the complainant; and if it shall appear that any such offence has been com- <span style="float:right">Examination on complaint.</span>

17

526                    PROCEEDINGS TO PREVENT CRIMES.

as are necessary to bring the case within the provisions of law, issue a warrant to bring the person so charged before the same, or some other court or magistrate within the territory, to answer such complaint as in other cases.

*When person charged to give recognizance.* SEC. 4. If, upon examination of the person charged, it shall appear to the court or magistrate, that there is reasonable cause to believe that the complaint is true, and that such person may be lawfully demanded of the governor, he shall, if not charged with a capital crime, be required to recognize with sufficient sureties, in a reasonable sum, to appear before such court or magistrate at a future day, allowing a reasonable time to obtain the warrant of the executive, and to abide the order of the court or magistrate; and if such person shall not so recognize, he *When to be committed.* shall be committed to prison, and be there detained until such day, in like manner as if the offence charged had been committed within this territory; and if the person so recognizing shall fail to appear according to the condition of his recognizance, he shall be defaulted, and the like *Forfeiture of recognizance.* proceedings shall be had as in the case of other recognizances entered into before such court or magistrate; but if such person be charged with a capital crime, he shall be committed to prison, and there detained until the day so appointed for his appearance before the court or magistrate.

*When discharged.* SEC. 5. If the person so recognized or committed, shall appear before the court or magistrate upon the day ordered, he shall be discharged unless he be demanded by some person authorized by the war- *May be delivered on warrant of executive, &c.* rant of the executive to receive him, or unless the court or magistrate shall see cause to commit him, or to require him to recognize anew, for his appearance at some other day and if, when ordered, he shall not so recognize, he shall be committed and detained as before provided; whether the person so discharged shall be recognized, committed, or discharged, any person authorized by the warrant of the executive, may at all times, take him into custody, and the same shall be a discharge of the recognizance, if any, and shall not be deemed an escape.

*Complainant liable for costs, &c.* SEC. 6. The complainant in such case, shall be answerable for the actual costs and charges, and for the support in prison, of any person so committed, and shall advance to the jailor one week's board, at the time of commitment, and so from week to week, so long as such person shall remain in jail, and if he fail so to do, the jailor may forthwith discharge such person from his custody.

---

# CHAPTER 112.

## OF PROCEEDINGS TO PREVENT THE COMMISSION OF CRIMES.

---

SECTION
1. What officers to cause public peace to be kept.
2. Proceedings when complaint is made to magistrate.

SECTION
3. Magistrate when to issue warrant.
4. Proceedings upon examination, before magistrate.
5. Defendant may have counsel.

## PROCEEDINGS TO PREVENT CRIMES.

527

SECTION
6. Defendant when to enter into recognizance.
7. Defendant when to be discharged.
8. Defendant when to be committed.
9. Defendant when to be discharged.
10. Costs by whom paid.
11. Appeal when allowed.
12. When magistrate may require witnesses to recognize.
13. District court how to proceed upon such appeal.
14. When appellant fails to prosecute appeal, recognizance to be in force.

SECTION
15. After commitment, how defendant may be discharged.
16. Recognizance to be transmitted to district court.
17. When person may be ordered to recognize without warrant.
18. Persons carrying offensive weapons, how punished.
19. Suit brought on recognizance.
20. Surety may take and surrender principal in recognizance.

SEC. 1.  The judges of the several courts of record, in vacation as well as in open court, and all justices of the peace, shall have power to cause all laws made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, or for their good behavior, or both, in the manner provided in this chapter. <span style="float:right">What officers to cause public peace to be kept.</span>

SEC. 2.  Whenever complaint shall be made to any such magistrate, that any person has threatened to commit an offence against the person or property of another, the magistrate shall examine the complainant and any witness who may be produced, on oath, and reduce such complaint to writing and cause the same to be subscribed by the complainant. <span style="float:right">Proceedings when complaint is made to magistrate.</span>

SEC. 3.  If upon examination, it shall appear that there is just cause to fear that any such offence may be committed, the magistrate shall issue a warrant under his hand, reciting the substance of the complaint, and requiring the officer to whom it may be directed, forthwith to apprehend the person complained of, and bring him before such magistrate or some other magistrate or court, having jurisdiction of the cause. <span style="float:right">Magistrate when to issue warrant.</span>

SEC. 4.  The magistrate before whom any person is brought upon charge of having made threats as aforesaid, shall as soon as may be, examine the complainant and the witnesses to support the prosecution, on oath, in the presence of the party charged, in relation to any matters connected with such charge, which may be deemed pertinent. <span style="float:right">Proceedings upon examination before magistrate.</span>

SEC. 5.  After the testimony to support the prosecution, the witnesses for the prisoner, if he have any, shall be sworn and examined, and he may be assisted by counsel in such examination, and also in the cross examination of the witnesses in support of the prosecution. <span style="float:right">Defendant may have counsel.</span>

SEC. 6.  If upon examination it shall appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be required to enter into a recognizance and with sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of this territory, and especially towards the persons requiring such security, for such term as the magistrate shall order, not exceeding six months; but he shall not be ordered to recognize for his appearance at the district court, unless he is charged with some offence for which he ought to be held to answer at said court. <span style="float:right">Defendant when to enter into recognizance.</span>

SEC. 7.  Upon complying with the order of the magistrate, the party complained of shall be discharged. <span style="float:right">Defendant when to be discharged.</span>

SEC. 8.  If the person so ordered to recognize shall refuse or neglect to comply with such order, the magistrate shall commit him to the county jail during the period for which he was required to give security, or until he shall so recognize, stating in the warrant the cause of commitment, with the sum and time for which security was required. <span style="float:right">Defendant when to be committed.</span>

SEC. 9.  If, upon examination, it shall not appear that there is just cause to fear that any such offence will be committed by the party complained of, he shall be forthwith discharged; and if the magistrate shall <span style="float:right">Defendant when to be discharged.</span>

528                     PROCEEDINGS TO PREVENT CRIME.

deem the complaint unfounded, frivolous, or malicious, he shall order
the complainant to pay the costs of prosecution, who shall thereupon be
answerable to the magistrate and the officer for their fees as for his
own debt.

**Costs by whom paid**   SEC. 10.   When no order respecting the costs is made by the mag-
istrate, they shall be allowed and paid in the same manner as costs be-
fore justices in criminal prosecutions ; but in all cases where a person
is required to give security for the peace or for his good behavior, the
magistrate may further order the costs of prosecution or any part there-
of to be paid by such person,· who shall stand committed until such
costs are paid, or he is otherwise legally discharged.

**Appeal when al-**
**lowed.**   SEC. 11.   Any person aggrieved by the order of any justice of the
peace requiring him to recognize as aforesaid, may, on giving the se-
curity required, appeal to the district court next to be holden in the
same county, or that county to which said county is attached for judi-
cial purposes.

**When magistrate**
**may require wit-**
**ness to recognize.**   SEC. 12.   The magistrate from whose order an appeal is so taken,
shall require such witnesses as he may think necessary to support the
complaint, to recognize for their appearance at the court to which ap-
peal is made.

**District court how**
**to proceed upon**
**such appeal.**   SEC. 13.   The court before which such appeal is prosecuted, may
affirm the order of the justice or discharge the appellant, or may re-
quire the appellant to enter into a new recognizance, with sufficient
sureties, in such sum and for such time as the court shall think proper,
and may also make such order in relation to the costs of prosecution as
he may deem just and reasonable.

**When appellant**
**fails to prosecute**
**appeal, recogni-**
**zance to be in force.**   SEC. 14.   If any party appealing, shall fail to prosecute his appeal,
his recognizance shall remain in full force and effect as to any breach of
the condition, without an affirmation of the judgment or order of the
magistrate, and shall also stand as a security for any costs which shall
be ordered by the court appealed to, to be paid by the appellant.

**After commitment,**
**how defendant may**
**be discharged.**   SEC. 15.   Any person committed for not finding sureties, or refusing
to recognize as required by the court or magistrate, may be discharged
by any judge or justice of the peace on giving such security as was re-
quired.

**Recognizance to be**
**transmitted to dis-**
**trict court.**   SEC. 16.   Every recognizance taken in pursuance of the foregoing
provision, shall be transmitted by the magistrate to the district court for
the county, on or before the first day of the next term, and shall be
there filed of record by the clerk.

**When person may**
**be ordered to re-**
**cognize without**
**warrant.**   SEC. 17.   Any person who shall in the presence of any magistrate
mentioned in the first section of this chapter, or before any court of rec-
ord make an affray, or threaten to kill or beat another, or to commit any
violence or outrage against his person or property, and every person,
who, in the presence of such court or magistate, shall contend with hot
and angry words, to the disturbance of the peace, may be ordered with-
out process or any other proof, to recognize for keeping the peace, and
being of good behavior, for a term not exceeding six months, and in case
of a refusal, may be committed as before directed.

**Persons carrying**
**offensive weapons**
**how punished.**   SEC. 18.   If any person shall go armed with a dirk, dagger, sword,
pistol or pistols, or other offensive and dangerous weapon, without reas-
onable cause to fear an assault or other injury or violence to his person,
or to his family, or property, he may, on complaint of any other person
having reasonable cause to fear an injury or breach of the peace, be re-
quired to find sureties for keeping the peace, for a term not exceeding
six months, with the right of appealing as before provided.

**Suit brought on re-**
**cognizance.**   SEC. 19.   Whenever upon a suit brought on any such recognizances,
the penalty thereof shall be adjudged forfeited, the court may remit such

OF ARRESTS. 529

portion of the penalty, on the petition of any defendant, as the circumstances of the case shall render just and reasonable.

SEC. 20.  Any surety in a recognizance to keep the peace, or for good behavior, or both, shall have the same authority and right to take and surrender his principal, as if he had been bail for him in a civil case, and upon such surrender, shall be discharged and exempt from all liability for any act of the principal, subsequent to such surrender, which would be a breach of the condition of the recognizance; and the person so surrendered may recognize anew, with sufficient sureties, before any justice of the peace for the residue of the term, and thereupon shall be discharged.

*Surety may take and surrender principal in recognizance.*

# CHAPTER 113.

## OF ARRESTS.

| SECTION | SECTION |
|---|---|
| 1. Arrest defined. | 12. Officer may break open door. |
| 2. Arrest how and by whom made. | 13. Arrest may be made at night. |
| 3. Every person must aid officer in making arrest. | 14. Officer must inform person of the cause of arrest. |
| 4. Arrest for felony or misdemeanor how made. | 15. Person breaking peace to be taken before justice. |
| 5. Arrest for felony or misdemeanor how made. | 16. Offences in presence of magistrate. |
| 6. Defendant how to be restrained. | 17. When private person may arrest person. |
| 7. Officer must inform defendant that he acts under authority. | 18. Must inform person the cause of arrest. |
| 8. Officer may use necessary force. | 19. Person making such arrest may break open door. |
| 9. Officer may break outer door to make arrest. | 20. Person arrested must be taken before magistrate. |
| 10. Officer may break outer door to make arrest. | 21. Defendant may be retaken if he escape. |
| 11. When officer may arrest person without warrant. | 22. Person pursuing may break open door, &c. |

SEC. 1.  Arrest is the taking of a person into custody, that he may be held to answer for a public offence.

*Arrest defined.*

SEC. 2.  An arrest may be either,
1. By a peace officer under a warrant :
2. By a peace officer without a warrant :
3. By a private person.

*Arrest how and by whom made.*

SEC. 3.  Every person must aid an officer in the execution of a warrant, if the officer require his aid, and be present and acting in its execution.

*Every person must aid officer in making arrest.*

SEC. 4.  If the offence charged be a felony, the arrest may be made on any day and at any time of the day or night; if it be a misdemeanor, the arrest cannot be made on Sunday, or at night, unless upon the direction of the magistrate indorsed upon the warrant.

*Arrest for felony or misdemeanor how made.*

SEC. 5.  An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer.

*Arrest for felony or misdemeanor how made.*

SEC. 6.  The defendant is not to be subjected to any more restraint than is necessary for his arrest and detention.

*Defendant how to be restrained.*

CHAP. 16.

# CHAPTER XVI.

### PROCEEDINGS TO PREVENT COMMISSION OF CRIMES.

SEC. 1. Certain officers conservators of the public peace.
    2. Proceedings when complaint is made to magistrate.
    3. Magistrate when to issue warrant.
    4. Proceedings on examination before magistrate.
    5. Privilege of defendant.
    6. Recognizance, when required.
    7. Defendant, when to be committed.
    8. Discharge of defendant; complainant, when to pay costs.
    9. In other cases, costs, how and when paid.
    10. Appeal, when allowed.
    11. When magistrate may require witnesses to recognize.
    12. Proceedings on appeal by district court.
    13. Consequence of appellant failing to prosecute appeal.
    14. After commitment, defendant may be discharged on giving security.
    15. Recognizance to be transmitted to district court.
    16. When person may be ordered to recognize without warrant.
    17. Armed persons, when required to find sureties.
    18. Suit on recognizance.
    19. Surety may surrender principal.

Keeping the peace.

SEC. 1. The judges of the several courts of record, in vacation as well as in open court, and all justices of the peace, shall have power to cause all laws made for the preservation of the public peace, to be kept, and in the execution of that power, may require persons to give security to keep the peace, or for their good behavior, or both, in the manner provided in this chapter.

When sureties may be required. 17 Wen. 181; 28 do. 639.

SEC. 2. Whenever complaint shall be made to any such magistrate, that any person has threatened to commit an offence against the person or property of another, the magistrate shall examine the complainant, and any witness who may be produced on oath, and reduce such complaint to writing, and cause the same to be subscribed by the complainant.

Warrant to issue.

SEC. 3. If, upon examination, it shall appear that there is just cause to fear that such offence may be committed, the magistrate shall issue a warrant under his hand, reciting the substance of the complaint, and requiring the officer to whom it may be directed, forthwith to apprehend the person complained of, and bring him before such magistrate, or some other magistrate or court having jurisdiction of the cause.

Examination

SEC. 4. The magistrate before whom any person is brought upon charge of having made threats as aforesaid, shall, as soon as may be, examine the complainant, and the witnesses to support the prosecution, on oath, in the presence of the party charged, in relation to any matters connected with such charge, which may be deemed pertinent.

Privilege of defendant.

SEC. 5. After the testimony to support the prosecution, the witnesses for the prisoner, if he have any, shall be sworn and examined, and he may be assisted by counsel in such examination, and also in the cross-examination of the witnesses in support of the prosecution.

Recogniz-ance when required.

SEC. 6. If, upon examination, it shall appear that there is just cause to fear that any such offence will be committed by the party

complained of, he shall be required to enter into recognizance with **CHAP. 16.** sufficient sureties, in such sum as the magistrate shall direct, to keep the peace towards all the people of this territory, and especially towards the person requiring such security, for such term as the magistrate shall order, not exceeding six months; but he shall not be ordered to recognize for his appearance at the district court, unless he is charged with some offence for which he ought to be held to answer at said court.

SEC. 7. If the person so ordered to recognize, shall refuse or ne- *When to be committed.* glect to comply with such order, the magistrate shall commit him *23 Wen. 639.* to the county jail during the period for which he was required to give security, or until he shall so recognize, stating in the warrant the cause of commitment, with the sum and time for which security was required.

SEC. 8. If, upon examination, it shall not appear that there is *Complainant when to pay* just cause to fear that any such offence will be committed by the *costs.* party complained of, he shall be forthwith discharged; and if the magistrate shall deem the complaint unfounded, frivolous or malicious, he shall order the complainant to pay the costs of prosecution, who shall thereupon be answerable to the magistrate and the officer for their fees, as for his own debt.

SEC. 9. When no order respecting the costs is made by the ma- *Costs.* gistrate, they shall be allowed and paid in the same manner as costs before justices in criminal prosecutions; but in all cases where a person is required to give security for the peace, or for his good behavior, the magistrate may further order the costs of prosecution, or any part thereof, to be paid by such person, who shall stand committed until such costs are paid, or he is otherwise legally discharged.

SEC. 10. Any person aggrieved by the order of any justice of the *Appeal.* peace, requiring him to recognize as aforesaid, may, within ten days after the decision of the justice, on giving the security required, appeal to the district court, next to be holden in the same county, or that county to which said county is attached for judicial purposes.

SEC. 11. The magistrate, from whose order an appeal is to be *Witnesses when to re-* taken, shall require such witnesses as he may deem necessary to *cognize.* support the complaint, to recognize for their appearance at the court to which appeal is made.

SEC. 12. The court before which such appeal is prosecuted, may *Power of appellate court* affirm the order of the justice, or discharge the appellant, or may require the appellant to enter into a new recognizance, with sufficient sureties, in such sum and for such time as the court shall think proper, and may also make such order in relation to the costs of prosecution, as it may deem just and reasonable.

SEC. 13. If any party appealing, shall fail to prosecute his appeal, *Failing to prosecute* his recognizance shall remain in full force and effect, as to any *appeal.* breach of the condition, without an affirmation of the judgment or order of the magistrate, and shall also stand as security for any cost which shall be ordered by the court appealed to, to be paid by the appellant.

SEC. 14. Any person committed for not finding sureties, or refus- *Discharge of party committed.* ing to recognise as required by the court or magistrate, may be dis-

220                                    ARRESTS.

CHAP. 17.  charged by any judge or justice of the peace, on giving such secu-
rity as was required.

Recognizances when to be transmitted.  SEC. 15. Every recognizance taken in pursuance of the fore-
going provisions, shall be transmitted by the magistrate to the dis-
trict court for the county, on or before the first day of the next
term, and shall be there filed of record by the clerk.

Order to recognize without warrant.  SEC. 16. Any person, who shall, in the presence of any magis-
trate mentioned in the first section of this chapter, or before any
court of record, make an affray, or threaten to kill, or beat another,
or to commit any violence or outrage against his person or prop-
erty, and every person, who, in the presence of such court or ma-
gistrate, shall contend with hot and angry words, to the disturbance
of the peace, may be ordered, without process or any other proof,
to recognize for keeping the peace, and being of good behavior for
a term not exceeding six months, and in case of a refusal, may be
committed as before directed.

Armed persons, when required to find sureties.  SEC. 17. If any person shall go armed with a dirk, dagger, sword,
pistol, or other offensive and dangerous weapon, without reasonable
cause to fear an assault, injury, or other violence to his person, or to
his family or property, he may, on complaint of any other person,
having reasonable cause to fear an injury, or breach of the peace,
be required to find sureties for keeping the peace for a term not
exceeding six months, with the right of appealing as before pro-
vided.

Suit on recognizance.  SEC. 18. Whenever on a suit brought on any such recognizance,
the penalty thereof shall be adjudged forfeited, the court may re-
mit such portion of the penalty on the petition of any defendant,
as the circumstances of the case shall render just and reasonable.

Surety may surrender principal.  SEC. 19. Any surety in a recognizance to keep the peace, or
for good behavior, or both, shall have the same authority and right
to take and surrender his principal, as if he had been bail for him
in a civil case, and upon such surrender, shall be discharged and
exempted from all liability for any act of the principal, subsequent
to such surrender, which would be a breach of the condition of the
recognizance; and the person so surrendered, may recognize anew
with sufficient sureties, before any justice of the peace for the resi-
due of the term, and thereupon shall be discharged.

# CHAPTER XVII.

### ARRESTS.

SEC. 1. Arrest defined.
    2. Arrest, how and by whom made.
    3. Every person must aid officer in making arrest, if required.
    4. Arrest for felony and misdemeanor, when may be made.
        5. As to what constitutes arrest.
    6. Officer may pursue fugitive into other counties.
    7. When an officer or private person may arrest without warrant.
    8. Arrest, how made in such case.
    9. Escape and capture of prisoner.

Arrest.  SEC. 1. Arrest is the taking a person into custody, that he may
be held to answer for a public offence.

Acts of assembly to be strictly pursued.

192. In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act or acts into effect.(a)

Meaning of general terms.

193. Wherever anything is forbidden or directed by the provisions of this code, by using the general terms, any one, any person, the person, every person and such person, or the relative pronoun he, referring to such general term, the same prohibition or direction, if the contrary be not expressed, is extended to more persons than one, and to females as well as males doing or omitting the same act.(b)

# Criminal Procedure.

### A. PROCEEDINGS TO DETECT THE COMMISSION OF CRIMES.

1. Writs of arrest, &c. Subpœnas. Expenses.
2. Escapes into another county.
3. Backing warrants. Bail. Removal.
4. Magistrates backing such warrants to be indemnified.
5. Disposition of property supposed to be stolen, found in the possession of one accused.
6. Surety of the peace.
7. Bail.
8. Surrender of bail.
9. Settlement of criminal cases.

### B. INDICTMENTS AND PLEADINGS.

10. Grand jurors authorized to administer oaths.
11. Form of indictments. Formal objections to indictment to be made before the jury is sworn. Amendments on demurrer, &c.
12. Variances between written instruments, as produced and laid in the indictment, amendable.
13. Immaterial variances between indictment and proof amendable.
14. Manner of laying the ownership of property in cases of partners and joint owners.
15. Manner of charging frauds against partners and joint owners.
16. Manner of laying property of counties, cities, townships, &c.
17. Forms of indictment in cases of forging, stealing and embezzling, or cheating by false pretences.
18. Forms in other cases.
19. Intent to defraud particular persons need not be alleged or proven in cases of forging, uttering or false pretences.
20. In indictments for murder and manslaughter, means by which the injury was inflicted need not be specified.
21. Requisites of an indictment for perjury.
22. Requisites of an indictment for subornation of perjury.
23. Indictment for duelling.
24. Counts for receiving and stealing may be joined.
25. Issue and trial in criminal cases.
26. Prisoners standing mute.
27. Prosecutor's name to be indorsed on the indictment.
28. Distinct acts of embezzlement may be charged in the same indictment.
29. Nolle prosequi.
30. Pleas of autrefois convict or autrefois acquit.

### C. COURTS OF CRIMINAL JURISDICTION.

31. Courts of oyer and terminer.
32. Quarter sessions. When causes to be certified to the oyer and terminer. Powers of the courts.
33. Writs of error and certiorari.

### D. OF THE TRIAL.

34. Persons under bail not to be placed in the criminal bar.
35. Persons indicted for treason to have a copy of the indictment.
36. Peremptory challenges.

37. Challenges by the commonwealth.
38. How challenges are to be conducted.
39. How challenges are to be determined.
40. Of the trial of persons jointly indicted, and joint challenges.
41. How tales may be awarded and juries summoned.
42. Of juries de medietate linguæ.
43. Of the place of trial of treason.
44. Of the place of trial of accessories before the fact.
45. Of the place of trial of accessories after the fact.
46. Of felonious striking or poisoning in one county, and death in another.
47. Of felonious striking or poisoning in the state, and death out of the state.
48. Proof of offences committed near county lines.
49. Proof of offences committed during journeys.
50. Party indicted for felony or misdemeanor may be found guilty of attempt to commit the same.
51. Persons tried for misdemeanor not to be acquitted if the offence turn out to be felony.
52. Witnesses entitled to restitution to be competent.
53. Cure of defects in jury process by verdict.
54. Of the trial of prisoners committed.
55. Witnesses in forgeries.
56. Witnesses not to be imprisoned except in certain cases.
57. Bills of exceptions and writs of error allowed.
58. Written opinions to be filed.
59. Granting of writs of error regulated.
60. From whence writ of error shall issue.
61. Proceedings after affirmance or reversal of judgment.

### E. OF COSTS.

62. Power of grand and petit jurors over costs.
63. Of the defendant's costs.
64. Of payment of costs generally.
65. Costs where separate bills are presented against joint offenders.

### F. GENERAL PROVISIONS.

66. Insane prisoners. Jury to find the fact of insanity. Defendant to be detained in custody.
67. Where defendant is found insane upon arraignment.
68. Where prisoner brought up to be discharged appears to be insane.
69. Insane defendant to be delivered up to his friends or to the overseers, on security being given.
70. How expenses to be paid in such cases.
71. Civil actions against felons.
72. Executions upon sentences of restitution.
73. Outlawry.
74. Sentences of separate or solitary confinement.
75. Sentences of separate or solitary confinement of less than one year, and simple imprisonment.
76. Executions in capital cases.
77. Limitation of prosecutions.
78. Fines to be decreed to be paid to the state for the use of the county.

## A. PROCEEDINGS TO DETECT THE COMMISSION OF CRIMES.

Warrants of arrest, &c.

1. The judges of the supreme court, of the court of oyer and terminer and jail delivery, of the courts of quarter sessions, or any of them, shall and may direct their writs and precepts to the sheriffs and coroners of the several counties within this commonwealth, when need shall be, to take persons indicted for felonies, or other offences,

Subpœnas.

before them, who may dwell, remove or be received into another county; and it shall and may be lawful to and for the said judges, or any of them, to issue subpœnas into any county of the commonwealth, for summoning and bringing any person to give evidence in any matter or cause before them, or any of them, and to compel obedience to such writs, precepts or subpœnas, by attachment or otherwise, and under such pains and

192. Act 31 March 1860, § 183. P. L. 426.  193. Ibid. § 184.  1. Act 31 March 1860, § 1. P. L. 428.

system by the 13th section of the act of 22d April 1794, 3 Sm. 190; it will also be found in the punishments provided by the act of 23d April 1829, 10 Sm. 430. Report on the Penal Code 38.
(a) This section is taken from the 13th section of the act of

& R. 289.  11 S. & R. 345.  Bright. R. 69.  13 S. & R. 426.  9 R. 457.  5 R. 64.  1 Ash. 46.  7 Am. L. R. 620.
(b) This section explains the meanings of general terms which have been used for the sake of brevity. Report on the Penal Code 39.

penalties as other writs or subpœnas are or ought by law to be granted and awarded; and that it shall be lawful for said judges, or any of them, if they see fit to direct such writ, precept, summons, subpœna or attachments, to be executed by the sheriff of the county in which the same is awarded, which said writ, precept, summons or subpœna, shall be the sufficient warrant of such sheriff for executing the same throughout this commonwealth, as fully and effectually as if directed to, and executed by the sheriff of the proper county where issued: *Provided,* That the reasonable expenses of executing such process, when issued on behalf of the commonwealth, shall be paid out of the funds of the county where issued; and the expenses of removing any person charged with having committed an offence in one county into another county, or of transporting any person charged with having committed any offence in this state from another state into this state for trial, or for conveying any person, after conviction, to the penitentiary, shall be paid out of the treasury of the county where the offence is charged to have been committed.(*a*) *[margin: Expenses.]*

2. Where any person charged with having committed any felony,(*b*) in any city or county of this commonwealth, shall go or escape into any other county thereof, it shall and may be lawful for the president, or any judge of the court of common pleas in the county where the said person may be found, to issue his warrant, authorizing and requiring the sheriff of the said county, to take the said person and conduct him to the proper county, where the said felony is alleged to have been committed, the expenses of which shall be paid to the said sheriff by the county to which the said person is conducted.(*c*) *[margin: Escapes into another county.]*

3. In case any person against whom a warrant may be issued by any judge or alderman of any city, or justice of the peace of any county in this commonwealth, for any offence there committed, shall escape, go into, reside or be in any other city or county out of the jurisdiction of the judge, alderman, justice or justices of the city or county granting such warrant as aforesaid, it shall and may be lawful for, and it is hereby declared to be the duty of any alderman, justice or justices of the city or county where such person shall escape, go into, reside or be, upon proof being made, upon oath or affirmation, of the handwriting of the judge, alderman, justice or justices granting such warrant, to indorse his or their name or names on such warrant, which shall be sufficient authority to the person or persons bringing such warrant, and to all other persons to whom such warrant was originally directed, to execute the same in such other city or county, out of the jurisdiction of the alderman, justice or justices, granting such warrant as aforesaid, and to apprehend and carry such offender before the alderman, justice or justices who indorsed such warrant, or some other alderman, justice or justices of such other city and county where such warrant was indorsed. And in case the offence for which such offender shall be so apprehended, shall be bailable in law by an alderman or justice of the peace, and such offender shall be willing and ready to give bail for his appearance at the next court of general jail delivery or quarter sessions, to be held in and for the city and county where the offence was committed, such alderman, justice or justices shall and may take such bail for his appearance, in the same manner as the alderman or justice of the peace of the proper city or county might have done; and the said alderman, justice or justices of the peace of such other city or county so taking bail, shall deliver or transmit such recognisance and other proceeding to the clerk of the court of general jail delivery or quarter sessions, where such offender is required to appear by virtue of such recognisance, and such recognisance and other proceedings shall be as good and effectual in law as if the same had been entered into, taken or acknowledged in the proper county where the offence was committed, and the same proceedings shall be had therein. And in case the offence for which such offender shall be apprehended in any other city or county, shall not be bailable in law by an alderman or justice of the peace, or such offender shall not give bail for his appearance at the proper court having cognisance of his crime, to the satisfaction of the alderman or justice before whom he shall be brought, then the constable or other person so apprehending such offender, shall carry and convey him before one of the aldermen or justices of the peace of the proper city or county where such offence was committed, there to be dealt with according to law.(*d*) *[margin: Backing warrants.]* *[margin: Bail.]* *[margin: Removal.]*

4. No action of trespass, or false imprisonment, or information, or indictment, shall be brought, sued, commenced, exhibited or prosecuted by any person, against the alderman, justice or justices, who shall indorse such warrant, for or by reason of his or their indorsing the same, but such person shall be at liberty to bring or prosecute his or their action or suit against the alderman or justice who originally granted the warrant.(*e*) *[margin: Magistrates backing such warrants to be indemnified.]*

5. When any person shall be accused before a magistrate, upon oath or affirma- *[margin: Disposition of property]*

2. Act 31 March 1860, § 2. P. L. 429.    3. Ibid. § 3.    4. Ibid. § 4.    5. Ibid. § 5.

(*a*) This section is composed of the 8th section of the act of 22d May 1722, 1 Sm. 138; of the 14th section of the act of 23d September 1791, 3 Sm. 43; and of the 2d section of the act of 25th April 1846, P. L. 406. It is not proposed to repeal all the 8th section of the act of 1722, because part of it equally applies to civil as well as criminal proceedings. Report on the Penal Code 39. The county is not liable for the expenses incurred in an unsuccessful attempt to arrest a fugitive from justice, who has taken refuge in another state. 8 C. 540.

(*b*) This does not extend to misdemeanors; a fugitive charged with having committed a misdemeanor in another county can

only be arrested under the provisions of the succeeding section. Grant 218.

(*c*) This section is taken from the 3d section of the act of 4th April 1807, 4 Sm. 393. Report on the Penal Code 39.

(*d*) A warrant issued by a justice of the peace in one county, and indorsed by a justice of another county, charging a misdemeanor to have been committed in the county whence the warrant issued, will not justify the detention of the offender in the jail of the county where the warrant was indorsed. Grant 218.

(*e*) The 3d and 4th sections are taken from the act of 16th April 1827, 9 Sm. 424. Report on the Penal Code 39.

*supposed to be stolen, found in the possession of one accused.* tion, of the crime of burglary, robbery or larceny, and the said magistrate shall have issued his warrant to apprehend such person or persons, or to search for such goods as have been described, on oath or affirmation, to have been stolen goods, if any shall be found in the custody or possession of such person or persons, or in the custody or possession of any other person or persons, for his, her or their use, and there is probable cause, supported by oath or affirmation, to suspect that other goods, which may be discovered on such search, are stolen, it shall and may be lawful for the said magistrate to direct the said goods to be seized, and to secure the same in his own custody, unless the person in whose possession the same were found shall give sufficient surety to produce

*Inventory.* the same at the time of his or her trial. And the said magistrate shall forthwith cause an inventory to be taken of the said goods, and shall file the same with the clerk of that court in which the accused person is intended to be prosecuted, and shall give public

*Notice.* notice in the newspapers, or otherwise by advertising the same in three or more public places in the city or county where the offence is charged to have been committed, before the time of trial, noting in such advertisement the said inventory, the person charged

*Restitution.* and time of trial. And if, on such trial, the accused party shall be acquitted, and no other claimant shall appear or suit be commenced, then, at the expiration of three months, such goods shall be delivered to the party accused, and he, she or they shall be discharged, and the county be liable to the costs of prosecution ; but if he be convicted of larceny only, and, after restitution made to the owner and the sentence of the court being fully complied with, shall claim a right in the residue of the said goods, and no other shall appear or claim the said goods, or any part of them, then it shall be lawful, notwithstanding the claim of the said party accused, to detain such goods for the term of nine months, to the end that all persons having any claim thereto may have full opportunity to come, and to the satisfaction of the court, prove their property in them : on which proof the said owner or owners, respectively, shall receive the said goods, or the value thereof, if from their perishable nature it shall have been found necessary to make sale thereof, upon paying the reasonable charges incurred by the securing the said goods and establishing their property in the same ; but if no such claim shall be brought and duly supported, then the person so convicted shall be entitled to the remainder of the said goods, or the value thereof, in case the same shall have been sold agreeably to

*When to be delivered to county commissioners.* the original inventory. But if, upon an attainder of burglary or robbery, the court shall, after due inquiry, be of opinion that the said goods were not the property of such burglar or robber, they shall be delivered, together with a certified copy of the said inventory, to the commissioners of the county, who shall indorse a receipt therefor on the original inventory, register the said inventory in a book, and also cause the same to be publicly advertised, giving notice to all persons claiming the said goods to prove their property therein to the said commissioners ; and unless such proof shall be made within three months from the date of such advertisement, the said goods shall be publicly sold, and the net moneys arising from such sale shall be paid into the county treasury for the use

*Disposition of proceeds.* of the commonwealth : *Provided always,* That if any claimant shall appear within one year, and prove his or her property in the said goods to the satisfaction of the commissioners, or in the case of dispute, shall obtain the verdict of a jury in favor of such claim, the said claimant shall be entitled to recover, and receive from the said commissioners, or treasurer, the net amount of the moneys paid as aforesaid into the hands of the said commissioners, or by them paid into the treasury of this commonwealth.(a)

*Surety of the peace.* 6. If any person shall threaten the person of another to wound, kill or destroy him, or to do him any harm in person or estate,(b) and the person threatened shall appear before a justice of the peace, and attest, on oath or affirmation, that he believes that by such threatening he is in danger of being hurt in body or estate, such person so threatening as aforesaid, shall be bound over, with one sufficient surety, to appear at the next sessions,(c) according to law, and in the meantime to be of his good behavior, and keep the peace toward all citizens of this commonwealth.(d) If any person, not being an officer on duty in the military or naval service of the state or of the United States, shall go armed with a dirk, dagger, sword or pistol, or other offensive or dangerous weapon, without reasonable cause to fear an assault or other injury or violence to his family, person or property, he may, on complaint of any person having reasonable cause to fear a breach of the peace therefrom, be required to find surety of the peace as aforesaid.(e)

*Bail.* 7. In all cases the party accused, on oath or affirmation, of any crime or misdemeanor against the laws, shall be admitted to bail by one or more sufficient sureties, to be taken before any judge, justice, mayor, recorder or alderman where the offence charged has been committed, except such persons as are precluded from being bailed by the constitution of this commonwealth :(g) *Provided also,* That persons accused as aforesaid, of

6. Act 31 March 1860, § 6. P. L. 432.                                    7. Ibid. § 7.

(a) This section is taken from the 10th section of the act 23d September 1791, 3 Sm. 42. Report on the Penal Code 39.
(b) Surety of the peace is demandable of right by any individual who will make the necessary oath. 1 B. 102, n. See 1 Ash. 46.   2 P. 458.
(c) A committing magistrate has no authority to bind a person to keep the peace, or for his good behavior, longer than the next term of the court.   2 P. 458.
(d) Surety for good behavior may be ordered by the court, after the acquittal of a prisoner, in such sum. and for such length of time, as the public safety requires. 2 Y. 437, 4 1s. 316.

339.   2 Hayw. 73–4.   See 12 Eng. L. & Eq. 462.
(e) This section is partly taken from the act of 1700. 1 Sm. 5, the addition thereto provided by this section, against the unnecessarily carrying deadly weapons, is introduced from an obvious necessity, arising from daily experience and observation.   Report on the Penal Code 39.
(g) A justice may take bail after commitment for trial. 6 W & S. 314.   2 P. 458.   And see 7 W. 454.   5 B. 512.   1 Sm. 57. n
A recognisance taken by a justice to answer the charge of arson is coram non judice, and void. Com. v. Phillips, 2 U S. Law J. 316.

murder or manslaughter, shall only be admitted to bail by the supreme court or one of the judges thereof, or a president or associate law judge of a court of common pleas: persons accused, as aforesaid, of arson, rape, mayhem, sodomy, buggery, robbery or burglary, shall only be bailable by the supreme court, the court of common pleas, or any of the judges thereof, or a mayor or recorder of a city.(a)

8. All sureties, mainpernors, and bail in criminal cases, whether bound in recogni- Surrender of sances for a particular matter or for all charges whatsoever, shall be entitled to have a bail. bail-piece, duly certified by the proper officer or person before whom or in whose office the recognisance of such surety, mainpernors or bail shall be or remain, and upon such bail-piece, by themselves, or their agents, to arrest and detain, and surrender their principals, with the like effect as in cases of bail in civil actions ;(b) and such bail-piece shall be a sufficient warrant or authority for the proper sheriff or jailor to receive the said principal, and have him forthcoming to answer the matter or matters alleged against him : *Provided*, That nothing herein contained shall prevent the person thus arrested and detained from giving new bail or sureties for his appearance, who shall have the same right of surrender hereinbefore provided.(c)

9. In all cases where a person shall, on the complaint of another, be bound by recog- Settlement nisance to appear, or shall, for want of security, be committed, or shall be indicted for of criminal an assault and battery or other misdemeanor, to the injury and damage of the party cases. complaining, and not charged to have been done with intent to commit a felony, or not being an infamous crime, and for which there shall also be a remedy, by action, if the party complaining shall appear before the magistrate who may have taken recognisance or made the commitment, or before the court in which the indictment shall be, and acknowledge to have received satisfaction for such injury and damage, it shall be lawful for the magistrate, in his discretion, to discharge the recognisance which may have been taken for the appearance of the defendant, or in case of committal, to discharge the prisoner, or for the court also where such proceeding has been returned to the court, in their discretion, to order a *nolle prosequi* to be entered on the indictment, as the case may require, upon payment of costs : *Provided*, That this act shall not extend to any assault and battery, or other misdemeanor, committed by or on any officer or minister of justice.(d)

## B. INDICTMENTS AND PLEADINGS.

10. The foreman of any grand jury, or any member thereof, is hereby authorized and Grand jurors empowered to administer the requisite oaths or affirmations to any witness whose name may administ- may be marked by the district attorney on the bill of indictment.(e) ister oaths.

11. Every indictment shall be deemed and adjudged sufficient and good in law which Form of charges the crime substantially in the language of the act of the assembly prohibiting indictments. the crime, and prescribing the punishment, if any such there be, or, if at common law, so plainly that the nature of the offence charged may be easily understood by the jury. Formal ob- Every objection to any indictment for any formal defect, apparent on the face thereof, jections to shall be taken by demurrer, or on motion to quash such indictment, before the jury shall indictments. be sworn, and not afterward ; and every court, before whom any such objection shall be Amend- taken for any formal defect, may, if it be thought necessary, cause the indictment to be ments on forthwith amended in such particular, by the clerk or other officer of the court, and &c. demurrer, thereupon the trial shall proceed as if no such defect appeared.(g)

8. Act 31 March 1860, § 8   P. L. 432.        9. Ibid. § 9.        10. Ibid. § 10.        11. Ibid. § 11.

(a) This section is a consolidation of the first clause of the act of 1705, 1 Sm. 56; and the first section of the act of 30th April 1832, P. L. 388.  Report on the Penal Code 39.

(b) See 1 T. & H. Pr. 305-10.

(c) This section is taken from the 3d section of the act of 10th April 1848, P. L. 449.  Report on the Penal Code 40.

(d) This section is an extension of the existing law of the 17th March 1806, 4 Sm. 318.  Report on the Penal Code 40.

(e) This is taken from the 1st section of the act 5th April 1826, 9 Sm. 136.  That witnesses, whose names had not been marked by the district attorney on the bill of indictment, were sworn and examined by the foreman of the grand jury, is not pleadable in bar; at most, it is only ground for a motion to quash.  Tillard v. Com., 13 Leg. Int. 132.

(g) Sections 11 to 22 are all new, and are certainly not the least important in the proposed amendments of our penal system.  The history of criminal administration abounds with instances in which the guilty have escaped, by reason of the apparently unreasonable nicety required in indictments.  Lord Hale, one of the best, and most humane of English judges, long since remarked, that such niceties were "grown to be a blemish and an inconvenience in the law, and the administration thereof; that more offenders escaped by the easy ear given to exceptions to indictments, than by the manifestations of their innocence, and that the grossest crimes had gone unpunished, by reason of these unseemly niceties."  The reason for recognising these subtilties by the common law, no doubt arose from the humanity of the judges, who, in administering a system in which the punishment of death followed almost every conviction of felony, were naturally disposed, in favor of life, to hold the crown to the strictest rules.  Since, however, the reform of the penal laws, and the just apportionment of punishment to crimes according to their intrinsic atrocity and danger, the reason which led to the adoption of these technical niceties has ceased, and with the cessation of the reason, the technicalities themselves should be expunged from our system.  The 11th section of this act proposes what the com-

missioners believe will be an effective remedy to this reproach of the common law, without depriving the accused of any proper privilege; it leaves him, at the outset of his trial, to determine whether he will question the relevancy of his accusation, or take issue on the merits of the charge; if he elects the latter, and is condemned, there seems neither moral nor legal fitness in permitting him to urge formal exceptions, which, if suggested, at an early period, would have been promptly corrected.  The 12th and 13th sections are intended to meet cases of frequent occurrence, in which, although an indictment is strictly formal, yet, owing to some accidental slip in its preparation, it is found on the trial that the proofs do not entirely tally with the description of the instrument set forth in the indictment, or in the names of persons or places described therein.  By the law as it now stands, where written instruments enter into the gist of the offence, as in forgery, passing counterfeit money, selling lottery tickets, sending threatening letters, &c., they are required to be set out in words and figures; the omission of a figure in an indictment for forgery is fatal.  In the case of Com. v. Gillespie, 7 S. & R. 469, a mistake in spelling the name of "Burrall," which in the indictment was spelled "Burrill," was adjudged fatal after verdict.  So, a variance between the names of the persons aggrieved, and places described in the indictment, and the proofs thereof on trial, will entitle the defendant to an acquittal, on the ground of the want of agreement between the allegata and the probata.  The proposed sections authorize the courts to amend such verbal errors, if objected to; and thus terminate a class of technical niceties, which are a reproach to the rational administration of justice.  The 14th and 15th sections avoid the existing necessity of setting forth, in indictments, the names of numerous individuals, owners of property feloniously or fraudulently taken, or maliciously injured or destroyed; it will serve to reduce the voluminousness of such indictments, and can do no possible injury to the defendant, who cannot be interested in the fact, whether one person is, or one hundred persons are the owners of property in regard to

**Variances between written instruments as produced and laid in indictment amendable.**

12. It shall be lawful for any court of criminal jurisdiction, if such court shall see fit so to do, to cause the indictment for any offence whatever, when any variance or variances shall appear between any matter in writing or in print, produced in evidence, and the recital or setting forth thereof in the indictment whereon the trial is pending, to be forthwith amended in such particular or particulars, by some officer of the court, and after such amendment the trial shall proceed in the same manner, in all respects, as if no such variance or variances had appeared.

**Immaterial variances between indictment and proof amendable.**

13. If, on the trial of any indictment for felony or misdemeanor, there shall appear to be any variance between the statement of such indictment and the evidence offered in proof thereof, in the name of any place mentioned or described in any such indictment; or in the name or description of any person or persons or body politic or corporation therein stated, or alleged to be the owner or owners of any property, real or personal, which shall form the subject of any offence charged therein; or the name or description of any person or persons, body politic or corporate therein stated or alleged to be injured or damaged, or intended to be injured or damaged, by the commission of such offence; or in the Christian name or surname, or both Christian and surname, or other description whatsoever of any person or persons whomsoever therein named or described; or in the name or description of any matter or thing whatsoever therein named or described; or in the ownership of any property named or described therein; it shall and may be lawful for the court before whom the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defence upon such merits, to order such indictment to be amended, according to the proof, by some officer of the court, both in that part of the indictment wherein said variance occurs, and in every other part of the indictment in which it may become necessary to amend; and after such amendment, the trial shall proceed in the same manner, in all respects, and with the same consequences, as if no variance had occurred. And every verdict and judgment which shall be given after making such amendment, shall be of the same force and effect, in all respects, as if the indictment had originally been in the same form in which it was after such amendment was made.

**Manner of laying the ownership of property in cases of partners and joint owners.**

14. In order to remove the difficulty of describing the ownership of property, in the case of partners and joint owners, in any indictment for any felony or misdemeanor committed on or with respect to any money, chattels, bond, bill, note or other valuable security or effects belonging to or in the possession of any partners or joint owners, it shall be sufficient to aver that the particular subject-matter on which or with respect to which any such offence shall have been committed, to be the property of some one or more of the partners or joint owners named in the indictment, and of other persons being partners or joint owners with him or them, without stating any of the names of such other persons; and in any indictment for any felony or misdemeanor, committed on or with respect to any house or building whatsoever, belonging to or in the possession of any partners or joint owners, or for any felony or misdemeanor committed on or with

---

12. Act 31 March 1860, § 12. P. L. 433.   13. Ibid. § 13.   14. Ibid. § 14.

---

which he is charged with having committed a felony or misdemeanor. The 16th section refers to public property, and rests on the same principle as the fourteenth and fifteenth sections. The 17th and 18th sections will enable the criminal pleader to simplify hereafter the forms of indictments in forgery, and facilitate him in averring instruments necessary to be recited in any other indictment. The 12th and 13th sections contemplate the amendment of indictments, framed according to the existing law, where an accidental error occurs between the instrument and names described, and those offered in proof. These sections strike at the root of the evil sought to be eradicated, by giving the pleader the option to prepare his indictment in such a way as to avoid, altogether, such difficulties; which can be done with ordinary care and caution. The 19th section contemplates avoiding the necessity of specifically describing the parties intended to be defrauded, and the embarrassing the proofs, in any case, with a question not really material to the issue. In forgeries, uttering and passing forged money, and in cheating by false pretences (the crimes contemplated by the section), the gist of the offence is, that the act charged was committed with an intent to defraud; an indictment containing that averment, should be sufficient, without requiring the pleader to go into the description of who was the party intended to be defrauded; a mistake in whom would acquit the accused, although that jury should be convinced that he had forged or uttered false money, or had been guilty of cheating by false pretences, with intent to defraud. The 20th section, providing for indictments for murder and manslaughter, from the nature and consequences of these offences, require that a somewhat detailed explanation of the reasons which have led to their introduction should be given. By the common law, in an indictment for murder, it is essentially necessary to set forth, particularly, the manner of the killing and the means by which it was effected; if a person be indicted for one species of killing, as by poisoning, he cannot be convicted by evidence of a different species of death, as by shooting, starving or strangling. A few cases will serve to illustrate how far this principle has been carried. In Rex v. Kelly, 1 Mood. Cro. Cas. 113, decided in 1825, the indictment charged that the prisoner struck the deceased with a piece of brick, and it appeared probable that the prisoner had not struck with the brick, but that he struck with his fist, and that the deceased fell from the blow upon a piece of brick, and that the fall on the brick was the cause of the death; it was unanimously held by the twelve judges of England, on a case reserved, that the cause of death had not been truly stated, and the prisoner was discharged. So, in Rex v. Martin, 5 C. & P. 128, where the indictment charged the wound to have been inflicted by a blow with a hammer, held in the prisoner's hand, and it appeared that the injury might have been occasioned by a fall against the lock or key of a door, it was held, that if the injury was occasioned by a fall against the lock or key of a door, produced by the act of the defendant, the indictment was not sufficient. In Rex v. Hughes, 5 C. & P. 126, decided in 1832, the prisoner was indicted for an attempt to murder, by shooting the injured party with a pistol loaded *with a leaden bullet*; on the trial, no evidence was produced to actually prove that the pistol was loaded with a leaden bullet, none having been found either in the wound, or in the room where the wound was inflicted; the surgeon, examined in the case, testified that the wadding, if rammed tight, might have produced the effect without any ball; in this state of the evidence, the court ruled, that the indictment was not sufficiently proved, and the defendant was acquitted. It is true, that the courts have drawn a distinction, which rendered their rulings in indictments for homicide, as to the manner and cause of the death, more reconcilable with reason, to wit: that where the instrument laid in the indictment, and the instrument proved, are of the same nature and character, there is no variance, as if the wound is charged to have been inflicted with a dagger or knife, proof is sufficient which establishes the wound to have been inflicted with a sword, spear or the like; so, if the indictment allege a death by one kind of poison, proof of death by another kind of poison will support it. The section under consideration proposes to go one step in advance of this doctrine, by declaring that it shall hereafter be sufficient, in an indictment for murder, to charge that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased; without going into the details of the cause and manner of the death, which the cases cited show only tends to create unnecessary difficulties on the trial, and often results in the complete defeat of justice. The 21st and 22d sections are intended to simplify indictments for perjury and subornation of perjury, which are now extremely voluminous and technical; these characteristics of indictments for these crimes, are so familiar to all criminal lawyers, as to render it unnecessary to enter into any details on the subject. The sections recommended for adoption will remedy these evils, and place indictments for these crimes on a rational footing. Report on the Penal Code 40–3.

respect to any property being in any such house or building, it shall be sufficient to aver that the particular house or building on or with respect to which, or on or with respect to the property being in which, any such offence shall have been committed, is the property of some one or more of the partners or joint owners named in the indictment, and of other persons being partners or joint owners with him or them, without stating any of the names of such other persons.

15. With regard to frauds committed against partners and joint owners, it shall be sufficient in any indictment for any felony or misdemeanor committed with intent to defraud any partners or joint owners, to allege that the act was committed with intent to defraud any one or more of the partners or joint owners named in the indictment, and other persons being partners or joint owners with him or them, without stating any of the names of such other persons. *Manner of charging frauds against partners and joint owners.*

16. With respect to property belonging to counties, cities, townships and districts, it shall be sufficient in any indictment for any felony or misdemeanor committed on or with respect to any goods, chattels, furniture, provisions, clothes, tools, utensils, materials or things whatsoever, which have been or at any time shall be provided for or at the expense of any county, city, township or district, to be used in any court, jail, house of correction, almshouse, or other building or place, or in any part thereof respectively, or to be used for the making, altering or repairing of any bridge or road, to aver that any such things are the property of such county, city, township or district. *Manner of laying property of counties, cities, townships, &c.*

17. In any indictment for forgery, uttering, stealing, embezzling, destroying or concealing, or obtaining by false pretences, any instrument, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or fac-simile thereof, or otherwise describing the same or the value thereof. *Forms of indictment in cases of forging, stealing, embezzling, &c.*

18. In all other cases whatsoever in which it shall be necessary to make any averment in any indictment, as to any instrument, whether the same consists wholly or in part of writing, print or figures, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, and in such manner as to sufficiently identify such instrument, without setting out any copy or fac-simile of the whole or any part thereof. *Forms in other cases.*

19. It shall be sufficient in any indictment for forging, uttering, offering, disposing of, or putting off any instrument whatsoever, or for obtaining or attempting to obtain any property by false pretences, to allege that the defendant did the act with intent to defraud, without alleging the intent of the defendant to be to defraud any particular person; and on the trial of any of the offences in this section mentioned, it shall not be necessary to prove any intent on the part of the defendant to defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged with an intent to defraud. *Intent to defraud particular persons, need not be alleged or proven in certain cases.*

20. In any indictment for murder or manslaughter, it shall not be necessary to set forth the manner in which, or the means by which the death of the deceased was caused, but it shall be sufficient in every indictment for murder, to charge that the defendant did feloniously, wilfully and of his malice aforethought, kill and murder the deceased; and it shall be sufficient in every indictment for manslaughter, to charge that the defendant did feloniously kill and slay the deceased.(a) *Indictments for murder and manslaughter.*

21. In every indictment for wilful and corrupt perjury, it shall be sufficient to set forth the substance of the offence charged, and in what court, or before whom the oath or affirmation was taken, averring such court or person or body to have competent authority to administer the same, together with the proper averment, to falsify the matter wherein the perjury is assigned, without setting forth the information, indictment, declaration or part of any record or proceeding, other than as aforesaid, and without setting forth the commission or authority of the court, or person, or body before whom the perjury was committed. *Requisites of indictment for perjury.*

22. In every indictment for subornation of perjury, or for corrupt bargaining, or contracting with others to commit wilful and corrupt perjury, it shall be sufficient to set forth the substance of the offence, without setting forth the information, indictment, declaration or part of any record or proceedings, and without setting forth the commission or authority of the court, or person or body before whom the perjury was committed, or was agreed or promised to be committed. *Requisites of indictment for subornation of perjury.*

23. In cases arising under the laws of this commonwealth for the restraint of the horrid practice of duelling, it shall be sufficient to form an indictment generally, against either of the principals for challenging another to fight at deadly weapons, and notwithstanding it may appear on the trial that the defendant only accepted the challenge, it shall be sufficient to convict and render him liable to the penalties of the law; and in like manner an indictment against the seconds may be framed generally, for carrying and delivering a challenge, and proof of the mere act of fighting, and the defendant being present thereat, shall be sufficient to convict the defendant upon an indictment so framed; and if the duel shall take place within this commonwealth, the mere fact of fighting shall be full and complete evidence of the charges, respectively, of giving or receiving, or of carrying or delivering a challenge, without other proof thereof.(b) *Indictment for duelling.*

15. Act 31 March 1860, § 15. P. L. 434.   18. Ibid. § 18.   21. Ibid. § 21.
16. Ibid. § 16.                           19. Ibid. § 19.   22. Ibid. § 22.
17. Ibid. § 17.                           20. Ibid. § 20.   23. Ibid. § 23.

(a) An indictment drawn in conformity with the provisions of this section is not in conflict with the constitutional proviso, that "in all criminal prosecutions, the accused shall have a right to be informed of the nature and cause of the accusation against him." 1 Wr. 109.   (b) This section is taken from the 3d section of the act of 31st May 1806, 4 Sm. 354. Report on the Penal Code 42.

**Counts for stealing and receiving, may be joined.**   24. In every indictment for feloniously stealing property, it shall be lawful to add a count for feloniously receiving the said property, knowing it to have been stolen; and in any indictment for feloniously receiving property, knowing it to have been stolen, it shall be lawful to add a count for feloniously stealing said property; and it shall be lawful for the jury trying the same, to find a verdict of guilty either of stealing the property, or of receiving the same, knowing it to have been stolen; and if such indictment shall have been preferred and found against two or more persons, it shall be lawful for the jury who shall try the same, to find all or any of the said persons guilty of either stealing the property or of receiving it, knowing it to have been stolen, or to find one or more of the said persons guilty of stealing the property, and the other or others of them guilty of receiving it, knowing it to have been stolen.(a)

**Issue and trial in criminal cases.**   25. In all cases of felony the prisoner shall be arraigned, and where any person on being so arraigned shall plead not guilty, every such person shall be deemed and taken to put himself upon the inquest or country for trial, without any question being asked of him how he will be tried, and the inquest shall be charged only to inquire whether he be guilty or not guilty of the crime charged against him, and no more. And wherever a person shall be indicted for treason or felony, the jury impannelled to try such person shall not be charged to inquire concerning his lands, tenements or goods, nor whether he fled for such treason or felony.(b)

**Prisoners standing mute.**   26. If any prisoner shall, upon his arraignment for any offence with which he is indicted, stand mute, or not answer directly, or shall peremptorily challenge above the number of persons summoned as jurors for his trial to which he is by law entitled, the plea of not guilty shall be entered for him on the record,(c) the supernumerary challenges shall be disregarded, and the trial shall proceed in the same manner as if he had pleaded not guilty, and for his trial had put himself upon the country.(d)

**Prosecutor's name to be indorsed on indictment.**   27. No person shall be required to answer to any indictment for any offence whatsoever, unless the prosecutor's name, if any there be, is indorsed thereon; and if no person shall avow himself the prosecutor, the court may hear witnesses, and determine whether there is such a private prosecutor, and if they shall be of opinion that there is such a prosecutor, then direct his name to be indorsed on such indictment.(e)

**Distinct acts of embezzlement may be charged in same indictment.**   28. It shall be lawful in cases of embezzlement by clerks, servants or other persons in the employ of another, to charge in the indictment, and proceed against an offender for any distinct acts of embezzlement, not exceeding three, which may have been committed by him against the same master or employer, within the space of six calendar months, from the first to the last of such acts, and in every such indictment, except where the offence shall relate to a chattel, it shall be sufficient to allege the embezzlement to be of money, without specifying any particular coin or valuable security; and such allegation, so far as regards the description of the property, shall be sustained, if the offender shall be proved to have embezzled any amount, although the particular species of coin or valuable security of which such amount was composed, shall not be proved, or if he shall be proved to have embezzled any piece of coin or valuable security, or any portion of the value thereof, although such piece of coin or valuable security may have been delivered to him in order that some part of the value thereof should be returned to the party delivering the same, and such part shall have been returned accordingly.(g)

**Nolle prosequi.**   29. No district attorney shall, in any criminal case whatsoever, enter a *nolle prosequi*, either before or after bill found, without the assent of the proper court in writing first had and obtained.(h)

**Plea of autrefois convict, or autrefois acquit.**   30. In any plea of *autrefois acquit*, or *autrefois convict*, it shall be sufficient for any defendant to state, that he has been lawfully convicted or acquitted, as the case may be, of the offence charged in the indictment.(i)

---

24. Act 31 March 1860, § 24. P. L. 436.     26. Ibid. § 26.     28. Ibid. § 28.     30. Ibid. § 30.
25. Ibid. § 25.                     27. Ibid. § 27.     29. Ibid. § 29.

(a) This section is new, and is intended to remedy difficulties arising from the common law doctrines in relation to the joinder of offences and joint offenders. At common law, a felony and a misdemeanor, such as burglary and receiving stolen goods, could not be regularly joined: in larceny, counts for receiving were sometimes added, but the practice was regarded as of doubtful legality, until in the cases of Rex v. Galloway, 1 Mood. Cro. Cas. 234, and of Rex v. Madden, 1 Mood. Cro. Cas. 277, it was decided to be erroneous. In Pennsylvania, the uniform practice has been to unite counts for larceny and receiving, but in no other kind of felonious taking has such joinder been permitted. So, at common law, if two persons are charged with jointly receiving stolen goods, a joint act of receiving must be proved; proof that one received in the absence of the other, and afterwards delivered to him, will not suffice. Rex v. Messingham. 1 Mood. Cro. Cas. 257. The proposed section will obviate these technical difficulties, as it permits a count for receiving to be joined with all indictments for felonious taking, and authorizes the conviction of one or more of several persons, jointly indicted, for felonious taking or receiving, either as principals or receivers, according to their actual guilt. Report on the Penal Code 43.

(b) This section is new, and has been introduced to dispense with the useless forms which prevail in some of our criminal courts, following the ancient practice of the common law. Report on the Penal Code 43.

(c) Where a plea of "not guilty" is entered under this section, for a prisoner who stands mute, and there is a trial and

judgment, he cannot subsequently assign for error any matters appertaining to the precept, venire, drawing, summoning and returning of jurors, &c.; such case is within the 53d section of this act. 5 Wh. 67, 78.

(d) This section is taken from the 5th section of the act of 23d September 1791, 3 Sm. 40. Report on the Penal Code 44.

(e) This section is taken from one of the clauses of the act of 1705. 1 Sm. 56. The old law has been so amended as to enable the court to determine the question, in any case, whether there is such a prosecutor, and who he is, and if any, to order his name to be indorsed on the indictment. Report on the Penal Code 44. If there be no proof of a prosecutor, the defendant must plead without such indorsement. 1 D. 5.

(g) The provisions of this section are necessary for preventing the difficulties that may be hereafter experienced in the prosecution of the various fraudulent embezzlements prescribed against by the " Act to consolidate, revise and amend the penal laws of this commonwealth," and particularly by the 107th section thereof (tit. " Crimes" 107), against such embezzlement by clerks, servants and other persons in the employ of others Report on the Penal Code 44.

(h) This section is taken from the proviso to the 1st section of the act of 3d May 1850, P. L. 654. Report on the Penal Code 44. See tit. " District Attorneys," 10, note a.

(i) This section proposes in favor of the accused, to simplify the pleas of heretofore acquitted, and heretofore convicted, and thus relieve them from all technical embarrassments; it is new. Report on the Penal Code 44.

### C. COURTS OF CRIMINAL JURISDICTION.

31. The courts of oyer and terminer and general jail delivery shall have power—(a) Courts of

I. To inquire by the oaths and affirmations of good and lawful men of the county, of all oyer and ter crimes committed, or triable in such county. miner.

II. To hear, determine and punish the same, and to deliver the jails of such county of all prisoners therein, according to law.

III. To try indictments found in the quarter sessions, and certified by the said court according to law ; and the said courts shall have exclusive jurisdiction and power to try and punish all persons charged with any of the crimes herein enumerated, which shall be committed within the respective county, to wit:

(1.) All persons charged with any murder or manslaughter, or other homicide, and all persons charged with being accessory to any such crime.

(2.) All persons charged with treason against the commonwealth.

(3.) All persons charged with sodomy, buggery, rape or robbery, their counsellors, aiders and abettors.

(4.) All persons charged with the crime of voluntarily and maliciously burning any building, or other thing, made punishable in the same manner as arson.(b)

(5.) All persons charged with mayhem, or with the crime of cutting off the tongue, putting out the eye, slitting the nose, cutting off the nose, cutting off a lip, cutting off or disabling any limb or member of a person, by lying in wait, or with malice aforethought, and with intent in so doing to maim or disfigure such person, and their aiders and abettors and counsellors.

(6.) All persons charged with burglary.

(7.) Every woman who shall be charged with having endeavored privately, either by herself or the procurement of others, to conceal the death of any issue of her body, male or female, which, if it were born alive, would be by law a bastard, so that it may not be known whether such issue was born dead or alive, or whether it was murdered or not.

(8.) All persons charged with the second or any subsequent offence of receiving, harboring or concealing any robber, burglar, felon or thief, or with the crime of receiving or buying any goods or chattels, which shall have been feloniously taken or stolen, knowing the same to be so taken or stolen.

32. The courts of quarter sessions of the peace shall have jurisdiction and power within Quarter ses the respective counties— sions.

I. To inquire, by the oaths or affirmations of good and lawful men of the county, of all crimes, misdemeanors and offences whatsoever, against the laws of this commonwealth, which shall be triable in the respective county.

II. To inquire of, hear, determine and punish, in due form of law, all such crimes and misdemeanors and offences, whereof exclusive jurisdiction is not given, as aforesaid, to the courts of oyer and terminer of such county.

III. To take, in the name of the commonwealth, all manner of recognisances and obligations heretofore taken and allowed to be taken by any justice of the peace ; and they shall certify such as shall be taken, in relation to any crime not triable therein, to the next court of oyer and terminer having power to take cognisance thereof.

IV. To continue, or discharge the recognisance and obligations of persons bound to keep the peace, or to be of good behavior, taken as aforesaid, or certified into such court by any justice of the peace of such county, and to inquire of, hear and determine, in the manner hitherto practised and allowed, all complaints which shall be found thereon.

V. The courts of quarter sessions shall also have jurisdiction in cases of fines, penalties or punishments, imposed by any act of assembly, for offences, misdemeanors or delinquencies, except where it shall be otherwise expressly provided and enacted.

VI. The said courts shall also have and exercise such other jurisdiction and powers, not herein enumerated, as may have been heretofore given to them by law.

Whenever any indictment shall be found in any court of quarter sessions, for any crime When cause or offence not triable therein, it shall be the duty of said court to certify the same into to be certifi the court of oyer and terminer next to be holden in such county, there to be heard and ed to the oyer determined in due course of law. and termi ner.

The judges of the county courts of oyer and terminer and quarter sessions, and every Powers of of them, shall have power to direct their writs or precepts to all or any of the sheriffs the courts. or other officers of any of the counties, cities, boroughs or towns corporate of this commonwealth, to arrest and bring before them persons indicted for felonies and other offences, and amenable to the respective court ; each of said courts shall have power to award process to levy and recover such fines, forfeitures and amercements, as shall be imposed, taxed or adjudged by them respectively ; each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively and for expediting the determination of suits, causes and proceedings therein, as in their

31. Act 31 March 1860, § 31. P. L. 437. 32. Ibid. § 32.

(a) The 31st and 32d sections are transcripts from the 14th, 15th, 16th, 17th, 18th, 20th, 21st and 22d sections of the act of 16th June 1836, P. L. 790. It has been thought proper, although left unrepealed, to introduce them here, in order to render these bills a complete consolidation of our statute laws relating to crimes, punishments and criminal procedure. As questions of jurisdiction frequently present themselves in criminal courts, the laws defining and establishing such jurisdiction have their proper place here. The laws in reference to the constitution of these courts are to be found in the "Act relative to the organization of the course of justice," passed April 14, 1834, P. L. 333 ; these have not been interfered with. Report on the Penal Code 44.

(b) See 8 Pittsburgh Leg. J. 290.

discretion they shall judge necessary or proper : *Provided*, That such rules shall not be inconsistent with the constitution and laws of this commonwealth ; each of the said courts is empowered to issue writs of subpœna, under their official seal, into any county of this commonwealth, to summon and bring before the respective court any person to give testimony in any cause or matter depending before them, under the penalties hitherto appointed and allowed, in any such case, by the laws of this commonwealth.

*Writs of error and certiorari.*
33. Every person indicted in any court of quarter sessions, or in any county court of oyer and terminer and general jail delivery, may remove the indictment, and all proceedings thereon, or a transcript thereof, into the supreme court by a writ of certiorari, or a writ of error, as the case may require : *Provided*, That no such writ of certiorari, or writ of error shall issue, or be available, to remove the said indictment and proceeding thereupon, or a transcript thereof, or to stay execution of the judgment thereupon rendered, unless the same shall be specially allowed(*a*) by the supreme court, or one of the justices thereof, upon sufficient cause to it or him shown,(*b*) or shall have been sued out, with the consent of the attorney-general ; which special allowance or consent shall be in writing, and certified on the said writ.(*c*)

### D. OF THE TRIAL.

*Persons under bail not to be placed in the criminal bar.*
34. No person who may hereafter be arraigned on any indictment, and who shall be bound by recognisance to appear and abide by the judgment of the court, shall be placed within the prisoner's bar to plead to such indictment, or be confined therein during his trial ; and all persons shall have an opportunity of a full and free communication with their counsel.(*d*)

*Persons indicted for treason to have copy of indictment.*
35. Every person indicted for treason shall have a copy of the indictment(*e*) and a list of the jury and the witnesses to be produced on the trial for proving such indictment, mentioning the names and places of abode of such jurors and witnesses, delivered to him three whole days before the trial.(*g*)

*Peremptory challenges.*
36. On the trial of any indictment for treason or misprision of treason, murder, manslaughter, concealing the death of a bastard child, rape, robbery, burglary, sodomy, malicious maiming and arson, the accused shall be at liberty to challenge, peremptorily, twenty of the jurors, and on the trial of all other indictments the accused shall be at liberty to challenge, peremptorily, four of the jurors.(*h*)

*Challenges by the commonwealth.*
37. The commonwealth shall have the right, in all cases, to challenge, peremptorily, four persons,(*i*) and every peremptory challenge beyond the number allowed by law in any of the said cases, shall be entirely void, and the trial of such person shall proceed as if no such challenge had been made.

*How challenges are to be conducted.*
38. All challenges in criminal proceedings shall be conducted as follows, to wit: the commonwealth shall challenge one person, and then the defendant shall challenge one person, and so alternately, until all the challenges shall be made ; but if the commonwealth shall refuse to make any challenge, the defendant shall, nevertheless, have the right to challenge the full number allowed him by law.

*How to be determined.*
39. When a challenge for a cause assigned shall be made in any criminal proceeding, the truth of such cause shall be inquired of and determined by the court.(*k*)

*Trial of persons jointly indicted, and joint challenges.*
40. In all cases in which two or more persons are jointly indicted for any offence, it shall be in the discretion of the court to try them jointly or severally, except that in cases of felonious homicide, the parties charged shall have the right to demand separate trials ; (*l*) and in all cases of joint trials, the accused shall have the right to same

---

33. Act of March 1860, § 33. P. L. 439.
34. Ibid. § 34.

35. Ibid. § 35.
36. Ibid. § 36.

37. Ibid. § 37.
38. Ibid. § 38.

39. Ibid. § 39.
40. Ibid. § 40.

(*a*) A writ of error issued without a special allocatur will be quashed.  2 S. & R. 453.  2 Wh. 113.  So, also, if the allocatur be obtained before sentence.  10 S. & R. 319.

(*b*) It is never granted on mere technical matters, not going to the merits.  2 Barr 244.  3 S. & R. 199.  3 Y. 39.  6 B. 403.  4 B. 424.  1 Wh. 525.  There must be strong ground to believe that if the case be not removed, some important principle of law, or the plain justice of the case, will be violated.  4 Pittsburgh Leg. J. 668.

(*c*) This section is taken from the 7th section of the act of 13th April 1791, 3 Sm. 30; and the 9th section of the act of 16th June 1836, P. L. 787.  Report on the Penal Code 44.

(*d*) This section is taken from the act of 28th March 1808, 4 Sm. 529.  Report on the Penal Code 45.

(*e*) The caption is a portion of the indictment, and a copy of it must be furnished to the prisoner.  2 D. 342.

(*g*) The word "trial" here means the trying of the cause by the jury, and not the arraignment and pleading preparatory to such trial by the jury.  4 Mas. 232.  This section is taken from the 29th section of the act of congress of 30th April 1790.  Brightly's U. S. Dig. 221.

(*h*) The 36th, 37th, 38th and 39th sections are intended to supply the 152d, 153d, 154th, 155th and 156th sections of the act of 14th April 1834, P. L. 368.  The changes therein, in reference to challenges, are, that by the 36th section of this act the number of challenges allowed the accused in treason is twenty, whereas by the 152d section of the act of 1834, thirty-five challenges are allowed ; and that by the 154th section of the act of 1834, the commonwealth is interdicted from challenging, without cause, in any case of felony, whereas by the 37th section of the present act, the commonwealth is only interdicted from challenging peremptorily in the cases enumerated in the 36th section, to wit: treason, misprision of treason, murder, manslaughter, concealing the death of a bastard child, rape, robbery, burglary, sodomy, malicious maiming and arson ; and in all other felonies and misdemeanors, is allowed the same num-

ber of challenges as the defendant, to wit: four.  The object of thus extending to the commonwealth the right of challenging, in the minor felonies, the same number of jurors as the defendant, arises from the fact, that by the present code a large number of offences, which were misdemeanors at common law, are now made felonies ; hence, the excluding of the commonwealth from the right of challenge in any felony, is almost totally to deprive her of the right of challenge.  In the practical administration of criminal justice, the right of the commonwealth to challenge four jurors peremptorily, is of the deepest importance ; it is not an uncommon thing to find in a panel of jurors, one or more persons pledged to the defendant by personal or social sympathies, or influenced in his favor by worse motives ; the right to peremptorily challenge four jurors, is the security of the public against such contingencies.  The 39th section of the present act assigns to the court the authority of determining upon the truth and sufficiency of challenges for cause.  Report on the Penal Code 45.

(*i*) This provision is not in conflict with the clause in the constitution, which provides " that trial by jury shall be as heretofore, and the right thereof shall remain inviolate."  1 Wr. 45.

(*k*) The power to challenge for cause may be exercised at any time before the oath is tendered to the jury.  11 H. 12.  It is good cause of challenge that the juror has conscientious scruples on the subject of capital punishment.  17 S. & R. 155.  Or that he has formed and expressed an opinion upon the evidence in the cause.  14 S. & R. 292.  See 2 W. & S. 262.  1 Cranch C. C. 452.  Or that the juror has been subpœnaed as a witness by the prisoner.  7 W. 585.  Or that he is a tenant of one of the parties.  8 W. 304.  Or that he had grossly misbehaved himself on a former occasion, declaring that he had tried to acquit and one the judge desired to have convicted; and that he was "a Tory,"—a vile man, and would as lief swear on a spelling book as on the Bible."  11 H. 12.

(*l*) See 10 C. 505.

number of peremptory challenges to which either would be entitled if separately tried, and no more.(a)

41. All courts of criminal jurisdiction of this commonwealth shall be and are hereby authorized and required, when occasion shall render the same necessary,(b) to order a *tales de circumstantibus*, either for the grand or petit jury,(c) and all talesmen shall be liable to the same challenges, fines and penalties as the principal jurors: *Provided*, That nothing herein contained shall repeal or alter the provisions of an act passed the 20th day of April 1858, entitled, "An act establishing a mode of drawing and selecting jurors in and for the city and county of Philadelphia."(d) *How tales may be awarded and juries summoned.*

42. No alien shall, in any criminal case whatsoever, be entitled to a jury *de medietate linguæ*, or partly of strangers.(e) *Of juries de medietate linguæ.*

43. The trial of all treason against the commonwealth, committed out of the jurisdiction of the state, shall be in the county where the offender is apprehended, or into which he shall first be brought.(g) *Place of trial for treason.*

44. If any person shall become an accessory before the fact, to any felony, whether the same be a felony at common law, or by virtue of any act of assembly now in force or hereafter to be in force, such person may be indicted, tried, convicted and punished in all respects as if he were a principal felon.(h) *Of accessories before the fact.*

45. If any person shall become an accessory after the fact, to any felony, whether the same be a felony at common law, or by virtue of any act of assembly now in force, or that may be hereafter in force, he may be indicted and convicted as an accessory after the fact, to the principal felon, together with the principal felon, or after the conviction of the principal felon, or may be indicted and convicted of a substantive felony, whether *Of accessories after the fact.*

41. Act 31 March 1860, § 41.  P. L. 440.
42. Ibid. § 42.

43. Ibid. § 43.
44. Ibid. § 44.

45. Ibid. § 45.

(a) This section is new, and is introduced to settle a question in criminal practice, which has produced difficulty. At common law, upon a joint trial, each prisoner may challenge his full number, and every juror challenged as to one, is withdrawn from the panel as to all the prisoners on trial, and thus, in effect, the prisoners in such a case possess the power of peremptory challenge to the aggregate of the numbers to which they are respectively entitled. The embarrassments from defect of jurors, resulting from the exercise of this right by numerous defendants jointly indicted, led the courts, at a very early period, to determine that they had the power, against the will of the prisoners, to sever the panel, and try them severally, if they insisted upon their right of several challenges. This settled the question that prisoners, jointly indicted, could, against their wishes, be tried separately; but whether prisoners, jointly indicted, could demand a *separate* trial, presented another question; some insisting that they possess such a right; others contending that such severance is a matter of sound discretion, to be exercised by the court, with that due regard and tenderness to prisoners, which characterizes our criminal jurisprudence; and this latter we regard as the better opinion. In the section under consideration this doctrine has been adopted, except as to cases of joint indictments for felonious homicide, in which it is proposed to give the accused the positive right to demand separate trials; in cases of joint trials, it is also proposed to limit the number of the challenges, of all the prisoners, to the number each would be entitled to if separately tried, and no more. As prisoners jointly indicted for felonious homicide have, by this section, the right to sever in their trials, persons so circumstanced will not be affected by this latter provision, in cases of joint trial, as their being so tried is a matter resting entirely in their own choice. Report on the Penal Code 45.

(b) The court may direct a special venire to issue to two citizens, instead of the sheriff or coroner, whenever in their opinion, the nature of the case requires it. 15 Leg. Int. 325.

(c) It is an irregularity to call talesmen, unless it appear of record, that the regular panel was exhausted, and an order for talesmen made; but such irregularity, if not objected to, is cured by the verdict, under the 53d section.  10 H. 94.

(d) This section is a summary of the 144th, 145th, 146th, 147th and 148th sections of the act of 14th April 1834, P. L. 367; which sections have been left unrepealed, as they apply equally to civil as well as criminal proceedings. Report on the Penal Code 46.

(e) This section is taken from the 149th section of the act of 14th April 1834. P. L. 368; which has also been left unrepealed for the same reason. Report on the Penal Code 46.

(g) This section is new, and necessary in the event of trials of treason against the state hereafter taking place. Report on the Penal Code 46.

(h) The principle of this section, which prescribes the same punishment against accessories before the fact in felony, under the various synonymes of aiders, abettors, counsellors, comforters, &c., as against principals, is familiar to our criminal legislation: it is found in the 7th section of the act of 1718, 1 Sm. 113; in the 21 section of the act of 8th March 1780, 1 Sm. 499; in the 2d, 3d and 5th sections of the act of 24th April 1790, 2 Sm. 531; and in the 4th section of the act of 23d April 1829, 10 Sm. 431. There is, therefore, nothing new in the principle of this section, which is founded on the theory of the moral guilt of the accessory before the fact being equal to that of the principal offender. The new principle in the section is that which makes the accessory before the fact, guilty of a substantive offence, and which subjects him to punishment for his crime, without postponing it until the conviction of the actual perpetrator; or more precisely speaking, which abolishes in felonies the technical distinction now existing between accesso-

ries before the fact and principal offenders. This was always the law as regards misdemeanors in which there are no accessories, all being regarded by law as principals; in felony, however, except in certain cases about to be noticed, an accessory cannot be tried before the conviction or outlawry of his principal, unless tried with him. In felonies of frequent occurrence, this was found a great and serious evil, which called for and received partial legislative correction; as early as the act of the 31st May 1718, 1 Sm. 105, it was provided that persons harboring, concealing or receiving robbers, burglars, felons or thieves, or receiving or buying any goods or chattels that should have been feloniously taken or stolen by any such robbers, &c., knowing the same to be stolen, might be proceeded against as is therein directed; and that if any such principal felon *could not be taken, so as to be prosecuted and convicted* for such offence, that nevertheless it shall be lawful to prosecute and punish every such person buying or receiving any goods stolen by such principal felon, knowing the same to be stolen, although the principal felon should not be convicted of the felony. This, however, embraced only one class of accessories, to wit, receivers of stolen goods, in cases where the principal was not amenable to justice; afterwards, by the act of 23d September 1791, 3 Sm. 41, it was provided "in all cases of felonies of death, robbery and burglary, that it shall be lawful to punish *receivers* of such felons, robbers and burglars, by a fine and imprisonment, although the principal felons, robbers and burglars cannot be taken, so as to be prosecuted and tried for said offences; which conviction and sentence of said receivers shall exempt them from being prosecuted as accessories after the fact in case the principal felon, robber or burglar shall afterwards be taken and convicted. This act extended only to accessories after the fact, in cases in which the principals could not be taken.

The act of 11th April 1825, 8 Sm. 438, was passed to avoid a difficulty which afterwards arose in the prosecutions of receivers of stolen goods, in cases in which the principals were amenable to justice. The act of 1718 was taken from the 4th section of 4th and 5th Anne, chap. 31, which only authorized proceedings against such receivers before the conviction or attainder of their principals, when such principals could not be taken. Foster, in his discourse on accomplices, § 6, p. 373, says on this point: "I know attempts have been made, under various shapes, to prosecute the receiver as for a misdemeanor, while the principal hath been in custody and amenable, but not convicted; but I think such devices illegal." The act of 1825 solved the difficulty, by declaring that receivers of property, knowing it to have been feloniously stolen, may be prosecuted, although the principal be not before convicted, and whether he be amenable to justice or not.

It will thus be seen, that all our legislation with regard to the trial of accessories to felonies, before the conviction of their principals, applies only to accessories after the fact, a class of offenders who have had no primary connection with the original crime, and whose guilt only consists in having given comfort and succor to the actual offender after its perpetration; except in cases of receivers of stolen goods, this offence is often almost venial, consisting frequently in parents and friends, influenced by the ties of blood, or the impulses of affection, giving aid and comfort to an offender whose crime they abominate and deplore. It seems strange that the common law privilege, which exempted accessories from liability to justice until the conviction or attainder of the principal, should be taken away in cases of accessories after the fact, and left in those of accessories before the fact, whose guilt is always as great, and often much greater, than that of the principal. The 45th section proposes putting our statute laws on the subject of accessories to felonies in harmony with justice and reason. Report on the Penal Code 46–8.

17

the principal felon shall or shall not have been previously convicted, or shall or shall not be amenable to justice, and may thereupon be punished in like manner as any accessory after the fact to the same felony, if convicted as an accessory, may be punished; and the offence of such person, howsoever indicted, may be inquired of, tried, determined and punished, by any court which shall have jurisdiction to try the principal felon, in the same manner as if the act by reason of which such person shall have become accessory, had been committed at the same place as the principal felony: *Provided always*, That no person who shall be once duly tried for any such offence, whether as an accessory after the fact, or as for a substantive felony, shall be liable to be again indicted or tried for the same offence.(a)

**Felonious striking or poisoning in one county, and death in another.**
46. If any person hereafter shall be feloniously stricken, poisoned or receive other cause of death in one county, and die of the same stroke, poisoning or other cause of death in another county, then an indictment found therefor by jurors of the county where the death shall happen, shall be as good and effectual in law, as well against the principal in such murder as against the accessory thereto, as if the stroke, poisoning or other cause of death had been given, done or committed in the same county where such indictment shall be found; and the proper courts having jurisdiction of the offence shall proceed upon the same as they might or could do in case such felonious stroke, poisoning or other cause of death, and the death itself thereby ensuing, had been committed and happened all in one and the same county.(b)

**Felonious striking or poisoning in the state and death out of the state.**
47. If any person shall be feloniously stricken, poisoned or receive other cause of death within the jurisdiction of this state, and shall die of such stroke, poisoning or other cause of death at any place out of the jurisdiction of this state, an indictment therefor found by the jurors of the county in which such stroke, poisoning or other cause of death shall happen as aforesaid, shall be as good and effectual, as well against the principal in any such murder, as against the accessory thereto, as if such felonious stroke, poisoning or other cause of death, and the death thereby ensuing, and the offence of such accessory, had happened in the same county where such indictment shall be found; and the courts having jurisdiction of the offence shall proceed upon the same, as well against principal as accessory, as they could in case such felonious stroke, poisoning or other cause of death, and the death thereby ensuing, and the offence of such accessory, had both happened in the same county where such indictment shall be found.(c)

**Proof of offences committed near county lines.**
48. In order to obviate the difficulty of proof as to all offences committed near the boundaries of counties, in any indictment for felony or misdemeanor committed on the boundary or boundaries of two or more counties, or within the distance of five hundred yards of any such boundary or boundaries, it shall be sufficient to allege that such felony or misdemeanor was committed in any of the said counties; and every such felony or misdemeanor shall and may be inquired of, tried, determined and punished in the county within which the same shall be so alleged to have been committed, in the same manner as if it had been actually committed therein.(d)

**Proof of offences committed during journeys.**
49. In order to obviate the difficulty of proof as to offences committed during journeys from place to place, in any indictment for felony or misdemeanor committed on any person or on any property, upon any stage coach, stage, wagon, railway-car or other such carriage whatever, employed in any journey, it shall be sufficient to allege that such felony or misdemeanor was committed in any county or place through any part whereof such coach, wagon, cart, car or other carriage shall have passed in the course of the journey during which such felony or misdemeanor shall have been committed; and in all cases where the centre or other part of any highway shall constitute the boundaries of any two counties, it shall be sufficient to allege that the felony or mis-

---

46. Act 31 March 1860, § 46. P. L. 441.    47. Ibid. § 47.    48. Ibid. § 48.    49. Ibid. § 49.

(a) This section is only an extension of the existing laws, which, as will be seen from the preceding remarks, subjected accessories after the fact, and receivers, to punishment before the conviction or attainder of their principals. It embraces such accessories not only in common law felonies, but those created, or which hereafter may be created, by statute. It authorizes the conviction of such offenders either with or after the conviction of the principals, or for a substantive offence, whether the principal felon shall or shall not have been previously convicted, or shall or shall not be amenable to justice. It also provides for the case of a party becoming an accessory after the fact in one county to a felony committed in another; giving jurisdiction over the crime of such accessory to the courts of the county having jurisdiction over the crime of the principal offender. This provision supplies the 22d and 23d sections of the act of 1718, 1 Sm. 119, made, probably, to meet a doubt at common law, whether an accessory in one county to a felony in another, was indictable in either. Report on the Penal Code 48.

(b) This section has been introduced to remove a difficulty which might arise in a case of homicide, where a man had died in one county from an injury, or other cause of death, received in another county. Hawkins, in his Pleas of the Crown, book 2, chap. 25, § 36, says, that "at the common law, if a man had died in one county of a stroke received in another, it seems to have been the more general opinion that, regularly, the homicide was indictable in neither of them, because the offence was not complete in either, and no grand jury could inquire of what happened out of their county." This inconvenience was remedied by 2d & 3d Edward VI., chap. 24, by which it was enacted,

that in such cases the trial should take place in the county where the death happened. This statute is among those reported by the judges of the Supreme Court, as being in force in Pennsylvania; hence the expediency of this section to meet such a case, should it hereafter arise. Report on the Penal Code 49.

(c) In the case of a wound, or other cause of death, being given in this state, and the party receiving the same dying in another state (a thing which might very readily occur, as in the case of duels), by the existing law it is at least doubtful whether a prosecution for homicide could be maintained in either: Hawkins, book 1, chap. 31, §§ 11, 12. If a mortal injury, or poison is given or administered maliciously in the state, and death ensues therefrom out of the state, the act which caused the death, and the malice which influenced the act, the two great essential elements of felonious homicide, have been perpetrated and manifested within our jurisdiction; it seems, therefore, fitting, that in such cases, jurisdiction over the crime should be exercised by the state. The section is new, but manifestly necessary in any penal system claiming to be complete. Report on the Penal Code 49.

(d) The 48th and 49th sections are new; they are intended to obviate difficulties which occur in laying the county, where a crime has been committed, so near county lines, as to render it doubtful in which of two counties it has been actually perpetrated; and to obviate similar difficulties, where the crime has been committed during journeys or voyages by land or water, in carriages or vessels of any kind, which have passed through various counties in the journey or voyage during which the crime has been committed. The sections will be found of real practical value. Report on the Penal Code 49.

demeanor was committed in either of the said counties through, or adjoining to, or by the boundaries of any part whereof such coach, wagon, cart, car or other carriage shall have passed in the course of the journey during which such felony or misdemeanor shall have been committed; and in any indictment for any felony or misdemeanor, committed on any person or on any property on board any vessel whatsoever, employed in any voyage or journey on any navigable river, canal or inland navigation, it shall be sufficient to allege that such felony or misdemeanor was committed in any county or place through any part whereof such vessel shall have passed in the course of the voyage or journey during which such felony or misdemeanor shall have been committed; and in all cases where the side or bank of any navigable river or creek, canal or inland navigation, or the centre or other part thereof, shall constitute the boundary of any two counties, it shall be sufficient to allege that such felony or misdemeanor was committed in either of the said counties through, or adjoining to, or by the boundary of any part thereof, such vessel shall have passed in the course of the voyage or journey during which such felony or misdemeanor shall have been committed; and every such felony or misdemeanor committed in any of the cases aforesaid, shall and may be inquired of, tried, determined and punished in the county or place within which the same shall be so alleged to have been committed, in the same manner as if it had actually been committed therein.

50. If on the trial of any person charged with any felony or misdemeanor, it shall appear to the jury upon the evidence, that the defendant did not complete the offence charged, but was guilty only of an attempt to commit the same, such person shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same; and thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for attempting to commit the particular felony or misdemeanor charged in the indictment; and no person so tried as herein lastly mentioned, shall be liable to be afterward prosecuted for an attempt to commit the felony or misdemeanor for which he was so tried.(a) *Party indicted for felony or misdemeanor may be found guilty of attempt to commit the same.*

51. If upon the trial of any person for any misdemeanor, it shall appear that the facts given in evidence amount in law to a felony, such person shall not by reason thereof be entitled to be acquitted of such misdemeanor; and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for felony on the same facts, unless the court before whom such trial may be had shall think fit, in its discretion, to discharge the jury from giving any verdict upon such trial, and direct such person to be indicted for felony; in which case such person may be dealt with in all respects as if he had not been put upon his trial for such misdemeanor. *Persons tried for misdemeanor not to be acquitted if the offence turn out to be felony.*

52. No person shall be deemed and adjudged an incompetent witness on the trial of any indictment, for or by reason of such person being entitled, in the event of the conviction of the defendant, to a restitution of his property feloniously taken, or the value thereof, or if fraudulently obtained, to a pecuniary remuneration or compensation therefor, or for or by reason of such witness being liable and subject to the payment of the costs of prosecution.(b) *Witnesses entitled to restitution to be competent.*

53. No verdict in any criminal court shall be set aside, nor shall any judgment be arrested or reversed, nor sentence delayed, for any defect or error in the precept issued from any court, or in the venire issued for the summoning and returning of jurors, or for any defect or error in drawing, summoning or returning any juror, or panel of jurors,(c) but a trial, or an agreement to try on the merits,(d) or pleading guilty, or the general issue(e) in any case, shall be a waiver of all errors and defects in, or relative *Cure of defects in jury process by verdict.*

50. Act 31 March 1860, P. L. 442.   51. Ibid. § 51.   52. Ibid. § 52.   53. Ibid. § 53.

(a) The 50th and 51st sections are new, and intended to facilitate the conviction of offenders, and avoid unnecessary delay in the administration of criminal justice. By the law as it now stands, if on the trial of an indictment for felony, it appears that some circumstance is wanted to establish the complete technical offence, the prisoner must be acquitted, although the proofs are perfect of an attempt to commit the crime; and on the other hand, where the indictment charges an attempt to commit a crime, and the proof establishes that the crime has actually been committed, the American courts have generally held that the prisoner must be acquitted, because the misdemeanor charged, is merged in the felony proved. The operation of the first of these doctrines is best exemplified by decided cases. Lord Hale, in his Pleas of the Crown, vol. 1, p. 508, thus recites one of these cases: "A. hath his keys tied to the strings of his purse; B., a cut-purse, takes his purse, with the money in it, out of his pocket, but the keys which were hanged to his purse strings, hanged in his pocket; A. takes B. with his purse in his hand, but the strings hanged to his pocket by the keys; it was ruled that this was no felony, for the keys and purse strings hanged in the pocket of A., whereby A. had still in law the possession of his purse, so that *licet, cepit non asportavit.* So, where a thief went into a shop, took up some goods, intending to steal them, but before he had removed them from the spot on which they lay, discovered they were tied to the counter by a cord; upon being tried for stealing, it was held that the property never was either completely severed from the possession of the owner, nor completely in the possession of the prisoner, and he was acquitted." Sleigh's Criminal Law 29. In regard to the other doctrine sought to be changed by this section, viz.: that a misdemeanor charged is merged in a felony proved, it has been frequently held in this country that where, on an indictment for an assault, attempt or conspiracy, with intent to commit a felony, it appeared that the felony was actually committed, it was the duty of the court to charge the jury, that the misdemeanor had merged, and that the defendant must be acquitted. Wharton's American Criminal Law §§ 564, 2294. In England, however, this doctrine has been shaken, if not repudiated by the cases of Rex v. Neale, 1 Dennison's Cro. Cas. 36, and Rex v. Button, 11 Ad. & Ellis (N. S.) 829. The section under consideration will, if adopted, destroy the future operation of a subtle fiction, having no origin in substantial common sense. Report on the Penal Code 50.

(b) This section is taken from the act of 29th March 1809, 5 Sm. 48; and the 31st section of the act of 31st May 1718, 1 Sm 123. Report on the Penal Code 51.

(c) See 2 S. & R. 300.   4 P. L. J. 512.

(d) A trial on the merits is a waiver of all irregularities and defects in the mode of summoning and returning the jurors. 5 C. 429. After a trial it is too late to object to mistakes in the process as to the Christian and surname of some of the jurors by whom the verdict was rendered. 10 H. 94. If a person, not on the panel, is called, and permitted to sit, the irregularity is cured by this section. 3 H. 236. But if a stranger answer to the name of one of the panel, and is sworn as a juror, it is a mistrial, and not within the statute. Com. v. Spring, 10 Leg. Int. 54–6.   1 Am. L. R. 424. See 4 P. L. J. 521.

(e) If the prisoner stands mute, and the plea of not guilty is entered by the court, it is within the act. 5 Wh. 67. See 2 Ash. 90.

or appertaining to the said precept, venire, drawing, summoning and returning of jurors.(a)

**Of the trial of prisoners committed.** 54. If any person shall be committed for treason or felony, or other indictable offence, and shall not be indicted and tried some time in the next term, session of oyer and terminer, general jail delivery, or other court where the offence is properly cognisable, after such commitment, it shall and may be lawful for the judges or justices thereof,(b) and they are hereby required on the last day of the term, sessions or court, to set at liberty the said prisoner upon bail, unless it shall appear to them, upon oath or affirmation, that the witnesses for the commonwealth, mentioning their names, could not then be produced ; (c) and if such prisoner shall not be indicted and tried the second term, session or court(d) after his or her commitment, unless the delay happen on the application or with the assent of the defendant, or upon trial he shall be acquitted, he shall be discharged from imprisonment :(e) *Provided always,* That nothing in this act shall extend to discharge out of prison, any person guilty of, or charged with treason, felony or other high misdemeanor in any other state, and who by the constitution of the. United States ought to be delivered up to the executive power of such state, nor any person guilty of, or charged with a breach or violation of the laws of nations.(g)

**Witnesses in forgeries.** 55. Upon the trial of any indictment for making or passing, and uttering, any false, forged or counterfeited coin, or bank note, the court may receive in evidence, to establish either the genuineness or falsity of such coin or note, the oaths or affirmations of witnesses who may, by experience and habit, have become expert in judging of the genuineness or otherwise, of such coin or paper, and such testimony may be submitted to the jury without first requiring proof of the handwriting or the other tests of genuineness, as the case may be, which have been heretofore required by law : and in prosecutions for either of the offences mentioned or described in the 164th, 165th, 166th and 167th sections of the " Act to consolidate, revise and amend the penal laws of this commonwealth,"(h) the courts shall not require the commonwealth to produce the charter of either of said banks, but the jury may find that fact upon other evidence, under the direction of the court.(i)

**Witnesses not to be imprisoned except in certain cases.** 56. No witness in any case who enters his or her recognisance, in such sum as the magistrate may demand, to appear and testify in such prosecutions as require his testimony, shall be committed to prison by the judge, alderman or magistrate before whom any criminal charge may be preferred: *Provided however,* That in all cases triable in the oyer and terminer, where a positive oath is made, reduced to writing and signed by the deponent, setting forth sufficient reasons or facts to induce the firm belief on the part of the judge, magistrate or alderman, that any witness will abscond, elope or refuse to appear upon the trial, that then and in such case the judge, magistrate or alderman may exact bail of said witness to testify.(k)

**Bills of exception and writs of error allowed.** 57. Upon the trial of any indictment for murder or voluntary manslaughter,(l) it shall and may be lawful for the defendant or defendants to except to any decision of the court upon any point of evidence or law,(m) which exception shall be noted by the court, and filed of record as in civil cases,(n) and a writ of error to the supreme court may be taken by the defendant or defendants, after conviction and sentence.(o)

(a) This section is a transcript of the act of 21st February 1814, 6 Sm. 111. The original act has been left unrepealed, and has been introduced here in order to give relative completeness to the code of criminal procedure. Report on the Penal Code 51.

(b) The application must be made to the court in which the prisoners were indicted. 2 Wh 502. 3 Y. 204. 7 W. & S. 110.

(c) This section only applies where there has been wilful delay on the part of the commonwealth. 16 S. & R. 305. 7 W. 366. Not where the trial is delayed by the prisoner. 3 Y. 266. 16 S. & R. 304. 2 Wh. 501. 7 W. 366. 1 D 9.

(d) A prisoner can only claim his discharge on the last day of the second term after his arrest, when there has been a competent and regularly constituted court before whom he could have been indicted and tried. 5 C. 129.

(e) The act was designed to prevent wrongful restraints of liberty growing out of the malice and procrastination of the prosecutor; but not to shield a prisoner, in any case, from the consequences of any delay made necessary by the law itself; and, therefore, where the array of grand jurors was quashed at a two successive terms after the arrest of the prisoner, for informality in selecting and drawing them, he is not entitled to a discharge. 5 C. 129.

(g) This section is a transcript of the 3d section of the act of 18th February 1785, 2 Sm. 277. The words, "or other indictable offence," after the word " felony," have been introduced in order to harmonize the language of the law with the actual practice under it, which has been to extend the provisions of the 3d section of the habeas corpus act, not only to commitments for treason or felony, but to commitments for all criminal offences. Ex parte Walton, 2 Wh 501. The only change in the proviso of this section is the substitution of the words, "the constitution of the United States," for the words, "the confederation," of the original section. The original section has also been left unrepealed, so as to avoid any unnecessary interference with this important law. The commissioners consider its introduction into this act is judicious, composing, as it does, so important an element in our criminal jurisprudence. Report on the Penal Code 51.

(n, See tit. "Crimes," pl. 173–6.

(i) This section is framed from the 3d section of the act of 4th May 1852, P. L. 574; and the 13th section of the act 25th March 1824, 8 Sm. 238. Report on the Penal Code 52.

(k) This section is taken from the act of 22d April 1856, P. L. 506. Report on the Penal Code 52.

(l) A bill of exceptions to the admission or rejection of evidence, on the trial of one charged by indictment with a criminal offence, other than murder or voluntary manslaughter, is not the subject of consideration on a writ of error, although the bill may have been sealed by the court below. 2 W. 285.

(m) The prisoner must show that a substantial error was committed on the trial, in the admission or rejection of evidence, by which he has been injured: it is not sufficient that an abstract or technical error has taken place. 5 C. 429.

(n) The supreme court is limited to a review of the points so noted and filed of record by the court below. 5 C. 429. 1 Wr. 108. The act does not authorize an exception to the charge of the court. Com. v. Jacoby, 6 Pittsburgh Leg. J. 178.

(o) Sections 57 to 61 are taken from the 1st, 2d, 3d, 4th and 5th sections of the act of 6th November 1856, P. L. 795. The changes made therein, consist in striking out the whole of the proviso to the 1st section, and so much of the 4th section as provides for the oath or affirmation required, being filed in the prothonotary's office of the proper district. The effect of the proposed amendment will be, to supersede the necessity of a party convicted of murder or manslaughter, making an oath that his application for a writ of error is not for the purpose of delay, and to correct the manifest inconsistency in the proviso, in authorizing a defendant, convicted of voluntary manslaughter, to enter bail to appear and abide the sentence of the court, when by the previous part of the section, no writ of error can issue until after conviction and sentence. The commissioners believe that the oath demanded will stop few, if any, persons convicted of murder or voluntary manslaughter, from suing out a writ of error, to obtain a reversal of their condemnation; they think that such a temptation to perjury should not be placed in the way of a party so situated. Experience shows that errors in civil proceedings, such oaths have but little influence in preventing litigation; how much less must they

58. If during the trial upon any indictment for murder or voluntary manslaughter, Written opinion the court shall be required by the defendant or defendants to give an opinion upon any nions to be point submitted and stated in writing, it shall be the duty of the court to answer the filed. same fully, and file the point and answer with the records of the case.(a)

59. No such writ shall be allowed, unless special application be made therefor, and Granting of cause shown within thirty days after sentence pronounced; and if the supreme court be writs of error sitting in banc in any district, the application shall be made, and cause shown there; regulated. if the said court be not sitting, application may be made to, and cause shown before one of the judges of that court, and upon the allowance of such writ, the said court or judge shall fix a time and place for hearing the said case, which time shall not be more than thirty days thereafter; if the said court shall be at that time sitting in banc in any district of the state, the said court or judge, upon the allowance of any such writ, shall make all such proper orders, touching notice to the commonwealth, and paper-books, as may be considered necessary.

60. The writ of error shall issue from the prothonotary's office of the proper district, Whence a and all orders, decrees and judgments in the case shall also be entered of record there; writ of error but the application and final hearing may be made and had before the said supreme to issue. court while sitting in any other district.

61. Upon the affirmance of the supreme court of the judgment in any case, the same Proceedings shall be enforced pursuant to the directions of the judgment so affirmed, and the said after affirm-court may make any further order requisite for carrying the same into effect; and if the ance or re-supreme court shall reverse any judgment, they shall remand the record, with their judgment. opinion, setting forth the causes of reversal, to the proper court for further proceeding.

## E. OF COSTS.

62. In all prosecutions, cases of felony excepted, if the bill of indictment shall be Power of returned "ignoramus," the grand jury returning the same shall decide and certify on grand and such bill whether the county or the prosecutor shall pay the costs of prosecution; and petit jurors in all cases of acquittals (b) by the petit jury on indictments for the offences aforesaid, the jury trying the same shall determine, by their verdict, whether the county,(c) or the prosecutor, or the defendant shall pay the costs,(d) or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict ;(e) and whenever the jury shall determine as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he give security to pay the same within ten days.(g)

63. In all prosecutions where the petit jury trying the same shall acquit the Of the defendant, and shall determine, by the verdict, that the prosecutor shall pay the costs(h) dant's costs. the defendant's bill for his subpœnas, serving the same, and attendance of his material and necessary witnesses, shall be included in the costs and paid accordingly.(i)

64. The costs of prosecution accruing on all bills of indictments charging a party Payment of with felony, returned "ignoramus" by the grand jury, shall be paid by the county; and costs gene-the costs of prosecution accruing on bills of indictment charging a party with felony, rally. shall, if such party be acquitted by the petit jury on the traverse of the same, be paid by

---

58. Act 31 March 1860, § 58. P. L. 444.       60. Ibid. § 60.        62. Ibid. § 62.        64. Ibid. § 64.
59. Ibid. § 59.                               61. Ibid. § 61.        63. Ibid. § 63.

have in a criminal proceeding, where the matter in issue is life or liberty! The privilege given in the proviso, in a case of voluntary manslaughter, of entering bail to appear to abide by the sentence of the court, is utterly irreconcilable with the main section itself, which gives the writ of error after conviction and sentence; if the commissioners are permitted to speculate upon the causes of the incongruity between the section and its proviso, they would be inclined to suppose that the proviso was one of those amendments hastily made and adopted, which sometimes occur in rapid legislation. The only manner in which the proviso and the section can be reconciled, would be to suppose that the legislature intended, in case of conviction and sentence for voluntary manslaughter, to permit the defendant, suing out a writ of error, to go at large on bail until the final judgment of the court of errors; such a feature is entirely new in a system of criminal jurisprudence, based upon the common law. If such a privilege is to be given to a convicted felon, there seems no good reason that it should be exclusively extended to felonious homicide; as has been heretofore remarked, the line between murder and voluntary manslaughter is often so nicely characterized, that it requires much technical acumen to discriminate the differences between them; surely in a community in which law ought to protect life by every possible means, a party convicted by the verdict of a jury of his peers, of voluntary and felonious homicide, should not be permitted to go at large, while the sentence against him remains unreversed and unrepealed. We ought not, in our anxiety to guard the rights of the offender, to forget those of the community, an error which seems gradually insinuating itself into penal legislation and administration; the reasoning on this subject might be extended, but the commissioners think they have said enough to recommend their proposed modification of this act to legislative favor. Report on the Penal Code 52.

(a) This section does require the court to write out its charge to the jury. Com. v. Jacoby, 6 Pittsburgh Leg. J. 178.

(b) If the act be charged to have been done feloniously, the jury have no power over the costs. 6 W. 530. Nor where on

an indictment for a felony, a count for a misdemeanor is joined. 2 C. 154. The statute extends to the case of a defective indictment. 4 B. 194. 4 S. & R. 127. And to an acquittal on a plea of the statute of limitations. 2 C. 171. The jury cannot convict one of two defendants, and acquit the other, and direct the latter to pay the costs. 13 S. & R. 301. The court may set aside a verdict of acquittal, so far as it imposes costs on the prosecutor. 2 Gr. 66.

(c) If the jury acquit the defendant, and say nothing as to the costs, the county is not liable. 3 P. R. 365.

(d) This does not include the costs of a former bill, on which judgment was arrested. 2 C. 171.

(e) No person can be sentenced to pay costs as prosecutor, unless named by the jury. 7 W. 485. But where the grand jury ignored a bill for assault and battery, and directed the person upon whom it was alleged to have been committed, to pay the costs, it was held sufficient, although they omitted to designate him as prosecutor. Com. v. Carr. Quarter Sessions, Phila., 23 October 1847. MS. The act does not apply to persons concerned in prosecutions in their official capacity; 2 Am. L. R. 243; 11 Leg. Int. 58; and hence, in a prosecution for keeping a disorderly house, the jury cannot impose the costs on the constable who made the return. Com. v. Barr, Quarter Sessions, Lancaster, January 1848. MS.

(g) See 2 P. R. 240. 13 S. & R. 303. This section is taken from the 1st and 2d sections of the act of 8th December 1804. 4 Sm. 204; and the act of 12th April 1859. P. L. 528. The only change made in these laws is, that the like privilege of giving security for the payment of costs in ten days is given to the defendant, who, although acquitted, is ordered to pay the costs, as is given to the prosecutor in case he is ordered to pay the costs. Report on the Penal Code 53.

(h) If the jury acquit the defendant, and direct the costs of prosecution to be paid by the county, the latter is not liable for the attendance of the defendant's witnesses. 12 C. 317.

(i) This section is taken from the act of 9th February 1820, § . Report on the Penal Code 53.

the county, (a) and in all cases of conviction(b) of any crime, all costs(c) shall be paid by the party convicted ; but where such party shall have been discharged, according to law, (d) without payment of costs, the costs of prosecution shall be paid by the county ; and in cases of surety of the peace, the costs shall be paid by the prosecutor or the defendant, or jointly between them, or the county, as the court may direct.(e)

**Costs where separate bills are presented against joint offenders.**

65. In all cases where two or more persons have committed an indictable offence, the names of all concerned (if a prosecution shall be commenced) shall be contained in one bill of indictment, for which no more costs shall be allowed than if the name of one person only was contained therein.(g)

### F. GENERAL PROVISIONS.

**Insane prisoners.**

66. In every case in which it shall be given in evidence upon the trial of any person charged with any crime or misdemeanor, that such person was insane at the time of the commission of such offence, and he shall be acquitted, the jury shall be required to find

**Jury to find the fact of insanity.**

specially whether such person was insane at the time of the commission of such offence, and to declare whether he was acquitted by them on the ground of such insanity ; and

**Defendant to be detained in custody.**

if they shall so find and declare, the court before whom the trial is had shall have power to order him to be kept in strict custody, in such place and in such manner as to the said court shall seem fit, at the expense of the county in which the trial is had, so long as such person shall continue to be of unsound mind.(h)

**Where defendant is found insane upon arraignment.**

67. The same proceedings may be had, if any person indicted for an offence shall, upon arraignment, be found to be a lunatic, by a jury lawfully impannelled for the purpose ; or if, upon the trial of any person so indicted, such person shall appear to the jury, charged with such indictment, to be a lunatic, the court shall direct such finding to be recorded, and may proceed as aforesaid.

**Where prisoner brought up to be discharged appears to be insane.**

68. In every case in which any person charged with any offence shall be brought before the court to be discharged for want of prosecution, and shall by the oath or affirmation of one or more credible persons, appear to be insane, the court shall order the district attorney to send before the grand jury a written allegation of such insanity in the nature of a bill of indictment ; and thereupon the said grand jury shall make inquiry into the case, as in cases of crimes, and make presentment of their finding to said court thereon ; and thereupon the court shall order a jury to be impannelled to try the insanity of such person ; but before a trial thereof be ordered, the court shall direct notice thereof to be given to the next of kin of such person, by publication or otherwise, as the case requires, and if the jury shall find such person to be insane, the like proceedings may be had as aforesaid.

**Insane defendant to be delivered to friends, &c.**

69. If the kindred or friends of any person who may have been acquitted as aforesaid on the ground of insanity, or in the default of such, the guardians, overseers or supervisors of any county, township or place, shall give security in such amount as shall be satisfactory to the court, with condition that such lunatic shall be restrained from the commission of any offence by seclusion or otherwise, it shall be lawful for the court to make an order for the enlargement of such lunatic, and his delivery to his kindred or friends, or as the case may be, to such guardians, overseers or supervisors.

**How expenses to be paid in such cases.**

70. The estate and effects of every such lunatic shall, in all cases, be liable to the county for the reimbursement of all costs and expenses paid by such county in pursuance of such order ; but if any person acquitted on the grounds of insanity, shall have no estate or effects, the county, township or place to which such lunatic may be chargeable under the laws of this commonwealth relating to the support and employment of the poor, shall, after notice of his detention aforesaid, be liable for all costs and expenses as aforesaid, in like manner as if he had become a charge upon any township not liable for his support under the laws aforesaid.

**Civil actions against felons.**

71. In all cases of felony heretofore committed, or which may hereafter be committed, it shall and may be lawful for any person injured or aggrieved by such felony, to have and maintain his action against the person or persons guilty of such felony, in like manner as if the offence committed had not been feloniously done ; and in no case whatever, shall the action of the party injured, be deemed, taken or adjudged to be merged in the felony, or in any manner affected thereby.(i)

**Executions upon sentences of restitution.**

72. The imprisonment awarded as part of the punishment of any offender, shall not stop or avoid the awarding or taking out of execution to levy such respective sums recovered against them, as such offenders refuse or neglect to pay, when such writs are taken out, which executions shall be directed to the sheriff or coroner of the proper

---

| | | |
|---|---|---|
| 65. Act 31 March 1860, § 65. P. L. 445. | 67. Ibid. § 67. | 69. Ibid. § 69. | 71. Ibid. § 71. |
| 66. Ibid. § 66. | 68. Ibid. § 68. | 70. Ibid. § 70. | 72. Ibid. § 72. |

(a) See 10 C. 440.

(b) This includes convictions for drunkenness and vagrancy. 4 C. 173.  5 C. 38.  Provided the defendants be sentenced to hard labor, and the commitments follow the sentences as recorded. 12 C. 349.  The case of a prosecutor on a bill returned ignoramus, is not within the act; nor that of a defendant acquitted, but ordered to pay the costs by the petit jury ; nor where the prosecutor is ordered to pay costs on an acquittal. 4 S. & R. 541.  Nor where the case is determined by nolle prosequi  12 S. & R. 94.  6 B. 493.  Or the indictment is quashed. 3 R. 487.  But it extends to cases where the party may be discharged under the insolvent laws; or where judgment has been arrested, or reversed on error. 12 S. & R. 95.  Or where the defendant has been pardoned after conviction. 6 S. & R. 449.

(c) This does not include costs of an attachment against a

witness, for contempt.  2 S. & R. 292.

(b) Unless the discharge be a legal one, the county is not liable.  6 P. L. J. 237.

(c) This section is a consolidation of the 11th and 15th sections of the act of 23d September 1791, 3 Sm. 43–4 ; and the 13th section of the act of 28th March 1814, 6 Sm. 229 ; and the 1st section of the act of 20th March 1797, 3 Sm 281 ; and embraces the cases provided for by them.  Report on the Penal Code 53.

(g) This section is taken from the act of 28th March 1805, 4 Sm. 235.  Report on the Penal Code 54

(h) Sections 66 to 70 are taken from the 58th, 59th, 60th, 61st and 62d sections of the act of 13th June 1836, P. L. 603.  Report on the Penal Code 54.  See 6 C 522.  10 C. 184.

(i) This section is new ; its object is sufficiently manifest without further explanation  Report on the Penal Code 54.

county, requiring him to levy the sums due upon such recoveries as aforesaid, of the lands and tenements, goods and chattels of such offenders, returnable to the next term or session of the court where such conviction was had, which shall be executed accordingly;(a) and the lands, goods and chattels thereby seized shall be sold and conveyed by the said officers, and such sales shall be as available and effectual in law as any other sales of land taken and sold for the payment of debts, by virtue of writs of execution awarded out of the courts of common pleas in the respective counties.(b)

73. If any person who hath been, or shall be legally indicted in any court of criminal **Outlawry.** jurisdiction within this commonwealth, of treason, felony of death, robbery, burglary, sodomy or buggery, or as accessories before the fact to any of the same offences, did not or will not appear to answer to such indictment, or having appeared, shall escape before trial, the same indictment, record and proceedings shall be removed by writ of certiorari **Certiorari.** into the supreme court of this commonwealth, and it shall and may be lawful for the same court to award a writ of capias, directed to the sheriff of the county where the fact shall be charged to have been committed; and if the party indicted shall be supposed, **Capias.** by the indictment, to inhabit or be conversant in any other county, then also to the sheriff of such county; which writ or writs shall be delivered to the said sheriff or sheriffs, at least two months before the day of the return thereof, commanding the said sheriff or sheriffs to take the person so indicted as aforesaid, if he may be found in his or their bailiwicks, and him safely keep, so that he may have his body before the justices of the said supreme court, at the next supreme court to be holden for the said commonwealth, to answer to the said indictment, or prosecute his traverse thereupon, as the case may be, and to be further dealt with as the law shall direct; and if the same sheriff or sheriffs shall make return to the same writ or writs of capias, that the person indicted as afore- **Alias capias.** said, cannot be found in his bailiwick, then, after such return, a second writ of capias may issue out of the said supreme court, and be delivered at least three months(c) before the return day thereof, to the sheriff of the county where the fact shall be charged to have been committed; and in case the party shall be supposed, by the indictment, to inhabit or be conversant in any other county, then another writ of capias shall also issue, and be delivered at least three months before the return day thereof, to the sheriff of such county; which writ or writs of capias shall be returnable before the justices of the same court,(d) on the first day of the second term next after the teste of the said second writ of capias, so that a term shall intervene between the teste of the return days of the same writ or writs, whereby the said sheriff or sheriffs shall be commanded to take the said person so indicted as aforesaid, if he may be found in his or their bailiwicks, and him safely keep, so that he may have his body before the justices of the said supreme court at the day of the return thereof, to answer or prosecute his traverse as aforesaid; but if **Proclama-** he cannot be found in his or their bailiwicks, then to cause public proclamation to be **tion.** made on three several days(e) in one of the courts of quarter sessions of the peace to be held for the said counties respectively, between the teste and return days of the same writ or writs, that the party so indicted shall appear before the said justices of the said supreme court, at a supreme court to be holden at the time and place contained in the same writs, to answer such indictment or prosecute his traverse thereof, as the case may be, or through default thereof, he will at the return of the same writ or writs be outlawed, and attainted of the crime whereof he was indicted as aforesaid; and the said second writ of capias, directed to the sheriff of the county where the crime hath been, or shall be charged to have been committed, shall contain a further clause commanding the said sheriff, in case the person indicted as aforesaid cannot be found in his bailiwick, **Advertise-** to cause public advertisement to be made in one or more of the public newspapers of **ment.** this state, once a week, in six succeeding weeks, between the teste and return of the said second writ of capias, specifying therein the coming of the said second writ of capias to his hands, with the teste thereof, and the time and place of return to be made thereof, naming the person indicted as aforesaid, with his addition of degree, mystery(g) and place of abode,(h) as contained in the writ, stating the nature of the offence charged against him, and commanding him to appear before the justices of the said supreme court, at the day and place directed by the said second writ of capias, to answer to the said indictment, or prosecute his traverse thereof, as the case may be, or through default thereof at the return of the said second writ of capias, he will be outlawed and attainted of the crime whereof he shall have been indicted as aforesaid; and if upon the return **Attainder** of the same writ or writs last mentioned, by the said sheriff or sheriffs, that the directions of the said writ or writs had been fully complied with and pursued, and the person indicted as aforesaid shall not yield himself to one of the said sheriffs, so that he may have his body before the justices of the said supreme court at the day and place as directed by the said writ or writs, or having surrendered himself, shall escape from his custody, or having been bailed on his surrender or caption, shall not appear, so that through want of his appearance at the time and place the said supreme court shall appoint for his trial, no trial of his offence can be had, the justices of the said supreme court shall in either of these cases pronounce and declare the said person indicted as

73. Act 31 March 1860, § 73.  P. L. 447.

(a) A conveyance made to elude the provisions of this section, would be fraudulent and void at common law.   5 B. 114.
(b) This section is taken from the 30th section of the act of 31st May 1718, 1 Sm. 122.   Report on the Penal Code 54.
(c) See 1 D. 88, 92.

(d) 1 D. 88, 92.
(e) 1 D. 88, 92.
(g) 2 D. 92.
(h) 2 D. 92.   1 D. 60.

aforesaid, and not appearing at the time and place appointed for his trial as aforesaid, to be outlawed and attainted of the crime whereof he shall have been indicted as afore-

*Accessories.* said ; the said supreme court to pronounce the judgment of outlawry against the principal offender, previously to the declaration of outlawry against the accessory, against whom, in all other respects, it shall be lawful to carry on the proceedings together, and at the same time the said supreme court shall declare the legal punishment for the same

*Sentence.* crime ; and wherever imprisonment shall be a part of the sentence for any of the said offences, the term thereof shall commence from the time the person outlawed shall, subsequent to his outlawry, actually be in the custody of the sheriff of the county where the offence was or shall be committed, which sentence shall be fully and particularly entered upon the records of the said supreme court ; and the said sentence of outlawry

*Effect of out-* shall have the legal effect of a judgment upon verdict or confession against the person
*lawry.* so outlawed, for the offence whereupon he shall have been outlawed, unless and until the same outlawry shall be afterwards avoided by the judgment of the same court, on plea pleaded in the nature of a writ of error.

*How execu-* When any person outlawed as aforesaid, shall be taken either by *capias utlagatum*,
*tion to be* or otherwise, or being in the sheriff's custody, shall be brought to the bar of the supreme
*awarded.* court, the court shall, upon the suggestion and prayer of the attorney-general, award execution(a) to be done upon him, unless the prisoner shall plead either *ore tenus*, or in writing, as his counsel shall advise, that he was not the person who was outlawed, or shall assign errors, in fact or in law, sufficient to prevent the award of execution, in which case the court shall proceed to determine the same either by an inquest or by their own judgment, agreeably to law ; and the prisoner shall by such plea have all the benefit and advantage of all legal matters in his favor, as if he or she had brought a

*When out-* writ of error and had assigned the several matters pleaded as errors : *Provided,* If any
*lawry may* person outlawed shall within the space of one year next after the outlawry pronounced
*be reversed.* against him, yield him to one of the justices of the supreme court, and offer to traverse the indictment whereon the said outlawry shall be pronounced as aforesaid, that then he shall be received to the same traverse ; and being thereupon found not guilty, by the verdict of a jury, of the offence for which he shall have been outlawed as aforesaid, he shall be clearly acquitted and discharged of the said outlawry, and of all penalties and forfeitures by reason of the same, as fully as if no such outlawry had been had, anything hereinbefore contained to the contrary thereof notwithstanding.

*Costs.* All the costs and charges of the said proceedings to outlawry shall be borne and paid by the county where the crime is laid to have been committed : *Provided always,* That if the person or persons so outlawed shall have real or personal estate, the same or so much thereof as shall be necessary, shall be sold in the manner provided by the seventy-second section of this act, and the net proceeds of such sales shall be applied to the payment of the said costs and charges, or so far as the same shall extend, in exoneration of the county.(b)

*Sentences of* 74. Whenever any person shall be sentenced to imprisonment at labor by separate or
*separate or* solitary confinement, for any period not less than one year, the imprisonment and labor
*solitary con-* shall be had and performed in the state penitentiary for the proper district : *Provided,*
*finement.* That nothing in this section contained shall prevent such person from being sentenced to imprisonment and labor, by separate or solitary confinement, in the county prisons now or hereafter authorized by law to receive convicts of a like description : *And provided also,* That no convict shall be sentenced by any court of this commonwealth, to either of the penitentiaries thereof, for any term which shall expire between the fifteenth of November and the fifteenth of February of any year.(c)

*Sentences of* 75. No person shall be sentenced to imprisonment at labor, by separate or solitary
*less than one* confinement, for a period of time less than one year, except in the counties where, in the
*year, and* opinion of the court pronouncing the sentence, suitable prisons have been erected for
*simple im-* such confinement and labor ; and all persons sentenced to simple imprisonment for any
*prisonment.* period of time, shall be confined in the county jail where the conviction shall take place : *Provided,* That in the counties where suitable prisons for separate or solitary confinement at labor do not exist, and the sentence shall be for less than one year, simple

---

74. Act 31 March 1860, § 74. P. L. 449.

75. Ibid. § 75.

(a) 1 D. 87, 91.
(b) This section is taken from the 1st, 2d and 3d sections of the act of 23d September 1791, 3 Sm. 37, and is nearly a transcript thereof. They form in themselves as good a system of outlawry as can now be suggested, and are so skilfully and ably drawn, as to require no amendment of importance. Although proceedings in outlawry have been rarely resorted to in our state, yet they are indispensably necessary in every complete system of criminal jurisprudence. Report on the Penal Code 54.
(c) Whilst the 74th and 75th sections, except the proviso to the 74th section, are new in form, no material alteration is made in the law as it now stands. The 74th section requires that sentences of imprisonment at labor by separate or solitary confinement for a period of time not less than one year, shall be performed in the state penitentiary of the proper district, or in such county prisons as are now, or may hereafter be authorized to receive convicts of a like description ; and the 77th section prohibits sentences of imprisonment at labor by separate or solitary confinement for a less period of time than one year, except in the counties where suitable prisons have been, or shall hereafter be erected for such confinement and

This section also provides that in all cases where the sentence is for simple imprisonment only, the offender shall be confined in the county where the conviction shall take place. The sections taken together require : 1. That all persons sentenced to simple imprisonment, shall be confined in the county where the offender is convicted. 2. That no person shall be sentenced to imprisonment at labor by separate or solitary confinement for a less period than one year, except in the counties where, in the opinion of the court passing the sentence, prisons are provided suitable for such confinement and labor. 3. That all imprisonment at labor by separate or solitary confinement, where the sentences exceed one year, shall be in the state penitentiary for the proper district, except in the counties in whose prisons convicts of a like description are authorized to be imprisoned, and in those counties, such convicts may be sent to the county prisons as heretofore. The provision contained in the last proviso to the 74th section, is copied from the 1st section of the act of 18th February 1847, P. L. 126. Report on the Penal Code 54. In New York, a similar law to that contained in this proviso, was held to be merely directory, and a failure to comply with its requirements, not to avoid the sentence. 1 Parker 574.

imprisonment shall be substituted in all cases for the separate and solitary confinement at labor required by the "Act to consolidate, revise and amend the penal laws of this commonwealth."

76. Whenever, hereafter, any person shall be condemned to suffer death by hanging, for any crime of which he shall have been convicted, the said punishment shall be inflicted upon him within the walls or yard of the jail of the county in which he shall have been convicted; and it shall be the duty of the sheriff or coroner of the said county to attend and be present at such execution, to which he shall invite the presence of a physician, the district attorney of the county, and twelve reputable citizens, who shall be selected by the sheriff; and the said sheriff shall, at the request of the criminal, permit such ministers of the gospel, not exceeding two, as he may name, and any of his immediate relatives, to attend and be present at such execution, together with such officers of the prison, and such of the sheriff's deputies as the said sheriff or coroner, in his discretion, may think it expedient to have present; and it shall be only permitted to the persons above designated to witness the said execution: *Provided,* That no person under age shall be permitted, on any account, to witness the same. And after the execution, the said sheriff or coroner shall make oath or affirmation, in writing, that he proceeded to execute the said criminal, within the walls or yard aforesaid, at the time designated by the death warrant of the governor; and the same shall be filed in the office of the clerk of the court of oyer and terminer of the aforesaid county, and a copy thereof published in two or more newspapers, one, at least, of which shall be printed in the county where the execution took place.(a) *[margin: Execution in capital cases.]*

77. All indictments which shall hereafter be brought or exhibited for any crime or misdemeanor, murder and voluntary manslaughter excepted, shall be brought or exhibited within the time and limitation hereafter expressed, and not after;(b) that is to say, all indictments and prosecutions for treason, arson, sodomy, buggery, robbery, burglary, perjury, counterfeiting, forgery, uttering or publishing any bank note, check or draft, knowing the same to be counterfeited or forged, shall be brought or exhibited within five years next after the offence shall have been committed; and all indictments and prosecutions for other felonies not named or excepted heretofore in this section, and for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed:(c) *Provided however,* That if the person against whom such indictment shall be brought or exhibited, shall not have been an inhabitant of this state, or usual resident therein, during the said respective terms for which he shall be subject and liable to prosecution as aforesaid, then such indictment shall or may be brought or exhibited against such person at any period within a similar space of time during which he shall be an inhabitant of, or usually resident within this state: *And provided also,* That indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offence shall have been committed.(d) *[margin: Limitation of prosecutions.]*

78. All fines imposed upon any party, by any court of criminal jurisdiction, shall be decreed to be paid to the commonwealth; but the same shall be collected and received, for the use of the respective counties in which such fines shall have been imposed as aforesaid, as is now directed by law.(e) *[margin: Fines to be decreed to be paid to the state, for the use of the county.]*

76. Act 31 March 1860, § 76. P. L. 450.    77. Ibid. § 77.    78. Ibid. § 78.

(a) This section is taken from the act of 10th April 1834, P. L. 254. Report on the Penal Code 55.

(b) The finding of an informal presentment is not sufficient to take the case out of the statute. 1 Cranch C. C. 485. Nor will a former indictment, on which a nolle prosequi was entered. 3 McLean, 469.

(c) The limitation need not be specially pleaded; it may be taken advantage of on the general issue. 4 C. 259. See 3 Cranch C. C. 442.    5 Cranch C. C. 38, 60, 368.

(d) This section considerably extends the existing laws relating to the limitation of criminal prosecutions; these only relate to misdemeanors, in all of which, prosecutions must be commenced within two years, if the alleged offender is accessible to justice, except in forgeries, perjuries and misdemeanors by bank officers, the limitations in the latter cases being six years; the present section extends the principle to all crimes, murder and voluntary manslaughter excepted. Where the alleged offender is accessible to justice, prosecutions should not be unnecessarily delayed; such delays do not often take place from worthy motives; charges are often kept suspended over the heads of the accused to subserve the ends of the accuser, and the accused kept in a state of moral slavery, to which no human being should be subjected; it is true, that stale prosecutions are

looked upon with an unfavorable eye by courts and juries, but the very existence of this feeling in criminal tribunals is a strong argument in itself in favor of reasonable limitations in criminal prosecutions. In the more serious class of felonies and misdemeanors, the limitation has been extended to five years; in those of less malignity, the limitation of two years has been adopted. The existing laws on this subject are the 1st section of the act of 10th April 1848, P. L. 428; the 7th section of the act of 16th April 1849, P. L. 664; the 36th section of the act of 25th April 1850, P. L. 575; the act of 10th March 1852, P. L 124; and the act of 24th April 1857, P. L. 305. The act of 1852, which provides for a general limitation of two years in all cases of misdemeanors, forgeries and perjuries excepted, may be regarded as having repealed all antecedent laws; the act of 1857, though purporting by its title to be a repeal of the act of 1852, is only a modification thereof, extending the limitation in cases of prosecutions for misdemeanors of bank or other corporation officers to five years. Report on the Penal Code 55.

(e) This section is a re-enactment of the existing law, and is introduced here for the purpose of giving more completeness to the code. Report on the Penal Code 56.

# Cumberland Road.

1. Road accepted from the United States.
2. Appointment of superintendents.  Term.  Vacancies, how filled.  Oath of office.  Bond.
3. Superintendent in Fayette and Somerset counties.
4. Powers of the superintendents.
5. Compensation.  Accounts.
6. Toll-gates to be erected.  Tolls.  May be commuted.  Certain parties not to be charged toll.
7. When tolls may be increased.  How payment may be enforced.
8. Rates of toll increased.  Exemptions.
9. Suits for collection of tolls.  Plea of non-joinder not to be received.  Vehicles may be detained till tolls be paid.
10. Drivers to report number of passengers.  Penalty for neglect.
11. Book of entries to be evidence of unpaid tolls.
12. Estimates to be made of tolls, not reported.  Commutations.  Evidence.
13. Penalty for fraudulent evasion of toll.
14. Commissioners to establish rules.  Subject to approval of the courts.
15. Tolls to be collected although no gates be passed.  To be collected by action.
16. Location of gates may be changed.  Rates of toll may be raised in certain cases.
17. Toll-gatherers to be appointed; who shall account quarterly.  Commissioners to render annual accounts, on oath.
18. Tolls to be applied to preservation of road.  Limitation of power to increase tolls.
19. Directors to be set up.  Penalty for violation.
20. Penalty for delaying travellers, or demanding excessive tolls.
21. Penalty for injuring or obstructing road.
22. Toll-gatherers to keep accounts.
23. How penalties recoverable.
24. Penalty for driving rough-locked, &c.
25. Culverts to be constructed along the road.
26. Payment of salaries and expenses.  Repairs of road.
27. When proceeds may be applied to payment of creditors.

**Road accepted from U.S.** 1. The surrender by the United States of so much of the Cumberland road as lies within the state of Pennsylvania, is hereby accepted by this state; and the commissioners to be appointed under this act are authorized to erect toll-gates on the whole or any part of said road, at such times as they may deem it expedient and proper to do so.

**Appointment of superintendents.** 2. At the first session happening after the passage of this act, it shall be the duty of the court of quarter sessions of Washington county to appoint a suitable person to be superintendent of that section of the Cumberland road within this commonwealth which lies between the Monongahela river and the Virginia state line; [and it shall also be the duty of the court of quarter sessions of Fayette county, at the first session of the said court happening after the passage of this act, to appoint a suitable person to be superintendent of that section of the Cumberland road within this commonwealth which lies **Term.** between the Monongahela river and the Maryland state line;](a) which appointments **Vacancies, how filled.** shall severally continue for two years, if they shall discharge the duties hereinafter prescribed in a proper manner; and in case of the death, resignation or removal, the vacancy shall be filled by the same courts of the proper county: The said superintendents shall **Oath of office.** be sworn, in open court, to discharge the duties of their trust with honesty and fidelity; **Bond.** and shall, before entering upon the duties of their respective trusts, give bond, in such sum and with such security as the said respective courts may deem sufficient; the bonds to be given in the name of the commonwealth, and shall be conditioned for the faithful discharge of their trust in all things.

**Superintendent in Fayette and Somerset counties.** 3. The governor of this commonwealth shall appoint one person to be superintendent of said road, in Fayette and Somerset counties, for the term of two years from the date of said appointment, at a salary not exceeding two hundred dollars per annum, to be paid out of the tolls collected upon said road, whose duties shall be those of superintendent of said road, as now directed by the law of this commonwealth, authorizing the court of Fayette county to appoint a superintendent, approved the 22d day of April 1856.

**Powers of the superintendents.** 4. Each of the said superintendents so appointed, shall have over their respective sections of said road all the powers heretofore conferred upon commissioners of said road, and all the powers conferred upon superintendents by the fourth section of the act to which this is a supplement,(b) and also all the powers which have heretofore been conferred upon trustees authorized to be appointed for said road.

**Compensation.** 5. For compensation, the said superintendents shall each receive a certain per centage of the gross revenues of their respective sections, which per centage shall be ascertained and allowed by the court, at the end of each year; at which time it shall be the duty of **Accounts.** the said superintendents to make a full and just exhibit of the receipts and expenditures on their respective sections, to the court from which he received his appointment; which accounts, before they are certified, shall receive the consideration and examination of the court, and for this purpose the court may appoint an auditor, if necessary.

**Toll-gates to be erected.** 6. For the purpose of keeping so much of the said road in repair as lies within the state of Pennsylvania, and paying the expenses of collection and other incidental expenses, the commissioners shall cause to be erected on so much of the said road as passes within this state, at least six gates; and as soon as said gates and toll-houses shall be erected, it shall be the duty of the toll-collectors, and they are hereby required to demand and receive for passing the said gates, the tolls hereafter mentioned; and they may stop any person riding, leading or driving any horse, cattle, sulky, chair, phaeton,

---

1. Act 1 April 1835, § 3.  P. L. 102.          3. Act 1 May 1861, § 1.  P. L. 678.          5. Ibid. 3.
2. Act 22 April 1856, § 1.  P. L. 523.         4. Act 22 April 1856, § 2.  P. L. 523.        6. Act 4 April 1831, § 2.  P. L. 419.

(a) See infra 3.                                          (b) See act 8 April 1848.  P. L. 395–7

for the like offense, he shall be sentenced to be confined in the penitentiary for one year.

Id. § 28.
1 Va. Cas. 151–2.

26. When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous terms of confinement.

Code Va., p. 815, § 29.
10 Gratt. 755.

27. When a person is convicted of selling, or offering or exposing for sale, at retail, spirituous liquors, wine, porter, ale, or beer, or drink of like nature, and it is alleged in the indictment or presentment on which he is convicted, and admitted, or by the jury found, that he has been before convicted of the like offense, he shall be fined as provided in the third section of chapter thirty-two, and may, at the discretion of the court, be confined in jail not exceeding six months.

Acts of 1868, p. 124, ch. 149, § 1.

28. No criminal prosecution for any felony or misdemeanor shall be maintained in the courts of this state against any person for any act done in the suppression of the late rebellion ; and it shall be a sufficient defense to such prosecution, to show that such act was done in obedience to the orders, or by the authority, of any civil or military officer of this state, or of the re-organized government of Virginia, or of the government of the United States ; or that said act was done in aid of the purposes and policy of said authorities, in retarding, checking, and suppressing the said rebellion.

---

# CHAPTER CLIII.

## FOR PREVENTING THE COMMISSION OF CRIMES.

SEC.
1. Conservators of the peace ; power to bind to good behavior.
2. } Duty of, on complaint that a crime is intended.
3. }
4. Proceedings when accused appears.
5. Right of accused to appeal.
6. } Power of court upon such appeal, and when the accused is committed.
7. }

SEC.
8. Person going armed with deadly weapon, when required to give recognizance, etc.
9. Affray, etc., in the presence of constable.
10. In presence of justice ; duty of justice where person brought before him, etc.
11. Proceedings where person suspected of unlawful retailing of spirituous liquors.

Code of Va., p. 817, § 1.
Const. art. 7, § 9.
Acts of 1863, p. 234, ch. 132, § 1.

1. Every justice and constable shall be a conservator of the peace, within his county. As such conservator, every justice shall have power to require from persons not of good fame, security for their good behavior for a term not exceeding one year.

Code Va., p. 817, § 2.

2. If complaint be made to any justice, as such conservator, that there is good cause to fear that a person intends to commit an offense against the person or property of another, he shall examine on oath the complainant, and any witnesses who may be produced, reduce the complaint to writing, and cause it to be signed by the complainant.

Id. § 818, § 3.
Munf. 458.

3. If it appear proper, such justice shall issue a warrant, reciting the complaint, and requiring the person complained of forthwith to be apprehended and brought before him or some other justice.

4. When such person appears, if the justice, on hearing the par- <span>Code Va., p. 818, § 4.</span> ties, consider that there is not good cause for the complaint, he shall discharge the said person, and may give judgment in his favor against the complainant for his costs. If he consider that there is good cause therefor, he may require a recognizance of the person against whom it is, and give judgment against him for the costs of the prosecution, or any part thereof; and, unless such recognizance be given, he shall commit him to jail, by a warrant, stating the sum and time in and for which the recognizance is directed. The justice giving judgment under this section for costs may issue a writ of fieri facias thereon, if an appeal be not allowed; and proceedings thereupon may be according to the two hundred and twenty-seventh section of chapter fifty.

5. A person from whom such recognizance is required may, on <span>Id. § 5.</span> giving it, appeal to the circuit court of the county; and in such case the officer from whose judgment the appeal is taken shall recognize such of the witnesses as he thinks proper.

6. The court may dismiss the complaint, or affirm the judgment, <span>Id. § 6.</span> and make what order it sees fit as to the costs. If it award costs against the appellant, the recognizance which he may have given shall stand as a security therefor. When there is a failure to prosecute the appeal, such recognizance shall remain in force, although there be no order of affirmance. On any appeal the court may require of the appellant a new recognizance, if it see fit.

7. Any person committed to jail under this chapter may be dis- <span>Id. § 7.</span> charged by the circuit court, or the judge thereof in vacation, upon such terms as may be deemed reasonable.

8. If any person go armed with a deadly or dangerous weapon, <span>Id. § 8.</span> without reasonable cause to fear violence to his person, family, or property, he may be required to give a recognizance, with the right of appeal, as before provided, and like proceedings shall be had on such appeal.

9. If any person shall, in the presence of a constable and within <span>Id. § 9. Acts of 1863, p. 234–5, § 1.</span> his county, make an affray, or threaten to beat, wound, or kill another, or to commit violence against his person or property; or contend with angry words to the disturbance of the peace; or improperly or indecently expose his person; or appear in a state of gross intoxication in a public place; such constable, as such conservator, may, without warrant or other process, or further proof, arrest such offending person and carry him before some justice of the township in which such offense is committed, who, upon hearing the testimony of such constable and other witnesses, if any are then and there produced, if, in his opinion the offense charged be proved, shall require the offender to give a bond or recognizance, with security, to keep the peace and be of good behavior for a term not exceeding one year.

10. If any offense enumerated in the preceding section be com- <span>Id. p. 235, § 2.</span>

mitted in the presence of a justice within his county, or the offender being brought before him, the commission thereof be proved to his satisfaction, he may, besides requiring a bond or recognizance with security, as provided in the preceding section, impose a fine upon the offender not exceeding five dollars. If such bond or recognizance be not then and there given, or such fine be not then and there paid, the said justice shall commit the offender to the jail of his county, there to remain until such bond or recognizance be given, and such fine be paid ; but no imprisonment under this section shall continue more than ten days, at the end of which the sheriff or jailor shall discharge the prisoner, unless he has been commanded by sufficient authority to detain him for some other cause.

Code of Va., p. 818, § 10. Acts of 1865, p. 57, ch. 61.

11. If any justice suspect any person of selling, by retail, wine, or ardent spirits, or a mixture thereof, contrary to law ; or of selling, or offering or exposing for sale, any intoxicating liquor, or keeping open any distillery, bar, office, stall, or room in his possession, or under his control, at which such liquor had theretofore usually been sold, or permitting any person to drink any intoxicating liquor at the same, on the day of an election, and within two miles of the place of such election, or during the night succeeding such day, contrary to the eleventh section of chapter five, such justice shall summon the person suspected of such offense, and such witnesses as he may think proper, to appear before him ; and upon the person so suspected appearing, or failing to appear, if the justice, on examining the witnesses under oath, find sufficient cause, he shall direct the prosecuting attorney for the county to institute a prosecution against the person so suspected, and shall recognize the material witnesses, or cause them to be summoned, to appear at the next term of the circuit court of the county. Such justice may also require the person suspected to enter into recognizance to keep the peace and be of good behavior for a time not exceeding one year. If recognizance be given by the person so suspected, the condition thereof shall be deemed to be broken, if during the time for which it is given, such person shall sell, by retail, wine, or ardent spirits, or a mixture thereof, contrary to law, or violate in any particular the eleventh section of chapter five.

---

# CHAPTER CLIV.

## OF INQUESTS UPON DEAD BODIES.

SEC.
1. Duty of justice upon being notified of death by violence, etc.
2. Warrant and summons, how executed.
3. Jury formed ; their oath.
4. How witnesses compelled to attend ; how evidence taken.
5. Inquisition.
6. Inquisition, evidence, etc., returned ; witnesses recognized.

SEC.
7. Justice to issue warrant for the arrest of accused, if not in custody,
8. When deceased a stranger, body to be buried, etc.; costs, how paid.
9. Justice may require physicians to attend inquest.
10. Penalty on justice for neglect of duty.
11. Inquest may be taken on Sunday.