UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GRACE, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA*, et al.,*<br><br>Defendants. | Civ. Action No. 15-2234 (RJL) |

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SHORT RESPONSE BRIEF

INTRODUCTION

The Court should deny plaintiffs leave to file a brief in response to the Brady Center's Motion for Leave to File Amicus Curiae Brief. Plaintiffs are wrong about the purported unfairness of the Brady Center's filing and, in any event, plaintiffs' proffered response adds nothing new to the analysis. They already have filed over 160 pages with the Court in support of their motion for a preliminary injunction, and the Court has scheduled over an hour of oral argument, so there is no need for further briefing. Moreover, even if the Court were to accept plaintiffs' response, their arguments about empirical evidence underscore why this Court should defer to the Council's findings and await the development of a full record before considering plaintiffs' request for a permanent injunction.

## ARGUMENT

I.  **Plaintiffs Have Received a Full and Fair Opportunity to Be Heard.**

Plaintiffs wrongly assert that the Brady Center's brief "deprived" them of the ability to respond "to any new arguments." First, plaintiffs have not been deprived of an opportunity to be heard because, as provided under the Local Rules, they have filed some 68 pages of briefing, with exhibits, in support of their motion. Neither the issues nor the parties are new. The District's gun laws have consumed this Court, the Circuit, and the United States Supreme Court for years. In fact, the very issue now before the Court—whether the District's "good reason" concealed-carry requirement should be preliminarily enjoined—has already been subject to extensive briefing in this Court and in the Circuit. *See Wrenn v. District of Columbia*, No. 15-162 (D.D.C.); *Wrenn v. District of Columbia*, No. 15-7057 (D.C. Cir.).

Second, plaintiffs received the Brady brief, which they concede was filed in compliance with the letter of Local Rule 7(o), well before the scheduled oral argument on February 2, 2016. Plaintiffs will have more than adequate time during their 40 minutes of argument to address any points they choose.[1]

---

[1] Although Plaintiffs argue that the Brady Center's filing was a "clear violation of the rules of fair play[,]" Doc. No. 27 at n.1, they do not dispute that the Brady brief was timely filed under the local rule. *See* LCvR 7(o)(2).

2

## II. Plaintiffs' Response Raises Nothing New and Underscores the District's Arguments

Plaintiffs' proposed response does not identify any new arguments that Brady has made in its Amicus Brief.[2] Plaintiffs re-argue that the primary evidence relied on by the Council (the 2014 study by Professor John Donohue) need not be considered because it fails to establish a "causal link" between permissive public carry laws and higher crime. Pl. Response [Doc. No. 27-2] at 5 and n.2. But scientific or empirical certainty is not the test—the District need only show *some* meaningful evidence that the challenged firearm law can reasonably be expected to promote an important government interest, and that the challenged regulation is not substantially more burdensome than necessary to do so. *Heller v. District of Columbia*, 670 F.3d 1244, 1259 (D.C. Cir. 2011) (*Heller II*). And if the empirical evidence is truly as unsettled as plaintiffs suggest, the Court should defer to the legislature. *Turner Broad. Sys., Inc. v. FCC*, 520 U.S. 180, 199 (1997) (*Turner II*); *Heller II*, 670 F.3d at 1269.  Plaintiffs' additional arguments therefore add nothing to the analysis.

Plaintiffs' request for additional briefing to address these evidentiary questions only emphasizes how important it is that this Court refrain from entering a final judgment until after a full record is developed.  Even if this Court were to find the present record insufficient to uphold the "good reason" requirement, it should deny plaintiffs' application for emergency and permanent injunctive relief

---

[2]    Indeed, the Brady brief is substantially similar to the one it provided in *Wrenn* some four months ago. *See Wrenn v. District of Columbia*, No. 15-7057 (D.C. Cir.), Document #1571477 (filed Sep. 3, 2015).

and permit the District a full and fair opportunity to make an evidentiary record in support of the Act. *See Heller II*, 670 F.3d at 1258 (remanding for further factual development after summary judgment).

## CONCLUSION

For the foregoing reasons, the Court should not accept for filing plaintiffs' proposed response to the Brady Center's *amicus* brief.

DATE: January 28, 2016.   Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON (#453765)
Chief, Equity Section

/s/ Andrew J. Saindon
ANDREW J. SAINDON (#456987)
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
Email: andy.saindon@dc.gov

/s/ Chad A. Naso
CHAD A. NASO (#1001694)
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-7854
Facsimile: (202) 741-8951
chad.naso@dc.gov

*Counsel for the District of Columbia*