IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GRACE and<br>PINK PISTOLS,<br><br>   Plaintiffs,<br><br>  v.<br><br>DISTRICT OF COLUMBIA and<br>CATHY LANIER, in her official capacity as<br>Chief of Police for the Metropolitan Police<br>Department,<br><br>   Defendants. | Civil Action No. 15-2234 (RJL) |

**OBJECTION TO NOTICE OF RELATED CASE**

  Defendants have filed a notice designating this case and *Wrenn v. District of Columbia*, No. 1:15-cv-00162-CKK, as related cases under LCvR 40.5. *See* Notice of Related Case (Feb. 11, 2016), Doc. 34. Plaintiffs object to Defendants' designation.

  Pending civil cases are deemed related when they "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). Conditions (i) and (iv) plainly are not relevant, as this case and *Wrenn* involve Second Amendment challenges to the District of Columbia's limitation of concealed carry licenses to those individuals who can demonstrate a good or proper reason for carrying a firearm. Conditions (ii) and (iii) also are inapplicable. The relevant adjudicative facts of the cases concern the respective plaintiffs and their concealed carry applications, and the relevant transactions were the denials of those applications. *See Association of Nat'l Advertisers, Inc. v. FTC*, 627 F.2d 1151, 1161 (D.C. Cir. 1979) (Adjudicative facts are those "concerning the immediate parties who did what, where, when, how, and with what motive

1

or intent."). Because the plaintiffs in the cases are not the same, they do not involve common facts or grow out of the same event.

To be sure, both *Wrenn* and this case assert a common *legal* challenge to the District's restrictive concealed carry laws. But under this Court's rules, the presence of common legal questions is conspicuously *absent* from the conditions necessary to make two cases related. Evaluation of the legal challenges in this case and in *Wrenn* may, of course, require the Court to examine similar historical and social science information, but any such information is a matter of *legislative* fact, not adjudicative fact. *See, e.g.*, *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) ("[O]nly legislative facts are relevant to the constitutionality of the Illinois gun law" banning public carriage of firearms.). While those legislative facts ultimately may bear on the common *legal* question in the cases—whether the District's carry laws are constitutional—they have no bearing on the *adjudicative* facts of the cases concerning the specific parties before the Court. Relying on the presence of shared legislative facts to find two cases related would contradict this Court's determination that common legal issues do not suffice for such a finding.

The existence of *Wrenn* and the commonality of the legal issues between it and this case are not new discoveries. Indeed, upon filing their complaint Plaintiffs specifically noted *Wrenn*'s existence and explained why they were not designating it as a related case. *See* Attachment to Civil Cover Sheet (Dec. 22, 2015), Doc. 1-1 at 4 (noting that *Wrenn* "has different plaintiffs than this [case] and involves the denials of different concealed carry applications"). Defendants indicated no objection at the time. Defendants presumably are filing their notice of related case now in light of the issuance of the mandate giving effect to the D.C. Circuit's judgment that the judge originally assigned to *Wrenn* lacked jurisdiction to hear the case and the reassignment of *Wrenn* to a different district judge. But these events should not have affected the District's

...

evaluation of whether the cases are related. Cases may be deemed related when both are "pending on the merits in the District Court." LCvR 40.5(a)(3). And *Wrenn* was pending on the merits in the District Court when this case was filed—the only ruling before the D.C. Circuit was the granting of a preliminary injunction. *See Ex parte National Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906); *Society for Animal Rights, Inc. v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975). The District's tardy and erroneous designation of *Wrenn* as a related case should be denied.

Dated:  February 11, 2016                                Respectfully submitted,

                                          s/ Charles J. Cooper
Charles J. Cooper (Bar No. 248070)
David H. Thompson (Bar No. 450503)
Peter A. Patterson (Bar No. 998668)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
ccooper@cooperkirk.com

*Attorney for Plaintiffs*