UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GRACE, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Case No. 15-2234 (RJL) |

DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTION TO NOTICE OF RELATED CASE

Defendants respond to plaintiffs' objection that this case is related to *Brian Wrenn, et al. v. District of Columbia, et al.*, 15-00162 (CKK).

I. The Cases

Plaintiffs in *Wrenn* and here both challenge the same law: the "good reason" requirement to obtain a concealed-carry license. D.C. Code § 22-4506(a) (2015). Both sets of plaintiffs argue that that requirement violates the Second Amendment to the Constitution. Both sets of plaintiffs argue that the requirement "destroys" or is a "total ban" on the exercise of the rights protected under the Second Amendment, and fails any level of means-end scrutiny. *Wrenn* PI Mem. [Doc. No. 6-2] at 10, 19; *Grace* PI Mem. [Doc. No. 6-1] at 21, 26. Both sets of plaintiffs argue that the requirement is an impermissible "prior restraint" on the exercise of their Second Amendment rights. *Grace* PI Mem. at 23; *Wrenn* PI Mem. at 17. The individual *Wrenn* plaintiffs allege that their applications for concealed-carry licenses were denied for failure to

demonstrate a "good reason." *Wrenn* Complaint ¶¶ 29–33. Plaintiff Grace alleges that his application for a concealed-carry license was denied for failure to demonstrate a "good reason." *Grace* Complaint ¶ 21. And the organizational plaintiffs, the Second Amendment Foundation and the Pink Pistols, each allege that one or more of their members would carry a firearm outside the home but for their inability to meet the "good reason" requirement. *Wrenn* Complaint ¶ 25; *Grace* Complaint ¶ 27.

## II.   The Related Case Rule

The related case rule is an exception to the normal operation of the courts, in which cases are randomly assigned; the rule "'rests primarily on considerations of judicial economy' and aims to prevent the inefficiency inherent in having two judges 'handling cases that are so related that they involve common factual issues or grow out of the same event of transaction.'" *Boyd v. Farrin*, 2012 WL 6106415, *1 (D.D.C. Dec. 10, 2012) (quoting *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000)).

LCvR 40.5(b)(3) mandates that a party notify the judges "[w]henever an attorney for a party becomes aware of the existence of a related case[.]" Civil cases are "deemed related when the earliest is still pending on the merits in the District Court and they . . . (ii) involve common issues of fact, or (iii) grow out of the same event or transaction[.]" LCvR 40.5(a)(3). Plaintiffs argue that this case and *Wrenn* are not related because they do not meet elements (ii) and (iii) of the Rule. Doc. No. 35 at 1–2. Plaintiffs are incorrect.

2

Both *Wrenn* and this case involve common issues of fact or grow out of the same event or transaction. In *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F.Supp.2d 135 (D.D.C. 2010) (Urbina, J.), the Court determined—over objection—that a number of designated cases were related under LCvR 40.5. *Id.* at 140. The cases were brought by hospice-care providers who each challenged the validity of the same federal regulation and how it applied to them. 753 F.Supp.2d at 140. "Each case thus presents identical issues for resolution: whether the regulation impermissibly conflicts with the underlying statute and, if so, what relief should be afforded the plaintiff hospices." *Id.*

> Accordingly, there is substantial overlap in both the factual underpinning and the legal matters in dispute in each of these hospice cap cases.
>
> * * *
>
> [T]he court concludes that these hospice cap cases do indeed share common factual issues and arise out of a common event or transaction—namely [the promulgation of the regulation and its impact on the plaintiffs]—such that judicial economy would be served by having these matters resolved by the same judge.

*Id.*

So too here: all the plaintiffs in both cases challenge the same law—the District's "good reason" requirement—and they all argue that it conflicts with the Second Amendment.

There is substantial overlap in both the factual underpinning and the legal matters in dispute in both *Wrenn* and *Grace*. As noted above, both sets of plaintiffs make the same arguments and challenge the same law for the same reasons. Both

cases share common factual issues and arise out of a common event or transaction—namely, enactment of the "good reason" requirement and its impact on the plaintiffs—such that judicial economy would be served by having these matters resolved by the same judge. *See id. See also Assiniboine and Sioux Tribe of the Fort Peck Indian Reservation*, 211 F.Supp.2d 157, 159 (D.D.C. 2002) (Lamberth, J.) (case was related to earlier matter alleging federal officials were in breach of their fiduciary responsibilities to plaintiff trust beneficiaries) ("It would waste judicial resources and be nonsensical to have another court address these same factual issues[.]").[1] Nor, given that the Rule is designed to conserve judicial resources, should it be read narrowly to frustrate that goal. All the related-case designation does is provide a judge with discretion to transfer a case; nothing is to be gained from a parsimonious reading of the Rule.

Plaintiffs base their opposition on a distinction without a difference, asserting that while the legislative facts in the two cases may be the same, the "adjudicative" facts in the cases are not related. The Rule does not say that, and, as the district court explained in *Medford v. District of Columbia*, 691 F. Supp. 1473 (D.D.C. 1988):

> Even though defendants correctly contend that each individual [plaintiff's] proceeding involves some separate 'factual' issues, such variation is insufficient to undercut the efficiency rationale for finding these cases to be related. The fact that identical legal issues are involved in all three cases greatly outweighs any argument for splitting these cases up based on trivial factual variances between each

---

[1] The drafters of the Rule would likely have had in mind, more broadly, whether two judges would have to consider complicated factual issues (such as the empirical issues underlying the intermediate-scrutiny analysis in these cases).

[plaintiff's] experience with the [government].

*Id.* at 1475 (footnote omitted). "It would make no sense to have several different district court judges review the same legal issue[.]" *Id.*

All plaintiffs concede that they do not meet the "good reason" requirement and all plaintiffs assert the same injury—an alleged violation of their Second Amendment rights. The cases are related under LCvR 40.5(a)(3).[2]

DATE:   February 16, 2016.                    Respectfully submitted,

                                               KARL A. RACINE
                                               Attorney General for the District of Columbia

                                               ELIZABETH SARAH GERE
                                               Deputy Attorney General
                                               Public Interest Division

                                               /s/ Toni Michelle Jackson
                                               TONI MICHELLE JACKSON (#453765)
                                               Chief, Equity Section

                                               /s/ Andrew J. Saindon
                                               ANDREW J.SAINDON (#456987)
                                               Senior Assistant Attorney General
                                               441 Fourth Street, N.W., Sixth Floor South
                                               Washington, D.C. 20001
                                               Telephone: (202) 724-6643
                                               Facsimile: (202) 730-1470
                                               Email: andy.saindon@dc.gov

                                               /s/ Chad A. Naso
                                               CHAD A. NASO (#1001694)
                                               Assistant Attorney General
                                               441 Fourth Street, N.W., Sixth Floor South
                                               Washington, D.C. 20001

---

[2]   The *Wrenn* plaintiffs agree that their case is related to this case. *See Wrenn* [Doc. No. 42] (Plaintiffs' Notice of Designation of Related Civil Cases Pending).

              Telephone: (202) 724-7854
              Facsimile: (202) 741-8951
              chad.naso@dc.gov

              *Counsel for Defendants*