**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATTHEW GRACE and<br>PINK PISTOLS,<br><br>       Plaintiffs,<br><br>  v.<br><br>DISTRICT OF COLUMBIA and<br>CATHY LANIER, in her official capacity as<br>Chief of Police for the Metropolitan Police<br>Department,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 15-2234 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## LOCAL RULE 16.3 REPORT

Pursuant to the Court's Case Management Order of December 29, 2015, LCvR 16.3, and

Fed. R. Civ. P. 26(f), counsel for the Plaintiffs and for Defendants in the above-captioned action

met telephonically on February 10, 2016 and conferred concerning the matters set forth in Local

Rule 16.3(c) and hereby submit the following report.

### One-Page Statement of the Facts of the Case and the
### Statutory Basis for All Causes of Action and Defenses

District of Columbia law provides that "[n]o person shall carry within the District of

Columbia either openly or concealed on or about their person, a pistol, without a license issued

pursuant to District of Columbia law . . . . ," and that applicants "may" be issued a license to

carry a concealed firearm only "if it appears that the applicant has good reason to fear injury to

his or her person or property or has any other proper reason for carrying a pistol . . . ." *Id.* §§ 22-

4504(a), 22-4506(a). District law further provides that "good reason to fear injury to his or her

person . . . shall at a minimum require a showing of a special need for self-protection

distinguishable from the general community as supported by evidence of specific threats or previous attacks that demonstrate a special danger to the applicant's life." *Id.* § 7-2509.11(1)(A).

Plaintiff Matthew Grace, who is a member of Plaintiff Pink Pistols, applied for a District of Columbia concealed carry license but had that application denied for failure to "[d]emonstrate a good reason to fear injury to person or property, or other proper reason for a concealed carry license." On December 22, 2015, Mr. Grace and Pink Pistols filed a complaint in this Court, alleging that the District's "proper reason" requirement violates the Second Amendment.

Plaintiffs' cause of action is based on 42 U.S.C. § 1983, which grants "an action at law, suit in equity, or other proper proceeding for redress" to any person within the jurisdiction of the United States who is deprived "of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of . . . the District of Columbia." Plaintiffs believe that the "good reason" / "proper reason" requirement violates the Second Amendment right to bear arms by prohibiting typical law-abiding, responsible citizens from carrying firearms outside their homes.

Defendants believe that the "good reason" / "proper reason" requirement does not violate the Second Amendment to the Constitution, and that "intermediate scrutiny" is the appropriate level of means-ends analysis to be applied.

### Matters Listed in LCvR 16.3(d)

*(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The parties believe the case likely will be disposed of by dispositive motion. On February 16, 2016, Plaintiffs asked the court to consolidate the preliminary injunction proceedings and the determination on the merits without further proceedings or discovery. Plaintiffs believe that any discovery should await a decision on that motion. The District will oppose plaintiffs' motion to consolidate in due course, believing that discovery is essential to permit the District a full and fair opportunity to make an evidentiary record in support of the challenged legislation.

*(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

Plaintiffs propose that any joinder of additional parties or other amendment to the pleadings occur within 90 days of the filing of this Report, by May 25, 2015. Defendants propose that any joinder of additional parties or claims occur within 30 days of the filing of this Report.

*(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties do not consent to assigning this case to a magistrate judge.

*(4) Whether there is a realistic possibility of settling the case.*

Although the parties would prefer to resolve the dispute amicably, they do not believe that there is a realistic possibility of settling the case at this time.

*(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The parties do not believe the case would benefit from the Court's ADR procedures at this time.

*(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

As noted above, it is Plaintiffs' position that the preliminary injunction proceeding should be consolidated with final determination of the merits. Accordingly, Plaintiffs do not believe that any further briefing or motions practice is necessary. The District believes that a six-month period of discovery—as ordered by Judge Boasberg on the remand from *Heller II*—will enable the parties to complete the record necessary to decide this case, and has accordingly proposed such a schedule (copy attached). As set forth, the District proposes that motions for summary judgment be filed by November 4, 2016, after the close of discovery, with oppositions due by December 2 and replies by December 23.

*(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties have agreed to waive initial disclosures.

*(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of*

*all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

As noted above, it is Plaintiffs' position that the preliminary injunction proceeding should be consolidated with final determination of the merits. Accordingly, Plaintiffs do not believe that any discovery is necessary or appropriate. The District believes that a six-month period of discovery will enable the parties to complete the record here and has proposed such a schedule, such that discovery should commence on March 25, 2016, and be completed (including expert discovery) by September 23, 2016.

Should discovery take place, without prejudice to future requests for modification, the parties believe that the limitations on interrogatories per side, pursuant to Fed. R. Civ. P. 33(a)(1), and depositions per side, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i), are appropriate.

*(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

As noted above, it is Plaintiffs' position that the preliminary injunction proceeding should be consolidated with final determination of the merits. Accordingly, Plaintiffs do not believe that any expert reports, testimony, or depositions are necessary or appropriate. The District's suggested schedule for the exchange of expert witness information is incorporated in its proposed schedule.

*(10) In class actions, appropriate procedures for dealing with Rule 23, Fed.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This is not a class action.

*(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and specific proposal for such bifurcation.*

The parties see no present need for bifurcation.

*(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

As noted above, it is Plaintiffs' position that the preliminary injunction proceeding should be consolidated with final determination of the merits. Accordingly, Plaintiffs do not believe that a trial is necessary in this case.

In the event that Plaintiffs' motion to consolidate the preliminary injunction proceedings with the determination on the merits is denied and Defendants are allowed to conduct discovery, the parties propose that a pretrial conference be held no sooner than 60 days following the Court's

decision on any post-discovery motion for summary judgment, or within 60 days of the close of discovery, if no motion for summary judgment is filed.

*(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties believe it is premature to set a trial date at this time.

*(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

No other matters at this time.

Respectfully submitted, this 24th day of February, 2016.

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON (#453765)
Chief, Equity Section

/s/ Andrew J. Saindon
ANDREW J.SAINDON (#456987)
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
Email: andy.saindon@dc.gov

/s/ Chad A. Naso
CHAD A. NASO (#1001694)
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-7854
Facsimile: (202) 741-8951
chad.naso@dc.gov

*Attorneys for Defendants*

s/ Charles J. Cooper
Charles J. Cooper (Bar No. 248070)
David H. Thompson (Bar No. 450503)
Peter A. Patterson (Bar No. 998668)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
ccooper@cooperkirk.com

*Attorneys for Plaintiffs*