UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GRACE, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA*, et al.,*<br><br>Defendants. | Civ. Action No. 15-2234 (RJL) |

### RULE 56(d) DECLARATION OF ANDREW J. SAINDON

Pursuant to 28 U.S.C. § 1746, I, Andrew J. Saindon, declare and state as follows:

1. I am over the age of eighteen (18) years, competent to testify to the matters contained herein, and testify based on my personal knowledge and information.

2. I am a Senior Assistant Attorney General for the District of Columbia. I have worked as an attorney at the Office of the Attorney General for the District of Columbia, or its predecessor, since 1998. I am counsel for the defendants in this case. I was also trial counsel for the District in *Heller v. District of Columbia*, No. 08-1289 (JEB), along with Chad Naso.

3. This declaration is submitted pursuant to Rule 56(d) of the Federal Rules of Civil Procedure in opposition to Plaintiffs' Motion to Consolidate the Preliminary Injunction Proceedings with the Determination on the Merits, filed on February 16, 2016.

4. There has been no discovery in this case. The Complaint was filed on December 22, 2015, and the defendants filed their Answer on January 12, 2016.

Pursuant to the Court's Case Management Order of December 29, 2015, and LCvR 16.3, the parties' Joint Meet and Confer Statement and Proposed Scheduling Order [Doc. No. 38] was filed on February 24, 2016. Fed. R. Civ. P. 26(d)(1) prohibits any party from seeking discovery before the parties have conferred.

5. In *Heller*, the parties briefed the issues without discovery and Judge Urbina granted summary judgment to the District, finding that the ten specific firearms-registration requirements challenged did not violate the Second Amendment. *Heller v. District of Columbia*, 698 F.Supp.2d 179 (D.D.C. 2010). On appeal, the D.C. Circuit affirmed in part, vacated in part, and remanded. 670 F.3d 1244 (D.C. Cir. 2011) (*Heller II*). The Circuit found that the record was "inadequate" to determine whether the challenged requirements were "narrowly tailored" under intermediate scrutiny, 670 F.3d at 1258, and remanded "for further evidentiary proceedings." *Id.* at 1260.

6. On remand, the parties conferred and agreed on a period of six months of discovery, which included the exchange of written discovery and testimony from expert witnesses. Judge Boasberg entered the proposed schedule and the parties conducted discovery. The District retained three law-enforcement experts (including Cathy Lanier, Chief of the Metropolitan Police Department) and an academic expert. The plaintiffs retained their own academic expert. *See Heller*, 45 F. Supp. 3d at 40–42.

7. The District deposed two individual plaintiffs, and plaintiffs deposed a fact witness from the District (the MPD officer then in charge of the Firearms

2

Registration Section and Gun Control Section). Each side also deposed the other's expert witnesses.

8. The District's experts each reviewed the challenged law, empirical studies, and other materials, and provided extensive written reports, detailing why and how, in their respective opinions, the challenged firearms provisions furthered substantial governmental interests. *Id.* at 49–54.

9. The District's academic expert was Daniel Webster, the Director of the Johns Hopkins University Center for Gun Policy. *See Heller*, 45 F. Supp. 3d at 41–42 (describing Dr. Webster's qualifications).

10. Dr. Webster's opinions were based on his own, extensive research and his review of and familiarity with empirical studies on firearms. *See id.* at 52–53, 56. Dr. Webster opined that the District's registration requirements would have a positive impact on reducing crime and violence. *Id.* at 55–56.

11. After discovery and dispositive briefing, Judge Boasberg granted summary judgment to the District, crediting its experts' testimony and finding that the challenged provisions met "intermediate scrutiny," *i.e.*, they were substantially related to important government interests. *Heller v. District of Columbia*, 45 F. Supp. 3d 35 (D.D.C. 2014). On appeal, the D.C. Circuit affirmed Judge Boasberg's findings on most of the challenged provisions. 801 F.3d 264 (D.C. Cir. 2015).

12. Discovery is needed here for the same reason it was ordered in *Heller II*. If the Court determines that the current record is insufficient to support the

constitutionality of the "good reason" requirement, the District will need to provide testimony from expert witnesses on a variety of topics. Those topics may include:

   a. the hazards and risks of allowing concealed weapons to be carried in cities and urban areas, as compared to more rural areas
   b. the threats to public safety and the burdens faced by the police in enforcing concealed-carry laws in big cities
   c. the unique difficulties in enforcing public-carry and gun laws generally in the District of Columbia as the Nation's capital
   d. the benefits and burdens of imposing a "good reason" or similar requirement on applicants for concealed-carry permits.

13. Opinions on these topics will allow the District to demonstrate that the "good reason" requirement to obtain a concealed-carry permit is substantially related to its public-safety interests.

14. The District anticipates retaining one or more law-enforcement and academic experts, as it did in *Heller II*, to show that the "good reason" requirement will reduce gun crime and violence in the District of Columbia.

15. The District has not yet had an opportunity to take discovery and, in any event, locating and consulting potential expert witnesses will take some time.

16. The information and opinions the District seeks is clearly discoverable, as shown in *Heller II* and its aftermath.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on      March 4, 2016            /s/ Andrew J. Saindon
                                          ANDREW J. SAINDON