UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GRACE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | Civ. Action No. 15-2234 (RJL) |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFFS' MOTION FOR A SCHEDULING ORDER

### INTRODUCTION

On December 9, 2016, more than six months after this Court entered a preliminary injunction in their favor, plaintiffs filed a Motion for Entry of a Scheduling Order [54] (Plaintiffs' Motion), requesting that the Court "now begin the process of fact development and merits briefing." Plaintiffs' Motion rests in substance on the assertion that the Court "has authority" to grant this relief but offers no legitimate justification why the Court should. In fact, plaintiffs supply at least one reason—sounding in judicial economy—why it should not. Additionally, even if the Court were inclined to grant plaintiffs' request, the schedule they propose is flatly unreasonable. For these reasons, explained below, the Court should deny Plaintiffs' Motion.

## PROCEDURAL BACKGROUND

Plaintiffs' account of the procedural history is generally accurate and is discussed only briefly here. *See* Memo. Pls.' Mot. [54-1] at 1-3. Plaintiffs filed this case on December 22, 2015, and soon after moved for a preliminary injunction. Compl. [1]; Mot. Prelim. Inj. [6]. Plaintiffs asserted in their preliminary injunction papers that they did not intend to take discovery, *see* Memo. Pls.' Mot. at 1, and reiterated that claim in the parties' LCvR 16.3 Report, *see* LCvR 16.3 Report [38] at 4. The District, however, maintained that additional fact development may be necessary, *see* Opp. Mot. Prelim. Inj. [20] at 43, and thus proposed a six-month discovery period, LCvR 16.3 Report at 4. The Court eventually granted plaintiffs' motion for a preliminary injunction on May 17, 2016, but did not order further proceedings. Or. Re. Mot. Prelim. Inj. [46]. The District appealed, and the Circuit consolidated this case with *Wrenn v. District of Columbia*, No. 15-0162 (CKK) and stayed the preliminary injunction entered in this case. The appeal is fully briefed, argued, and ripe for decision.

Plaintiffs now request a scheduling order governing discovery and summary judgment proceedings. Pls.' Mot. at 1. According to plaintiffs' proposed schedule, the parties would make expert disclosures today (December 23, 2016), rebuttal reports would be due on Inauguration Day (January 20, 2017), and discovery would close less than 30 days thereafter. Pls.' Mot. at 1; Memo. Pls.' Mot. at 4. Plaintiffs also propose a schedule for summary judgment briefing, which would commence on March 10, 2017, and conclude inside of 60 days, with plaintiffs having the

opportunity to file last. Pls.' Mot. at 1; Memo. Pls.' Mot. at 4. The District opposes this request for the reasons that follow.

## ARGUMENT

I. <u>Plaintiffs Provide No Reason to Start Discovery.</u>

Plaintiffs' Motion rests in substance on the assertion that the Court "has authority" to order the parties into discovery but offers no legitimate justification why the Court should. Rather, plaintiffs argue that the "principle reason" the parties should engage in discovery <u>now</u> and the Court should reach the merits during the pendency of the appeal is because "there is no reason not to." Memo. Pls.' Mot. [54-1] at 2-3. As a practical matter, that rationale inverts plaintiffs' burden to show entitlement to relief: Federal Rule of Civil Procedure (Rule) 7(b) puts the onus on the movant to "state with particularity the grounds for seeking [an] order." Thus, for example, it is not enough to support a Rule 59(e) motion with a general reference to "additional evidence," without identifying what precisely the evidence is. *See Long v. Howard Univ.*, 512 F. Supp. 2d 1, 27 (D.D.C. 2007) (citing *Talano v. Northwestern Med. Faculty Found. Inc.*, 273 F.3d 757, 760-61 (7th Cir. 2001) for the proposition that Rule 7(b) "particularity" means "reasonable specification"); *cf. Benoit v. USDA*, 608 F.3d 17, 21 (D.C. Cir. 2010) (affirming district court's denial of leave to amend where request was "conditional" and did not actually specify grounds). Likewise here: The Court has already declined to order further proceedings in this case, and it is thus plaintiffs' burden to supply <u>particular</u>

3

reasons why the Court should now reverse course. Plaintiffs failed to do so, and their Motion should be denied without more.

But more to the point, plaintiffs offer at least one practical reason not to proceed in the manner they urge. As plaintiffs' Motion concedes, "it is possible that the Court of Appeals may … effectively decide[ ] the merits," which would render any party or judicial resources expended in the meantime a complete waste. Memo. Pls.' Mot. at 3. Rule 1 compels the Court and the parties to work toward the "inexpensive determination of every action," and plaintiffs' proposal, on their own reasoning, would seem to ignore this principle entirely. That is especially true now, after plaintiffs waited more than a year since filing the Complaint, more than six months after the Court's decision on their Motion for Preliminary Injunction, and nearly three months after the appeal became ripe for decision, before urging the Court to commence discovery. Plaintiffs thus have no argument for urgency or expediency. And having failed to provide any other justification, plaintiffs simply offer no sound basis for granting their Motion.

## II.   The Schedule Proposed by Plaintiffs is Unrealistic.

Even if the Court were inclined to grant plaintiffs' request to begin discovery and summary judgment briefing, the schedule they propose is flatly unreasonable. The parties literally cannot comply with a deadline that occurs in the past, such as plaintiffs' proposed date for expert disclosures, and no case of this import should be

required to complete discovery in 32[1] working days, especially when accounting for the added scheduling pressures of the holiday season and counsel's existing professional obligations. *See* Pls.' Mot. at 1; Memo. Pls.' Mot. at 4. So too, there is no reason summary judgment briefing ought to occur in the same or a shorter time than briefing on plaintiffs' request for emergency injunctive relief, which would be the case under plaintiffs' current proposal. *Id.*

And it is no answer that discovery is already taking place in *Wrenn*. *See* Memo. Pls.' Mot. at 3. In its Scheduling and Procedures Order [67], the Court in *Wrenn* directed the parties on May 9, 2016, shortly after decision on the plaintiffs' Motion for Preliminary Injunction, to file a detailed Joint Discovery Plan and set a four-month deadline for the first round of expert witness disclosures. This Court made a (presumably deliberate) decision not to take that route. *See* Or. Re. Mot. Prelim. Inj. [46]. Now, discovery in *Wrenn* is concluding (as of today)—after seven months—and a status conference is set for January 12, 2017, at 10 a.m. It is surely possible that the written discovery served and answered in that case will overlap with written discovery in this one, and it is likewise possible that the District will elect to rely upon the same experts it has identified there. But no rule requires it; these are decisions for the District to make, not plaintiffs.

To be clear, the District does not object to taking discovery if the Court is inclined to proceed to the merits while the appeal is pending. The District's position

---

[1] This is the total number of business days between the date Plaintiffs' Motion becomes ripe for decision and February 17, 2017, the date on which discovery would close under plaintiffs' proposed schedule, excluding government holidays.

in this regard has been consistent from the outset—if the Court believes that sufficient justification for the "good reason" requirement is lacking in the legislative record, additional factual development is necessary to further explain and validate that requirement. *See* Opp'n Mot. Prelim. Inj. at 43. However, the District objects to developing this record on an expedited schedule, especially where plaintiffs' own conduct suggests no cause for expediency. Thus, to the extent the Court contemplates granting Plaintiffs' Motion and entering a scheduling order, which it should not, as explained above, the District respectfully urges the Court to first set a hearing at which time the parties can discuss and agree to appropriate timeframes with the Court's input. At the very least, the Court should allow for a reasonable time for the District (and plaintiffs) to identify experts and prepare disclosures (such as 60 days from the date of entry of any order) and set subsequent deadlines that are similarly realistic.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Entry of a Scheduling Order. Alternatively, the Court should set a scheduling conference so that the parties and the Court can discuss how best to proceed in this case.

DATED: December 23, 2016.   Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Toni Michelle Jackson

TONI MICHELLE JACKSON (#453765)
Chief, Equity Section

/s/ Andrew J. Saindon
ANDREW J. SAINDON (#456987)
Senior Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
Email: andy.saindon@dc.gov

/s/ Matthew R. Blecher
MATTHEW R. BLECHER (#1012957)
Assistant Attorney General
441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
Phone: (202) 442-9774
Fax: (202) 730-0586
Email: matthew.blecher@dc.gov

*Counsel for the Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GRACE, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA*, et al.,*<br><br>Defendants. | Civ. Action No. 15-2234 (RJL) |

## ORDER

Upon consideration of plaintiffs' Motion for Entry of a Scheduling Order, the defendants' Opposition, and the entire record, it is:

**ORDERED** that the Motion is **DENIED**.

**SO ORDERED**.

Dated: _____            _____
                                                                RICHARD J. LEON
                                                                United States District Court Judge