UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW GRACE and PINK PISTOLS,    )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   Civil Case No. 15-2234 (RJL)
                                    )
DISTRICT OF COLUMBIA and CATHY      )
LANIER, in her official capacity as )
Chief of Police for the Metropolitan Police )
Department,                         )
                                    )
        Defendants.                 )

FILED
OCT 17 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION
(October 17, 2017)

The District of Columba has long sought to limit the carrying and possessing of firearms in our City. The most recent restriction sought to confine the issuance of concealed carry licenses to persons with a special need for self-defense—i.e, those individuals who, in the judgment of the District's police force, have a "good reason" for carrying a handgun on his or her person. *See* D.C. Code § 22-4506(a)–(b). On May 17, 2016, I found that the District's "good reason" requirement likely placed an unconstitutional burden on the individual right, enshrined in the Second Amendment, to carry firearms for self-defense both in and outside the home. *See Grace v. District of Columbia*, 187 F. Supp. 3d 124, 152 (D.D.C. 2016). Accordingly, I entered an Order preliminarily enjoining the District from denying concealed carry licenses to applicants who met all eligibility requirements other than the good reason requirement. The

District, not surprisingly, appealed. The case was set for argument together with an appeal from *Wrenn v. District of Columbia*, 167 F. Supp. 3d 86 (D.D.C. 2016), another case in this District involving the constitutionality of the good reason requirement.

On July 25, 2017, a panel of our Circuit Court issued an opinion holding that "[t]he District's good-reason law is necessarily a total ban on exercises of th[e] constitutional right" of law-abiding citizens in the District "to carry firearms for personal self-defense beyond the home, subject to longstanding restrictions." *Wrenn v. District of Columbia*, 864 F.3d 650, 667 (D.C. Cir. 2017). Concluding that further development of the record was unnecessary and that remanding the cases for that purpose "would be wasting judicial resources," *id.*, the panel instead "remand[ed] with instructions to enter permanent injunctions against enforcement of the District's good-reason law." *Id.* at 668; *see also id.* at 655–56 (describing the "ensemble of Code provisions and police regulations" that comprise "the 'good-reason' law"). Two months later, our Circuit Court denied petitions lodged by the District (and supported by its amici) seeking rehearing en banc; indeed, no member of the Court of Appeals requested a vote. *See* Per Curiam Order, Nos. 16-7025 & 16-7067 (D.C. Cir. Sept. 28, 2017) (en banc). Following our Circuit's denial of rehearing en banc, the District, curiously, announced that it would not petition the Supreme Court for a writ of certiorari even though our Circuit's ruling resulted in a circuit split nationwide. On October 6, 2017, our Circuit issued its mandate, returning jurisdiction to this Court.

Accordingly, consistent with our Circuit's instructions, the District of Columbia is hereby permanently enjoined from denying concealed carry licenses to applicants who meet all eligibility requirements other than the good reason requirement established and further defined in D.C. Code §§ 22-4506(a)–(b) and 7-2509.11(1)(A)–(B) and D.C. Mun. Regs. tit. 24, §§ 2332.1(g), 2333.1, 2333.2, 2333.3, 2333.4, and 2334.1. An Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*

RICHARD J. LEON
United States District Judge